DAVID B. GOLUBCHIK (State Bar No. 185520)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.com; JSK@LNBYB.COM

Proposed Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,<br><br>Debtor. | Chapter 11<br><br>Case No. 2:16-bk-13575<br><br>Adv. No. _____ |
| LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LUCY GAO, an individual,<br><br>Defendant. | **COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF; (2) UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST; (3) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 548(A)(1)(A), AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.*; (4) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 548(A)(1)(B), AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.*; AND (5) RECOVERY OF AVOIDED TRANSFER OR VALUE THEREOF PURSUANT TO 11 U.S.C. § 550** |

Plaintiff Liberty Asset Management Corporation ("Plaintiff" or "Liberty") complains as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), in that this is a civil proceeding arising in or related to cases under title 11 of the United States Code (the "Bankruptcy Code").  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.      This adversary proceeding is brought pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises in and relates to a case under the Bankruptcy Code that is pending in this District.

<u>**THE PARTIES**</u>

4.      Liberty is, and at all times relevant to the allegations in this Complaint was, a corporation organized and existing under the laws of the State of California, qualified and authorized to do business under the laws of the State of California, with its principal place of business in the City of West Covina, California.

5.      Sunshine Los Altos Hills, LLC ("Sunshine Los Altos"), who is not a party to this adversary proceeding, was a limited liability company organized under the laws of the State of California with its principal place of business in the City of Mountain View, California.

6.      Washe, LLC ("Washe"), who is not a party to this adversary proceeding, was and at all times relevant to the allegations in this Complaint, a corporation organized under the laws of the State of California with its principal place of business in the City of Redwood City, California.

7.      Benjamin Kirk ("Kirk"), who is not a party to this adversary proceeding, is the Managing Member of Liberty, Sunshine Los Altos, and Washe.

8.      Liberty is informed and believes, and on that basis alleges, that Sonia Chiou ("Chiou"), who is not a party to this adversary proceeding, is, and at all times relevant to the

allegations in this Complaint was, an individual residing in the State of California, who previously held title to the Property.

9.     Liberty is informed and believes, and on that basis alleges, that Lucy Gao ("Gao" or the "Defendant") is, and at all times relevant to the allegations in this Complaint was, an individual residing in the city of Claremont, California.

## GENERAL ALLEGATIONS

10.     Prior to the filing of the Petition, Gao and Kirk were former business partners that formed Liberty to pursue various business ventures and acquire certain properties for the benefit of Liberty.  Gao and Kirk would: (1) use funds from Liberty to acquire investment properties; and (2) create special purpose entities to purchase, manage, and/or hold such investment properties for the benefit of Liberty.

11.     Although membership in these special purpose entities would be held by Gao and/or Kirk at various times, these entities were created solely to benefit Liberty, the central funding vehicle and, therefore, Liberty was the beneficial owner of such equity interests.

12.     Gao holds title to certain real property located at 26390 Anacapa Drive, Los Altos, CA 94022 (the "Property") that was initially purchased by Sunshine Los Altos, a special purchase entity formed to purchase, hold, and manage the Property for the benefit of Liberty.

13.     At all times relevant to this Complaint, Kirk was the managing member and chief executive officer of Sunshine Los Altos.  A true and correct copy of the operating agreement for Sunshine Los Altos (the "Operating Agreement") is attached hereto as **Exhibit "1"** and incorporated herein by reference.

14.     Upon purchase of the Property, Sunshine Los Altos and Washe were entities that were created to purchase, hold, and/or manage the Property for the benefit of Liberty.  On March 17, 2016, Kirk executed, on behalf of Sunshine Los Altos and Washe, an "Assignment Agreement" (the "Assignment Agreement") unconditionally transferring all of Sunshine Los Altos' and Washe's rights and interests related to the Property to Liberty.  A true and correct copy of the Assignment Agreement is attached hereto as **Exhibit "2"** and incorporated herein by reference.

15.     On or around February 3, 2011, Sunshine Los Altos purchased the Property from the Bernard P. Marcus Survivor's Trust (the "Seller"), in-part, using funds that either originated from or were provided to it from Liberty.  A true and correct copy of the grant deed transferring the Property from the Seller to Sunshine Los Altos recorded on March 2, 2011 (the "March 2, 2011 Grant Deed") is attached hereto as **Exhibit "3"** and incorporated herein by reference.

16.     As part of the sales transaction for the Property, Liberty contributed the total sum of not less than $1,997,416.79 – either directly or indirectly from its other special purpose entities – so that Sunshine Los Altos could acquire the Property for the benefit of Liberty.  *See* (Mot. Ex. 1) (such Liberty contributions included payments to escrow from: "Benny Kirk" in the amount of $60,000; "Sunshine Los Altos Hills LLC" in the amount of $437,416.79; and "Benny Kirk fbo Sunshine Los Altos Hills LLC" in the amount of $1,500,000).  A true and correct copy of the "*Buyer's Closing Statement*" for Sunshine Los Altos' purchase of the Property (the "Closing Statement") is attached hereto as **Exhibit "4"** and incorporated herein by reference.

17.     On or around June 23, 2014, the Property was transferred from Sunshine Los Altos to Chiou via a grant deed recorded that same day.

18.     On or around September 23, 2014, Chiou transferred the Property to Washe, a special purpose entity created for the benefit of Liberty, via a grant deed recorded on September 24, 2014.

19.     Liberty is informed and believes and thereon alleges that on or around June 8 2016, Gao fraudulently forged Kirk's signature, and executed and recorded a grant deed in the name of Washe – without prior authorization from Kirk, Washe, or Liberty – transferring the Property to herself for no consideration (the "Transfer").  A true and correct copy of the "Transaction History" for the Property, dated February 11, 2016, from First American Financial Corporation is attached hereto as **Exhibit "5"** and incorporated herein by reference.

20.     At all times relevant to the allegations in this Complaint, the Property was acquired for the benefit of Liberty, such that the Property and any proceeds obtained therefrom were intended to be used to benefit Liberty.

21. Aside from the Property, Liberty is informed and believes and thereon alleges that Gao has already liquidated several other properties held by certain other special purpose entities created for the benefit of Liberty, without paying any distributions to Liberty.

22. Accordingly, this Complaint was brought to protect Liberty, its creditors, and its equity interests. Through this Complaint, Liberty seeks a judicial determination that Gao does not have any interest in the Property, and that Liberty is the true and sole owner of the Property. Liberty also seeks a judicial determination that the Property and any proceeds obtained from the Property, net of payment of debts, are and were held by Gao in a constructive trust for the benefit of Liberty. Further, Liberty seeks a judicial determination that the Transfer of the Property to Gao constituted a fraudulent transfer that is avoidable and recoverable by Liberty for the benefit of its bankruptcy estate.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

23. Liberty incorporates the allegations in paragraphs 1 through 22 above as if fully set forth herein.

24. A present and actual controversy exists between and among Liberty, on the one hand, and Gao, on the other hand, as to the ownership of the Property. Both Liberty and Gao assert full ownership of the Property.

25. Specifically, Liberty seeks a declaration that Gao does not have any interest in the Property, and that Liberty is the sole owner of the Property.

26. Accordingly, an actual, justiciable controversy exists between Liberty, on the one hand, and the Defendants, on the other, relating to the ownership of the Property. This Court has the power to adjudicate the rights of the parties with respect to this controversy and should grant the declaratory relief requested in this Complaint.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment and Imposition of Constructive Trust)

27. Liberty incorporates the allegations in paragraphs 1 through 26 above as if fully set forth herein.

28. An actual controversy has arisen between Liberty, on the one hand, and Gao, on the other hand, as to whether Gao has now become the constructive trustee of the Property for Liberty.

29. The Property was acquired by Sunshine Los Altos: (1) using Liberty funds; and (2) solely for the benefit of Liberty. Accordingly, the Property equitably belongs to Liberty; and it is currently being held and managed by Gao for the benefit of Liberty.

30. Gao improperly, mistakenly, and/or fraudulently appears to deny that Liberty has an interest in the Property. Further, Liberty is informed and believes and thereon alleges that on or around June 8 2016, Gao fraudulently forged Kirk's signature, and executed and recorded a grant deed in the name of Washe – without prior authorization from Kirk, Washe, or Liberty – transferring the Property to herself.

31. For the reasons alleged herein, allowing Gao to keep the Property and/or to receive proceeds related to the Property would unjustly enrich her.

32. Accordingly, Gao should be deemed to hold the Property in constructive trust for the benefit of Liberty.

### THIRD CLAIM FOR RELIEF

**(Avoidance Of Fraudulent Transfer Pursuant To 11 U.S.C. §§ 544 and 548(a)(1)(A), and California Civil Code §§ 3439, *et seq.*)**

33. Liberty incorporates the allegations in paragraphs 1 through 32 above as if fully set forth herein.

34. Liberty is the rightful and beneficial owner of the Property, such that the Property and any proceeds obtained therefrom were intended by the parties of this Complaint to benefit Liberty.

35. On or around June 8, 2016, Gao fraudulently forged Kirk's signature, and executed and recorded a grant deed in the name of Washe – without prior authorization from Kirk, Washe, or Liberty – transferring the Property to herself. The Property transferred was property to which Liberty is legally entitled, and the Property has not been transferred back to Liberty.

1    36.    The Transfer was made during the course of and in furtherance of a fraudulent

2    scheme by Gao to deprive Liberty of its beneficial interest in the Property, with the intent to

3    hinder, delay, and/or defraud Liberty's creditors.

4    37.    The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 544 and

5    548(a)(1)(A), and California Civil Code §§ 3439 *et seq.*, and therefore is avoidable by Liberty.

6    38.    At the time the Transfer was made, a creditor existed who held an unsecured claim

7    allowable under 11 U.S.C. § 502.

8    **FOURTH CLAIM FOR RELIEF**

9    **(Avoidance Of Fraudulent Transfer Pursuant To 11 U.S.C. §§ 544 and 548(a)(1)(B), and**

10    **California Civil Code §§ 3439, *et seq.*)**

11    39.    Liberty incorporates the allegations in paragraphs 1 through 38 above as if fully set

12    forth herein.

13    40.    Liberty is the rightful and beneficial owner of the Property, such that the Property

14    and any proceeds obtained therefrom were intended by the parties of this Complaint to benefit

15    Liberty.

16    41.    On or around June 8 2016, Gao fraudulently forged Kirk's signature, and executed

17    and recorded a grant deed in the name of Washe – without prior authorization from Kirk, Washe,

18    or Liberty – transferring the Property to herself.  The Property transferred was property to which

19    Liberty is legally entitled, and the Property has not been transferred back to Liberty.

20    42.    Gao transferred the Property from Washe to herself without giving Liberty

21    anything in exchange for the Transfer.   Accordingly, Liberty did not receive reasonably

22    equivalent value in exchange for the Property.

23    43.     The Transfer was made when Liberty was engaged or about to engage in a

24    business or a transaction or which Liberty's remaining assets were unreasonably small in relation

25    to such business or transaction.

26    44.    The Transfer was made at a time when Liberty was insolvent or became insolvent

27    as a result of the Transfer.

28

7

45. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 544 and 548(a)(1)(B), and California Civil Code §§ 3439 *et seq.*, and therefore is avoidable by Liberty.

46. At the time the Transfer was made, a creditor existed who held an unsecured claim allowable under 11 U.S.C. § 502.

## FIFTH CLAIM FOR RELIEF

### (Recovery Of Avoided Transfer Or Value Thereof Pursuant to 11 U.S.C. § 550)

47. Liberty incorporates the allegations in paragraphs 1 through 46 above as if fully set forth herein.

48. Upon avoidance of the Transfer as a fraudulent transfer under the Third and Fourth Claims For Relief alleged herein, Liberty is entitled to recover the Property transferred or the value thereof from Gao as an initial, immediate or mediate transferee, or an entity or person for whose benefit the Transfer was made pursuant to 11 U.S.C. § 550.

## PRAYER FOR RELIEF

**WHEREFORE**, Liberty respectfully prays for judgment as follows:

A. **ON THE FIRST CLAIM FOR RELIEF**: for a judicial determination that Liberty is the sole and beneficial owner of the Property.

B. **ON THE SECOND CLAIM FOR RELIEF**: for a judgment in favor of Liberty and against Gao for unjust enrichment, including a judicial declaration that Gao is holding the Property and its proceeds, net of payment of debts, in constructive trust for the benefit of Liberty.

C. **ON THE THIRD CLAIM FOR RELIEF**: for a determination that the Transfer was a fraudulent transfer within the meaning of 11 U.S.C. § 544 and 548(a)(1)(A), and/or California Civil Code §§ 3439, *et seq.*, and for a judgment avoiding the Transfer.

D. **ON THE FOURTH CLAIM FOR RELIEF**: for a determination that the Transfer was a fraudulent transfer within the meaning of 11 U.S.C. § 544 and 548(a)(1)(B), and/or California Civil Code §§ 3439, *et seq.*, and for a judgment avoiding the Transfer.

E. **ON THE FIFTH CLAIM FOR RELIEF**: for a judgment granting Liberty the right to recover from Gao, as an initial, immediate or mediate transferee, or an entity or person for whose benefit the Transfer was made, the Transfer avoided or the value of the Transfer avoided

8

1     under the Third and/or Fourth Claims For Relief.

2         F.       **ON ALL CLAIMS FOR RELIEF**: for such other and further relief as the Court

3 deems just and proper.

Dated: March 22, 2016           LEVENE, NEALE, BENDER,
                             YOO & BRILL L.L.P.

By:    */s/ Jeffrey S. Kwong*
           DAVID B. GOLUBCHIK
           JEFFREY S. KWONG
           Proposed Attorneys for Debtor and Debtor in
           Possession

**Exhibit 1**

# LIMITED LIABILITY COMPANY OPERATING AGREEMENT
## FOR
## SUNSHINE LOS ALOTS HILLS, LLC

*Multiple-Managed Limited Liability Company*

## ARTICLE I
## Company Formation

1.1  **FORMATION**. The Members hereby form a Limited Liability Company ("Company") subject to the provisions of the Limited Liability Company Act as currently in effect as of this date. Articles of Organization shall be filed with the Secretary of State.

1.2  **NAME**. The name of the Company shall be: SUNSHINE LOS ALTOS HILLS, LLC.

1.3  **REGISTERED AGENT**. The name and location of the registered agent of the Company shall be:

Jessica Chen

554 San Antonio Road
Mountain View, CA 94040

1.4  **TERM**. The Company shall continue for a perpetual period.
(a) Members whose capital interest as defined in Article 2.2 exceeds 50 percent vote for dissolution; or

(b) Any event which makes it unlawful for the business of the Company to be carried on by the Members; or

(c) The death, resignation, expulsion, bankruptcy, retirement of a Member or the occurrence of any other event that terminates the continued membership of a Member of the Company; or

(d) Any other event causing dissolution of this Limited Liability Company under the laws of the State of  California  .

1.5  **CONTINUANCE OF COMPANY**. Notwithstanding the provisions of ARTICLE 1.4, in

the event of an occurrence described in ARTICLE 1.4(c), if there are at least two remaining Members, said remaining Members shall have the right to continue the business of the  Company. Such right can be exercised only by

the unanimous vote of the remaining Members within ninety (90) days after
the occurrence of an event described in ARTICLE 1.4(c).
If not so exercised,
the right of the Members to continue the business of the Company shall expire.

1.6    **BUSINESS PURPOSE.** The purpose of the Company is to  Real Estate Investment

1.7    **PRINCIPAL PLACE OF BUSINESS.** The location of the principal place of business of
the Company shall be:

554 San Antonio Road
Mountain View, CA 94040

Principal place of business may be changed at a location the Managers from
time to time select.

1.8    **THE MEMBERS.** The name and place of residence of each member are
contained in Exhibit 2 attached to this Agreement.

1.9    **ADMISSION OF ADDITIONAL MEMBERS.** Except as otherwise expressly provided
in the Agreement, no additional members may be admitted to the Company
through issuance by the company of a new interest in the Company, without
the prior unanimous written consent of the Members.

**ARTICLE II**
**Capital Contributions**

2.1    **INITIAL CONTRIBUTIONS.** The Members initially shall contribute to the Company
capital as described in Exhibit 3 attached to this Agreement. The agreed total
value of such property and cash is  $3,000,000.00    .

2.2    **ADDITIONAL CONTRIBUTIONS.** Except as provided in ARTICLE 6.2, no Member
shall be obligated to make any additional contribution to the Company's
capital.

**ARTICLE III**
**Profits, Losses and Distributions**

3.1    **PROFITS/LOSSES.** For financial accounting and tax purposes the Company's net
profits or net losses shall be determined on an annual basis and shall be
allocated to the Members in proportion to each Member's relative capital
interest in the Company as set forth in Exhibit 2 as amended from time to time
in accordance with Treasury Regulation 1.704-1.

3.2 **DISTRIBUTIONS**. The Members shall determine and distribute available funds annually or at more frequent intervals as they see fit. Available funds, as referred to herein, shall mean the net cash of the Company available after appropriate provision for expenses and liabilities, as determined by the Managers. Distributions in liquidation of the Company or in liquidation of a Member's interest shall be made in accordance with the positive capital account balances pursuant to Treasury Regulation 1.704-l(b)(2)(ii)(b)(2). To the extent a Member shall have a negative capital account balance, there shall be a qualified income offset, as set forth in Treasury Regulation 1.704-l(b)(2)(ii)(d).

## ARTICLE IV
### Management

4.1 **MANAGEMENT OF THE BUSINESS**. The name and place of residence of each Manager is attached as Exhibit 1 of this Agreement. By a vote of the Members holding a majority of the capital interests in the Company, as set forth in Exhibit 2 as amended from time to time, shall elect so many Managers as the Members determine, but no less than one, with one Manager elected by the Members as Chief Executive Manager. The elected Manager(s) may either be a Member or Non-Member.

4.2 **MEMBERS**. The liability of the Members shall be limited as provided pursuant to applicable law. Members that are not Managers shall take no part whatever in the control, management, direction, or operation of the Company's affairs and shall have no power to bind the Company. The Managers may from time to time seek advice from the Members, but they need not accept such advice, and at all times the Managers shall have the exclusive right to control and manage the Company. No Member shall be an agent of any other Member of the Company solely by reason of being a Member.

4.3 **POWERS OF MANAGERS**. The Managers are authorized on the Company's behalf to make all decisions as to (a) the sale, development lease or other disposition of the Company's assets; (b) the purchase or other acquisition of other assets of all kinds; (c) the management of all or any part of the Company's assets; (d) the borrowing of money and the granting of security interests in the Company's assets; (e) the pre-payment, refinancing or extension of any loan affecting the Company's assets; (f) the compromise or release of any of the Company's claims or debts; and, (g) the employment of persons, firms or corporations for the operation and management of the company's business. In the exercise of their management powers, the Managers are authorized to execute and deliver (a) all contracts, conveyances, assignments leases, sub-leases, franchise agreements, licensing agreements, management contracts and maintenance contracts covering or affecting the Company's assets; (b) all checks, drafts and other orders for the payment of the Company's funds; (c) all promissory notes, loans, security agreements and other similar documents; and, (d) all other instruments of any other kind relating to the Company's affairs, whether like or unlike the foregoing.

4.4 **CHIEF EXECUTIVE MANAGER**. The Chief Executive Manager shall have primary responsibility for managing the operations of the Company and for effectuating the decisions of the Managers.

4.5 **NOMINEE**. Title to the Company's assets shall be held in the Company's name or in the name of any nominee that the Managers may designate. The Managers shall have power to enter into a nominee agreement with any such person, and such agreement may contain provisions indemnifying the nominee, except for his willful misconduct.

4.6 **COMPANY INFORMATION**. Upon request, the Managers shall supply to any member information regarding the Company or its activities. Each Member or his authorized representative shall have access to and may inspect and copy all books, records and materials in the Manager's possession regarding the Company or its activities. The exercise of the rights contained in this ARTICLE 4.6 shall be at the requesting Member's expense.

4.7 **EXCULPATION**. Any act or omission of the Managers, the effect of which may cause or result in loss or damage to the Company or the Members if done in good faith to promote the best interests of the Company, shall not subject the Managers to any liability to the Members.

4.8 **INDEMNIFICATION**. The Company shall indemnify any person who was or is a party defendant or is threatened to be made a party defendant, pending or completed action, suit or proceeding, whether civil, criminal, administrative, or investigative (other than an action by or in the right of the Company) by reason of the fact that he is or was a Member of the Company, Manager, employee or agent of the Company, or is or was serving at the request of the Company, for instant expenses (including attorney's fees), judgments, fines, and amounts paid in settlement actually and reasonably incurred in connection with such action, suit or proceeding if the Members determine that he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interest of the Company, and with respect to any criminal action proceeding, has no reasonable cause to believe his/her conduct was unlawful. The termination of any action, suit, or proceeding by judgment, order, settlement, conviction, or upon a plea of "no lo Contendere" or its equivalent, shall not in itself create a presumption that the person did or did not act in good faith and in a manner which he reasonably believed to be in the best interest of the Company, and, with respect to any criminal action or proceeding, had reasonable cause to believe that his/her conduct was lawful.

4.9 **RECORDS**. The Managers shall cause the Company to keep at its principal place of business the following:

(a) a current list in alphabetical order of the full name and the last known street address of each Member;

(b) a copy of the Certificate of Formation and the Company Operating Agreement and all amendments;

(c) copies of the Company's federal, state and local income tax returns and reports, if any, for the three most recent years;

(d) copies of any financial statements of the limited liability company for the three most recent years.

## ARTICLE V
### Compensation

5.1  **MANAGEMENT FEE**. Any Manager rendering services to the Company shall be entitled to compensation commensurate with the value of such services.

5.2  **REIMBURSEMENT**. The Company shall reimburse the Managers or Members for all direct out-of-pocket expenses incurred by them in managing the Company.

## ARTICLE VI
### Bookkeeping

6.1  **BOOKS**. The Managers shall maintain complete and accurate books of account of the Company's affairs at the Company's principal place of business. Such books shall be kept on such method of accounting as the Managers shall select. The company's accounting period shall be the calendar year.

6.2  **MEMBER'S ACCOUNTS**. The Managers shall maintain separate capital and distribution accounts for each member. Each member's capital account shall be determined and maintained in the manner set forth in Treasury Regulation 1.704-l(b)(2)(iv) and shall consist of his initial capital contribution increased by:

(a) any additional capital contribution made by him/her;

(b) credit balances transferred from his distribution account to his capital account; and decreased by:

(a) distributions to him/her in reduction of Company capital;

(b) the Member's share of Company losses if charged to his/her capital account.

6.3  **REPORTS**. The Managers shall close the books of account after the close of each calendar year, and shall prepare and send to each member a statement of such Member's distributive share of income and expense for income tax reporting purposes.

## ARTICLE VII
### Transfers

7.1 **ASSIGNMENT.** If at any time a Member proposes to sell, assign or otherwise dispose of all or any part of his interest in the Company, such Member shall first make a written offer to sell such interest to the other Members at a price determined by mutual agreement. If such other Members decline or fail to elect such interest within thirty (30) days, and if the sale or assignment is made and the Members fail to approve this sale or assignment unanimously then, pursuant to the applicable law, the purchaser or assignee shall have no right to participate in the management of the business and affairs of the Company. The purchaser or assignee shall only be entitled to receive the share of the profits or other compensation by way of income and the return of contributions to which that Member would otherwise be entitled.

## CERTIFICATE OF FORMATION

This Company Operating Agreement is entered into and shall become effective as of the Effective Date by and among the Company and the persons executing this Agreement as Members. It is the Members express intention to create a limited liability company in accordance with applicable law, as currently written or subsequently amended or redrafted.

The undersigned hereby agree, acknowledge, and certify that the foregoing operating agreement is adopted and approved by each member, the agreement consisting of **10** pages, constitutes, together with Exhibit 1, Exhibit 2 and Exhibit 3 (if any), the Operating Agreement of ___SUNSHINE LOS ALTOS HILLS, LLC____, adopted by the members as of ___February 04, 2011___.

**Members:**

_____ **Printed Name** _Benny Kirk_____
Signature

Percent: _100_ %


_____ **Printed Name** _____
Signature

Percent: _____%


_____ **Printed Name** _____
Signature
Percent: _____%


_____ **Printed Name** _____
Signature

Percent: _____%

## EXHIBIT 1

### LIMITED LIABILITY COMPANY OPERATING AGREEMENT
### FOR
### SUNSHINE LOS ALTOS HILLS, LLC

### LISTING OF MANAGERS

By a majority vote of the Members the following Managers were elected to operate the Company pursuant to ARTICLE 4 of the Agreement:

Benny Kirk_____
Printed Name
Chief Executive Manager

_554 San Antonio Road_____ Address
_Mountain View, CA 94040_____
_____

_____
Printed Name _____
Title _____

_____ Address
_____
_____

The above listed Manager(s) will serve in their capacities until they are removed for any reason by a majority vote of the Members as defined by ARTICLE 4 or upon their voluntary resignation.
Signed and Agreed this 4th day of February___, 2011___.

_____ Printed Name _Benny Kirk_____
Signature of Member

_____ Printed Name _____
Signature of Member

**EXHIBIT 2**

## LIMITED LIABILITY COMPANY OPERATING AGREEMENT
## FOR
## SUNSHINE LOS ALTOS HILLS, LLC

### LISTING OF MEMBERS

As of the __4^{TH}__ day of __February__ , 20_11_ the following is a list of Members of the Company:

**Name** _Benny Kirk_____   **Percent** _100_ %

Address _____

**Name**_____   **Percent** _____%

Address _____

**Name**_____   **Percent** _____%

Address _____

**Name**_____   **Percent** _____%

Address _____

Authorized by Member(s) to provide Member Listing as of this _4^{th}_ day of _February, 20_11_ .

_____
Signature of Member

_____
Signature of Member

## EXHIBIT 3

## LIMITED LIABILITY COMPANY OPERATING AGREEMENT
## FOR
## SUNSHINE LOS ALTOS HILLS, LLC


## CAPITAL CONTRIBUTIONS

Pursuant to ARTICLE 2, the Members' initial contribution to the Company capital is stated to be $3,000,000.00. The description and each individual portion of this initial contribution is as follows:

Benny Kirk _____    $ 3,000,000.00

_____    $_____

_____    $_____

_____    $_____

_____    $_____

_____    $_____

_____    $_____

_____    $_____

_____    $_____


SIGNED AND AGREED this 4TH day of February , 2011 .

_____
Member


_____
Member



## State of California
### Secretary of State

LLC-1

File # ___ 2 0 1 1 0 3 5 1 0 4 5 8 ___

### Limited Liability Company
### Articles of Organization

FILED
In the Office of the Secretary of State
of the State of California

FEB 04 2011

A $70.00 filing fee must accompany this form.

Important – Read instructions before completing this form.

This Space For Filing Use Only

---

**Entity Name** (End the name with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1. NAME OF LIMITED LIABILITY COMPANY

SUNSHINE LOS ALTOS HILLS, LLC.

---

**Purpose** (The following statement is required by statute and should not be altered.)

2. THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

---

**Initial Agent for Service of Process** (If the agent is an individual, the agent must reside in California and both items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).)

3. NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

JESSICA CHEN

4. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA    CITY    STATE    ZIP CODE

554 SAN ANTONIO ROAD     MOUNTAIN VIEW   **CA**   94040

---

**Management** (Check only one)

5. THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:

[ ] ONE MANAGER

[✓] MORE THAN ONE MANAGER

[ ] ALL LIMITED LIABILITY COMPANY MEMBER(S)

---

**Additional Information**

6. ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

---

**Execution**

7. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

JAN 5, 2011
_____
DATE

_____
SIGNATURE OF ORGANIZER

JESSICA CHEN
_____
TYPE OR PRINT NAME OF ORGANIZER

---

LLC-1 (REV 04/2010)        APPROVED BY SECRETARY OF STATE

I hereby certify that the foregoing
transcript of _____ page(s)
is a full, true and correct copy of the
original record in the custody of the
California Secretary of State's office.

FEB 0 4 2011 

Date:_____

*Debra Bowen*
DEBRA BOWEN, Secretary of State

**Exhibit 2**

# ASSIGNMENT AGREEMENT

Sunshine Los Altos, LLC, Washe, LLC and Benjamin Kirk (collectively, the "Assignors"), hereby absolutely and unconditionally transfer and assign to Liberty Asset Management Corporation ("Liberty") all rights, title and interest in and to the claim(s) and interests of the Assignors, or any of them, with respect to the real property located at 26390 Anacapa Dr, Los Altos, CA 94022 (Tract 2062 Fremont Hills Book 108 Page 27 Page 29 Block J Lot 16) (the "Property") including, without limitation, all of Assignors, or any of their, right to receive equity, principal, interest, fees, expenses, damages, penalties and other amounts in respect to the Property and any party or entity that has wrongfully asserted an interest in such Property (the "Claims").

Assignors, individually and collectively, hereby irrevocably appoint Liberty as their true and lawful attorney-in-fact and authorize Liberty to act in Assignors', either individually or collectively, names, place and stead, to demand, sue for, compromise and recover all such Claims. Assignors grant unto Liberty full authority to do all things necessary to enforce and prosecute the Claims and Assignors' rights thereunder or related thereto pursuant to this Agreement. Assignors agree to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be necessary or appropriate to effect assignment of the Claims and all interests therein to Liberty, to cooperate with and assist Liberty in enforcing the Claims and to otherwise effectuate the intent of this Agreement. Assignors agree that Liberty may sell, transfer or assign the Claims together with all right, title and interest of Liberty in and to this Agreement.

IN WITNESS WHEREOF, the undersigned has duly executed this Sale of Claim by its duly authorized representative dated the 17th day of March, 2016.

**SUNSHINE LOS ALTOS, LLC**, Assignor

By: _____

Its: _____

**WASHE, LLC**, Assignor

By: _____

Its: _____

**BENJAMIN KIRK**, Assignor

By: _____
Benjamin Kirk

**Exhibit 3**

RECORDING REQUESTED BY:

Old Republic Title Company

Order No.: 0623008051-
APN: 175-44-038

When Recorded Mail Document and Tax Statements to:

Sunshine Los Altos Hills LLC
26390 Anacapa Drive
Los ALtos Hills, CA 94022

| DOCUMENT: 21098433 | Pages: 3 |
| --- | --- |

| Fees. | 21 00 |
| Taxes | 2194 50 |
| Copies | |
| AMT PAID | 2215 50 |

REGINA ALCOMENDRAS     RDE # 012
SANTA CLARA COUNTY RECORDER    3/02/2011
Recorded at the request of     8:00 AM
Old Republic Title Company

*SPACE ABOVE THIS LINE IS FOR RECORDER'S USE*

# Grant Deed

The undersigned grantor(s) declare(s):
Documentary Transfer Tax is $2,194.50 X
(X) computed on full value of property conveyed, or
( ) computed on full value less of liens and encumbrances remaining at time of sale.
( ) Unincorporated area:       (X) City of Los Altos Hills

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Bernard P. Marcus, Trustee of The Bernard P. Marcus and Molly Marcus Residual Trust and Bernard P. Marcus, Trustee of The
Bernard P. Marcus Survivor's Trust dated January 26, 1992, as amended and restated June 30, 2004
hereby GRANT(S) to
Sunshine Los Altos Hills LLC, a California limited liability company

that property in City of Los Altos Hills, Santa Clara County, State of California, described as:
See "Exhibit A" attached hereto and made a part hereof.

Date:      February 03, 2011

The Bernard P. Marcus and Molly Marcus Residual Trust dated
October 13, 1982

By: /s/ Bernard P. Marcus Trustee
    Bernard P. Marcus, Trustee

The Bernard P. Marcus Survivor's Trust dated January 26, 1992,
as amended and restated June 30, 2004

By: /s/ Bernard P. Marcus Trustee
    Bernard P. Marcus, Trustee

State of __California__

County of __Santa Clara__

On __February 9, 2011__ before me, __J. Cuneo-Daw__, a
Notary Public, personally appeared __Bernard P. Marcus__
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are/ subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

Name    J. Cuneo-Daw
    (typed or printed)    (Area reserved for official notarial seal)



J. CUNEO-DAW
COMM. NO 1728395
NOTARY PUBLIC - CALIFORNIA
COUNTY OF SANTA CLARA
COMM. EXPIRES MARCH 28, 2011

# EXHIBIT A

The land referred to is situated in the County of Santa Clara, City of Los Altos Hills, State of California, and is described as follows:

All of Lot 16, in Block J, as shown upon that certain Map entitled "Tract No. 2062 Fremont Hills Unit No. 5", which Map was filed for record in the Office of the Recorder of the County of Santa Clara, State of California, on July 8, 1959 in Book 108 of Maps, at Pages 27, 28 and 29.

APN: 175-44-038
ARB: 175-44-038

**Exhibit 4**



# OLD REPUBLIC TITLE COMPANY

167 S. San Antonio Road, Suite 5 • Los Altos CA • 94022 • (650) 941-5700 • FAX (650) 403-4009

554 San Antonio Road, Suite 200.
Mountain View, CA 94040

Property: 26390 Anacapa Drive, Los Altos Hills, CA 94022

Date: March 2, 2011
Escrow No.: 0623008051-JEC
Escrow Officer: Joann Cuneo-Daw
Closing Date: 3/2/2011

## Buyer's Closing Statement

| Item | | Debits | Credits |
|---|---|---|---|
| Sales Price | | 1,995,000.00 | |
| Deposit to Escrow | | | 1,997,416.79 |
| Deposit by Benny Kirk | 60,000.00 | | |
| Deposit by Sunshine Los Altos Hills LLC | 437,416.79 | | |
| Deposit by Benny Kirk fbo Sunshine Los Altos Hills LLC | 1,500,000.00 | | |
| Hazard Insurance to Steven Lee Insurance Services, Inc. | | 1,195.07 | |
| Real Estate Taxes (175-44-038) | | 1,660.38 | |
| 2nd Half 2010-2011 | 1,660.38 | | |
| Prorata R.E. Taxes, 01/01/11 to 03/02/11, 61 days @ $9.2243 | | | 562.68 |
| Title Charges | | | |
| Recording Fees | | 21.00 | |
| Deed | 21.00 | | |
| Due To Buyer | | 103.02 | |
| | | | |
| Total | | 1,997,979.47 | 1,997,979.47 |

JEC/jec

**Exhibit 5**



26390 Anacapa Dr, Los Altos, CA  94022

Transaction History provides records for the past ten years. To request additional information, please contact your local Sales Representative, Customer Service Department, or for an additional fee you may [click here](#) .

---

### History Record # 1 :   FORECLOSURE

| | | | |
|---|---|---|---|
| Recording Date: | 01/15/2016 | | |
| Recorded Doc #: | 000023198770 | | |
| Document Type: | Notice of Default | Vesting Type: | |

---

### History Record # 2 :   SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Gao Lucy | Seller: | Washe Llc |
| Transaction Date: | 06/08/2015 | Sale Price: | |
| Recording Date: | 06/08/2015 | Sale Price Type: | |
| Recorded Doc #: | 000022979201 | Title Company: | |
| Document Type: | Deed Transfer | Vesting Type: | |

---

### History Record # 3 :   FINANCE

| | | | |
|---|---|---|---|
| Mortgage Recording Date: | 02/12/2015 | Mortgage Transfer Type: | Construction Loan/Financing |
| Mortgage Document #: | 000022853598 | Mortgage Rate Type: | |
| Lender: | Hcl 2011 Llc | Mortgage Term: | 1 |
| Document Type | Trust Deed/Mortgage | Vesting Type: | Company |
| Loan Amount: | $2,000,000 | Mortgage Rate: | 10.0000 |
| Borrower 1: | Washe Llc | Borrower 2: | |
| Borrower 3: | | Borrower 4: | |

Continued on next page...

All information contained herein is subject to the Limitation of Liability for Informational Report set forth on the last page hereof. ©2005-2016 First American Financial Corporation and/or its affiliates. All rights reserved.

## History Record # 4 :  FINANCE

| | | | |
|---|---|---|---|
| Mortgage Recording Date: | 01/15/2015 | Mortgage Transfer Type: | Stand Alone Finance |
| Mortgage Document #: | 000022828191 | Mortgage Rate Type: | |
| Lender: | Northern Ca Mtg Fund Vii Llc | Mortgage Term: | |
| Document Type | Trust Deed/Mortgage | Vesting Type: | Company |
| Loan Amount: | $2,099,900 | Mortgage Rate: | |
| Borrower 1: | Washe Llc | Borrower 2: | |
| Borrower 3: | | Borrower 4: | |

## History Record # 5 :  SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Washe Llc | Seller: | Chiou Sonia |
| Transaction Date: | 09/23/2014 | Sale Price: | $3,200,000 |
| Recording Date: | 09/24/2014 | Sale Price Type: | Unknown |
| Recorded Doc #: | 000022715197 | Title Company: | First American Title |
| Document Type: | Deed Transfer | Vesting Type: | Company |

## History Record # 6 :  SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Chiou Sonia | Seller: | Sunshine Los Altos Hills Llc |
| Transaction Date: | 06/23/2014 | Sale Price: | $2,500,000 |
| Recording Date: | 06/23/2014 | Sale Price Type: | |
| Recorded Doc #: | 000022628326 | Title Company: | |
| Document Type: | Deed Transfer | Vesting Type: | Single Woman |

## History Record # 7 :  FINANCE

| | | | |
|---|---|---|---|
| Mortgage Recording Date: | 01/06/2014 | Mortgage Transfer Type: | Stand Alone Finance |
| Mortgage Document #: | 000022488564 | Mortgage Rate Type: | |
| Lender: | Huang Wei | Mortgage Term: | |
| Document Type | Trust Deed/Mortgage | Vesting Type: | Company |
| Loan Amount: | $4,000,000 | Mortgage Rate: | |
| Borrower 1: | Sunshine Los Altos Hills Llc | Borrower 2: | |
| Borrower 3: | | Borrower 4: | |

Continued on next page...

All information contained herein is subject to the Limitation of Liability for Informational Report set forth on the last page hereof. ©2005-2016 First American Financial Corporation and/or its affiliates. All rights reserved.

## History Record # 8 :  FINANCE

| | | | |
|---|---|---|---|
| Mortgage Recording Date: | 12/03/2013 | Mortgage Transfer Type: | Stand Alone Finance |
| Mortgage Document #: | 000022462390 | Mortgage Rate Type: | |
| Lender: | Lone Oak Fund Llc | Mortgage Term: | |
| Document Type | Trust Deed/Mortgage | Vesting Type: | Company |
| Loan Amount: | $1,300,000 | Mortgage Rate: | |
| Borrower 1: | Sunshine Los Altos Hills Llc | Borrower 2: | |
| Borrower 3: | | Borrower 4: | |

## History Record # 9 :  SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Sunshine Los Altos Hills Llc | Seller: | Marcus B P & M Trust |
| Transaction Date: | 02/03/2011 | Sale Price: | $1,995,000 |
| Recording Date: | 03/02/2011 | Sale Price Type: | Full Value |
| Recorded Doc #: | 21098433 | Title Company: | Old Republic Title |
| Document Type: | Deed Transfer | Vesting Type: | Company |

## History Record # 10 :  SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Marcus Bernard P Trust | Seller: | Marcus Bernard P |
| Transaction Date: | 02/03/2011 | Sale Price: | |
| Recording Date: | 03/02/2011 | Sale Price Type: | |
| Recorded Doc #: | 21098432 | Title Company: | Old Republic Title |
| Document Type: | Deed Transfer | Vesting Type: | Company |

## History Record # 11 :  SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Marcus,Bernard P | Seller: | Marcus B P 2005 Trust |
| Transaction Date: | 02/03/2011 | Sale Price: | |
| Recording Date: | 03/02/2011 | Sale Price Type: | |
| Recorded Doc #: | 21098431 | Title Company: | Old Republic Title |
| Document Type: | Deed Transfer | Vesting Type: | Company |

Continued on next page...

All information contained herein is subject to the Limitation of Liability for Informational Report set forth on the last page hereof. ©2005-2016 First American Financial Corporation and/or its affiliates. All rights reserved.

## History Record # 12 : SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Marcus Bernard P Trust | Seller: | Marcus Bernard P |
| Transaction Date: | 09/01/2010 | Sale Price: | |
| Recording Date: | 09/08/2010 | Sale Price Type: | |
| Recorded Doc #: | 20861015 | Title Company: | |
| Document Type: | Deed Transfer | Vesting Type: | Undivided Interest |

## History Record # 13 : SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Marcus,Bernard P | Seller: | Marcus B P 2005 Trust |
| Transaction Date: | 09/01/2010 | Sale Price: | |
| Recording Date: | 09/08/2010 | Sale Price Type: | |
| Recorded Doc #: | 20861014 | Title Company: | Attorney Only |
| Document Type: | Deed Transfer | Vesting Type: | Undivided Interest |

## History Record # 14 : SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Marcus Bernard P Trust | Seller: | Marcus B P 2005 Trust |
| Transaction Date: | 12/19/2007 | Sale Price: | |
| Recording Date: | 09/12/2008 | Sale Price Type: | |
| Recorded Doc #: | 19988477 | Title Company: | Us Recordings Inc |
| Document Type: | Deed Transfer | Vesting Type: | Personal Trust |

### FINANCE

| | | | |
|---|---|---|---|
| Mortgage Recording Date: | 09/12/2008 | Mortgage Transfer Type: | Refinance |
| Mortgage Document #: | 19988478 | Mortgage Rate Type: | Fix |
| Lender: | Merrill Lynch Credit Corp | Mortgage Term: | |
| Document Type | Trust Deed/Mortgage | Vesting Type: | Personal Trust |
| Loan Amount: | $166,573 | Mortgage Rate: | |
| Borrower 1: | Marcus Bernard P Trust | Borrower 2: | |
| Borrower 3: | | Borrower 4: | |

Continued on next page...

All information contained herein is subject to the Limitation of Liability for Informational Report set forth on the last page hereof. ©2005-2016 First American Financial Corporation and/or its affiliates. All rights reserved.

## History Record # 15 :  SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Marcus Bernard P Trust | Seller: | Marcus Bernard P |
| Transaction Date: | 12/19/2007 | Sale Price: | |
| Recording Date: | 09/12/2008 | Sale Price Type: | |
| Recorded Doc #: | 19988476 | Title Company: | Us Recordings Inc |
| Document Type: | Deed Transfer | Vesting Type: | Personal Trust |

## History Record # 16 :  SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Marcus Bernard P 2005 Trust | Seller: | Marcus Bernard P |
| Transaction Date: | | Sale Price: | |
| Recording Date: | 03/11/2005 | Sale Price Type: | |
| Recorded Doc #: | 18271388 | Title Company: | Attorney Only |
| Document Type: | Deed Transfer | Vesting Type: | Personal Trust |

## History Record # 17 :  SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Marcus,Bernard P | Seller: | Marcus Bernard P & M Trust |
| Transaction Date: | | Sale Price: | |
| Recording Date: | 03/11/2005 | Sale Price Type: | |
| Recorded Doc #: | 18271387 | Title Company: | Attorney Only |
| Document Type: | Deed Transfer | Vesting Type: | Personal Trust |

## History Record # 18 :  FINANCE

| | | | |
|---|---|---|---|
| Mortgage Recording Date: | 11/04/2002 | Mortgage Transfer Type: | Refinance |
| Mortgage Document #: | 16592058 | Mortgage Rate Type: | Var |
| Lender: | Merrill Lynch Credit Corp | Mortgage Term: | |
| Document Type | Trust Deed/Mortgage | Vesting Type: | |
| Loan Amount: | $100,000 | Mortgage Rate: | |
| Borrower 1: | Marcus Tr | Borrower 2: | |
| Borrower 3: | | Borrower 4: | |

Continued on next page...

All information contained herein is subject to the Limitation of Liability for Informational Report set forth on the last page hereof. ©2005-2016 First American Financial Corporation and/or its affiliates. All rights reserved.


## History Record # 19 :  FINANCE

| | | | |
|---|---|---|---|
| Mortgage Recording Date: | 11/04/2002 | Mortgage Transfer Type: | Refinance |
| Mortgage Document #: | 16592057 | Mortgage Rate Type: | Var |
| Lender: | Merrill Lynch Credit Corp | Mortgage Term: | |
| Document Type | Trust Deed/Mortgage | Vesting Type: | |
| Loan Amount: | $165,910 | Mortgage Rate: | |
| Borrower 1: | Marcus Tr | Borrower 2: | |
| Borrower 3: | | Borrower 4: | |

## History Record # 20 :  FINANCE

| | | | |
|---|---|---|---|
| Mortgage Recording Date: | 10/06/1998 | Mortgage Transfer Type: | Refinance |
| Mortgage Document #: | 0014432836 | Mortgage Rate Type: | Var |
| Lender: | Merrill Lynch Credit Corp | Mortgage Term: | |
| Document Type | Trust Deed/Mortgage | Vesting Type: | |
| Loan Amount: | $160,000 | Mortgage Rate: | |
| Borrower 1: | Marcus Trust | Borrower 2: | |
| Borrower 3: | | Borrower 4: | |

## History Record # 21 :  FINANCE

| | | | |
|---|---|---|---|
| Mortgage Recording Date: | 06/29/1993 | Mortgage Transfer Type: | Refinance |
| Mortgage Document #: | 0011971729 | Mortgage Rate Type: | Var |
| Lender: | Silicon Valley Bank | Mortgage Term: | |
| Document Type | Trust Deed/Mortgage | Vesting Type: | |
| Loan Amount: | | Mortgage Rate: | |
| Borrower 1: | Bernard&Molly Marcus Trust | Borrower 2: | |
| Borrower 3: | | Borrower 4: | |

Continued on next page...

All information contained herein is subject to the Limitation of Liability for Informational Report set forth on the last page hereof. ©2005-2016 First American Financial Corporation and/or its affiliates. All rights reserved.

## History Record # 22 : SALE/TRANSFER

| | | | |
|---|---|---|---|
| Buyer: | Bernard&Molly Marcus Trust | Seller: | Bernard&Molly Ma |
| Transaction Date: | | Sale Price: | |
| Recording Date: | 12/14/1992 | Sale Price Type: | |
| Recorded Doc #: | 0011689497 | Title Company: | |
| Document Type: | Deed Transfer | Vesting Type: | |

Limitation of Liability for Informational Report

IMPORTANT – READ CAREFULLY: THIS REPORT IS NOT AN INSURED PRODUCT OR SERVICE OR A REPRESENTATION OF THE CONDITION OF TITLE TO REAL PROPERTY. IT IS NOT AN ABSTRACT, LEGAL OPINION, OPINION OF TITLE, TITLE INSURANCE COMMITMENT OR PRELIMINARY REPORT, OR ANY FORM OF TITLE INSURANCE OR GUARANTY. THIS REPORT IS ISSUED EXCLUSIVELY FOR THE BENEFIT OF THE APPLICANT THEREFOR, AND MAY NOT BE USED OR RELIED UPON BY ANY OTHER PERSON. THIS REPORT MAY NOT BE REPRODUCED IN ANY MANNER WITHOUT FIRST AMERICAN'S PRIOR WRITTEN CONSENT. FIRST AMERICAN DOES NOT REPRESENT OR WARRANT THAT THE INFORMATION HEREIN IS COMPLETE OR FREE FROM ERROR, AND THE INFORMATION HEREIN IS PROVIDED WITHOUT ANY WARRANTIES OF ANY KIND, AS-IS, AND WITH ALL FAULTS. AS A MATERIAL PART OF THE CONSIDERATION GIVEN IN EXCHANGE FOR THE ISSUANCE OF THIS REPORT, RECIPIENT AGREES THAT FIRST AMERICAN'S SOLE LIABILITY FOR ANY LOSS OR DAMAGE CAUSED BY AN ERROR OR OMISSION DUE TO INACCURATE INFORMATION OR NEGLIGENCE IN PREPARING THIS REPORT SHALL BE LIMITED TO THE FEE CHARGED FOR THE REPORT. RECIPIENT ACCEPTS THIS REPORT WITH THIS LIMITATION AND AGREES THAT FIRST AMERICAN WOULD NOT HAVE ISSUED THIS REPORT BUT FOR THE LIMITATION OF LIABILITY DESCRIBED ABOVE. FIRST AMERICAN MAKES NO REPRESENTATION OR WARRANTY AS TO THE LEGALITY OR PROPRIETY OF RECIPIENT'S USE OF THE INFORMATION HEREIN.

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARYPROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFF(S)**<br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation | **DEFENDANT(S)**<br>LUCY GAO, an individual, |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DAVID B. GOLUBCHIK (State Bar No. 185520)<br>JEFFREY S. KWONG (State Bar No. 288239)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>Email: DBG@LNBYB.com; JSK@LNBYB.COM<br>Proposed Attorneys for Debtor and Debtor in Possession | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |
|---|---|

CAUSE OF ACTION (WRITE ABRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) DECLARATORY RELIEF; (2) UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST; (3) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 548(A)(1)(A), AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.*; (4) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 548(A)(1)(B), AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.*; AND (5) RECOVERY OF AVOIDED TRANSFER OR VALUE THEREOF PURSUANT TO 11 U.S.C. § 550

## NATURE OF SUIT
**(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)**

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (Unjust Enrichment and Imposition of Constructive Trust) (Recovery Of Avoided Transfer Or Value Thereof Pursuant to 11 U.S.C. § 550)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>LIBERTY ASSET MANAGEMENT CORPORATION, a<br>California corporation | BANKRUPTCY CASE NO.<br>Case No. 2:16-bk-13575 | |
| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL** | DIVISIONAL OFFICE<br>**LOS ANGELES DIVISION** | NAME OF JUDGE<br>**THE HON. THOMAS B. DONOVAN** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Jeffrey S. Kwong* | | |
| DATE<br>March 22, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Jeffrey S. Kwong* | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties** and **Defendants.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys if known.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.