DAVID B. GOLUBCHIK (State Bar No. 185520)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: DBG@LNBYB.com; JSK@LNBYB.COM

Proposed Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,<br><br>Debtor. | Chapter 11<br><br>Case No.  2: 2:16-bk-13575 |
| LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RH INVESTMENT LLC, a California corporation; LUCY GAO, an individual,<br><br>Defendant. | Adv. No. _____<br><br>**COMPLAINT FOR (1) DECLARATORY RELIEF; (2) UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST; (3) AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 AND 548(A)(1)(A), AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.*; (4) AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 AND 548(A)(1)(B), AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.*; AND (5) RECOVERY OF AVOIDED PROPERTY TRANSFER OR VALUE THEREOF PURSUANT TO 11 U.S.C. § 550** |

1

2        Plaintiff Liberty Asset Management Corporation ("<u>Plaintiff</u>" or "<u>Liberty</u>") complains as

3    follows:

4                                    <u>**JURISDICTION AND VENUE**</u>

5        1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), in that

6    this is a civil proceeding arising in or related to cases under title 11 of the United States Code (the

7    "<u>Bankruptcy Code</u>").  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

8        2.        This adversary proceeding is brought pursuant to Rule 7001, <u>et</u> <u>seq</u>. of the Federal

9    Rules of Bankruptcy Procedure.

10       3.        Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary

11   proceeding arises in and relates to a case under the Bankruptcy Code that is pending in this

12   District.

13                                       <u>**THE PARTIES**</u>

14       4.        Liberty is, and at all times relevant to the allegations in this Complaint was, a

15   corporation organized and existing under the laws of the State of California, qualified and

16   authorized to do business under the laws of the State of California, with its principal place of

17   business in the City of West Covina, California.

18       5.        Sunshine Fields, LLC ("<u>Sunshine Fields</u>"), who is not a party to this adversary

19   proceeding, was a corporation organized under the laws of the State of California, with a former

20   principal place of business located at 20687-2 Amar Road Suite 835, Walnut, CA 91789.

21       6.        Benjamin Kirk ("<u>Kirk</u>"), who is not a party to this adversary proceeding, is the

22   Managing Member of both Liberty and Sunshine Fields.

23       7.        Liberty is informed and believes, and on that basis alleges, that RH Investment

24   LLC ("<u>RH Investment</u>") is, and at all times relevant to the allegations in this Complaint was, a

25   limited liability company organized and existing under the laws of the State of California, with a

26   principal place of business located at 2058 N Mills Avenue, Suite 431, Claremont, CA 91711.

27       8.        Liberty is informed and believes, and on that basis alleges, that Lucy Gao ("<u>Gao</u>,"

28   and together with RH Investment, the "<u>Defendants</u>") is, and at all times relevant to the allegations

1    in this Complaint was, an individual residing in the city of Claremont, California, who asserts an

2    equity interest in and purports to be managing member of RH Investment.

3                    **GENERAL ALLEGATIONS**

4        9.        The true and sole owner of the membership interests of RH Investment is Liberty.

5        10.       Prior to the filing of the Petition, Gao and Kirk were former business partners that

6    formed Liberty to pursue various business ventures and acquire certain properties for the benefit

7    of Liberty.  Gao and Kirk would: (1) use funds from Liberty to acquire investment properties; and

8    (2) create special purpose entities to purchase, manage, and/or hold such investment properties for

9    the benefit of Liberty.

10       11.       Although membership in these special purpose entities would be held by Gao

11   and/or Kirk at various times, these entities were created solely to benefit Liberty, the central

12   funding vehicle and, therefore, Liberty was the beneficial owner of such equity interests.

13       12.       RH Investment holds title to certain real property located at 1916 Los Padres Dr.,

14   Rowland Heights, CA 91748 (the "Property"), and is one such special purpose entity formed to

15   purchase, hold, and manage the Property for the benefit of Liberty.

16       13.       Liberty is informed and believes and thereon alleges that Gao falsely asserts an

17   equity interest in RH Investment.

18       14.       On or around June 14, 2013, Sunshine Fields purchased the Property, in-part,

19   using funds that either originated from or were provided to it from Liberty.  Specifically, Liberty

20   contributed funds – either directly or indirectly from its other special purpose entities – so that

21   Sunshine Fields could acquire the Property for the benefit of Liberty.  A true and correct copy of

22   the grant deed transferring the Property from Jin Jun Hwang (the "Seller") to Sunshine Fields

23   recorded on November 24, 2009 (the "November 24, 2009 Grant Deed") is attached hereto as

24   **Exhibit "1"** and incorporated herein by reference.

25       15.       Sunshine Fields was a special purpose entity created for the benefit of Liberty, and

26   Kirk is/was, at all times relevant to this Complaint, its Managing Member.  On March 17, 2016,

27   Kirk executed, on behalf of Sunshine Fields, an "Assignment Agreement" (the "Assignment

28   Agreement") unconditionally transferring all of Sunshine Field's rights and interests related to the

3

Property to Liberty.  A true and correct copy of the Assignment Agreement is attached hereto as **Exhibit "2"** and incorporated herein by reference.

16.    On or around August 31, 2014, without the permission of Liberty, Gao transferred the Property from Sunshine Fields to herself for no consideration (the "Gao Transfer") via a grant deed recorded on October 23, 2014 (the "October 23, 2014 Grant Deed").  A true and correct copy of the October 23, 2014 Grant Deed is attached hereto as **Exhibit "3"** and incorporated herein by reference.

17.    On or around December 12, 2014, also without the permission of Liberty, Gao transferred the Property from herself to RH Investment, a special purpose entity created for the benefit of Liberty, for no consideration (the "RH Investment Transfer," and together with the Gao Transfer, the "Transfers"), via a grant deed recorded on December 23, 2014 (the "December 23, 2014 Grant Deed").  A true and correct copy of the December 23, 2014 Grant Deed is attached hereto as **Exhibit "4"** and incorporated herein by reference.

18.    At all times relevant to the allegations in this Complaint, (1) Liberty owns a one-hundred percent (100%) equity interest in RH Investment; and (2) the Property was acquired for the benefit of Liberty, such that the Property and any proceeds obtained therefrom were intended to be used to benefit Liberty.

19.    Aside from the Property, Liberty is informed and believes and thereon alleges that Gao has already liquidated several other properties held by certain other special purpose entities created for the benefit of Liberty, without paying any distributions to Liberty.

20.    Accordingly, this Complaint was brought to protect Liberty, its creditors, and its equity interests.  Through this Complaint, Liberty seeks a judicial determination that Gao does not have any equity interest in RH Investment, and that Liberty is the true and sole equity holder in RH Investment.  Additionally, Liberty seeks a judicial determination that the Property and any proceeds obtained from the Property, net of payment of debts, are held by RH Investment in a constructive trust for the benefit of Liberty.  Further, Liberty seeks a judicial determination that the Transfers of the Property constituted fraudulent transfers that are avoidable and recoverable by Liberty for the benefit of its bankruptcy estate.

4

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

21.     Liberty incorporates the allegations in paragraphs 1 through 20 above as if fully set forth herein.

22.     A present and actual controversy exists between and among Liberty, on the one hand, and the Defendants, on the other hand, as to the ownership of the equity interests in RH Investment.  Liberty and Gao each asserts equity interests in RH Investment.

23.     Specifically, Liberty seeks a declaration that Gao is not an equity interest holder in RH Investment, and that Liberty is the sole equity interest holder in RH Investment or the Property.

24.     Accordingly, an actual, justiciable controversy exists between Liberty, on the one hand, and the Defendants, on the other, relating to the ownership of the equity interests in RH Investment. This Court has the power to adjudicate the rights of the parties with respect to this controversy and should grant the declaratory relief requested in this Complaint.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment and Imposition of Constructive Trust)

25.     Liberty incorporates the allegations in paragraphs 1 through 24 above as if fully set forth herein.

26.     An actual controversy has arisen between Liberty, on the one hand, and the Defendants, on the other hand, as to whether RH Investment has now become the constructive trustee of the Property for Liberty.

27.     Liberty holds a one-hundred percent (100%) interest in RH Investment, and the Property was acquired by Sunshine Fields: (1) using Liberty funds; and (2) solely for the benefit of Liberty.  Accordingly, the Property equitably belongs to Liberty; and it is currently being held and managed by RH Investment for the benefit of Liberty.

28.     The Defendants improperly, mistakenly, and/or fraudulently purportedly appears to deny that Liberty has an equity interest in RH Investment or the Property.

29.     For the reasons alleged herein, and based on the Defendants' mistaken and/or fraudulent misrepresentations, allowing the Defendants to keep the Property and/or to receive an equity distribution related to the Property would unjustly enrich them.

30.     Accordingly, RH Investment should be deemed to hold the Property in constructive trust for the benefit of Liberty.

### THIRD CLAIM FOR RELIEF

**(Avoidance Of Fraudulent Transfers Pursuant To 11 U.S.C. §§ 544 and 548(a)(1)(A), and California Civil Code §§ 3439, *et seq.*)**

31.     Liberty incorporates the allegations in paragraphs 1 through 30 above as if fully set forth herein.

32.     Liberty is the rightful and beneficial owner of the Property, such that the Property and any proceeds obtained therefrom were intended by the parties of this Complaint to benefit Liberty.

33.     On or around August 31, 2014, without the permission of Liberty, Gao transferred the Property from Sunshine Fields to herself via the October 23, 2014 Grant Deed.

34.     Subsequently, on or around December 12, 2014, also without the permission of Liberty, Gao transferred the Property from herself to RH Investment via the December 23, 2014 Grant Deed.

35.     The Property transferred was property to which Liberty is legally entitled, and the Property has not been transferred back to Liberty.

36.     The Transfers were made during the course of and in furtherance of a fraudulent scheme by Gao to deprive Liberty of its beneficial interest in the Property, with the intent to hinder, delay, and/or defraud Liberty's creditors.

37.     The Transfers constitute fraudulent transfers under 11 U.S.C. § 544 and 548(a)(1)(A), and California Civil Code §§ 3439 *et seq.*, and therefore is avoidable by Liberty.

38.     At the time the Transfers were made, a creditor existed who held an unsecured claim allowable under 11 U.S.C. § 502.

/ / /

### FOURTH CLAIM FOR RELIEF

### (Avoidance Of Fraudulent Transfers Pursuant To 11 U.S.C. §§ 544 and 548(a)(1)(B), and California Civil Code §§ 3439, *et seq.*)

39.     Liberty incorporates the allegations in paragraphs 1 through 38 above as if fully set forth herein.

40.     Liberty is the rightful and beneficial owner of the Property, such that the Property and any proceeds obtained therefrom were intended by the parties of this Complaint to benefit Liberty.

41.     On or around August 31, 2014, without the permission of Liberty, Gao transferred the Property from Sunshine Fields to herself via the October 23, 2014 Grant Deed.

42.     Subsequently, on or around December 12, 2014, also without the permission of Liberty, Gao transferred the Property from herself to RH Investment via the December 23, 2014 Grant Deed.

43.     The Property transferred was property to which Liberty is legally entitled, and the Property has not been transferred back to Liberty.

44.     Gao transferred the Property from Sunshine Fields to herself, and from herself to RH Investment without giving Liberty anything in exchange for the Transfer.    Accordingly, Liberty did not receive reasonably equivalent value in exchange for the Property.

45.     The Transfers were made when Liberty was engaged or about to engage in a business or a transaction or which Liberty's remaining assets were unreasonably small in relation to such business or transaction.

46.     The Transfers were made at a time when Liberty was insolvent or became insolvent as a result of the Transfers.

47.     The Transfers constitute fraudulent transfers under 11 U.S.C. § 544 and 548(a)(1)(B), and California Civil Code §§ 3439 *et seq.*, and therefore are avoidable by Liberty.

48.     At the time the Transfers were made, a creditor existed who held an unsecured claim allowable under 11 U.S.C. § 502.

/ / /

1

**FIFTH CLAIM FOR RELIEF**

2

**(Recovery Of Avoided Property Transfer Or Value Thereof Pursuant to 11 U.S.C. § 550)**

3    49.    Liberty incorporates the allegations in paragraphs 1 through 48 above as if fully set

4    forth herein.

5    50.    Upon avoidance of the Transfers as fraudulent transfers under the Third and

6    Fourth Claims For Relief alleged herein, Liberty is entitled to recover the Property transferred or

7    the value thereof from RH Investment as an initial, immediate or mediate transferee, or an entity

8    or person for whose benefit the Transfer was made pursuant to 11 U.S.C. § 550.

9

**PRAYER FOR RELIEF**

10    **WHEREFORE**, Liberty respectfully prays for judgment as follows:

11    A.    **ON THE FIRST CLAIM FOR RELIEF**: for a judicial determination that

12    Liberty is the 100% member and holder of all of the membership interests in RH Investment.

13    B.    **ON THE SECOND CLAIM FOR RELIEF**: for a judgment in favor of Liberty

14    and against the Defendants for unjust enrichment, including a judicial declaration that RH

15    Investment is holding the Property and its proceeds, net of payment of debts, in constructive trust

16    for the benefit of Liberty.

17    C.    **ON THE THIRD CLAIM FOR RELIEF**: for a determination that the Transfers

18    were fraudulent transfers within the meaning of 11 U.S.C. § 544 and 548(a)(1)(A), and/or

19    California Civil Code §§ 3439, *et seq.*, and for a judgment avoiding the Transfer.

20    D.    **ON THE FOURTH CLAIM FOR RELIEF**: for a determination that the

21    Transfers were fraudulent transfers within the meaning of 11 U.S.C. § 544 and 548(a)(1)(B),

22    and/or California Civil Code §§ 3439, *et seq.*, and for a judgment avoiding the Transfer.

23    E.    **ON THE FIFTH CLAIM FOR RELIEF**: for a judgment granting Liberty the

24    right to recover from RH Investment, as an initial, immediate or mediate transferee, or an entity

25    or person for whose benefit the Transfers were made, the Transfers avoided or the value of the

26    Transfers avoided under the Third and/or Fourth Claims For Relief.

27    / / /

28    / / /

8

1    F.        **ON ALL CLAIMS FOR RELIEF**: for such other and further relief as the Court

2   deems just and proper.

3   Dated:  March 22, 2016                    LEVENE, NEALE, BENDER,
                                               YOO & BRILL L.L.P.
4

5                                    By:___/s/ *Jeffrey S. Kwong*_____
                                               DAVID B. GOLUBCHIK
6                                              JEFFREY S. KWONG
7                                              Proposed Attorneys for Debtor and Debtor in
                                               Possession
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**



**This page is part of your document - DO NOT DISCARD**



## 20091782470



**Pages:
0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**11/24/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 36.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 36.00 |



**L E A D S H E E T**



**200911240110016**

**00001548582**


**002415504**

**SEQ:
11**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

r13

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO



11/24/2009

*20091782470*

**SUNSHINE FIELDS LLC**
1916 LOS PADRES DRIVE,
ROWLAND HEIGHTS, CA 91748
Escrow No.:
APN No.: **8253-006-004**

Above space is for recorder's use

# GRANT DEED

"This is a bonafide gift and the grantor
received nothing in return, R & T 11911."

THE UNDERSIGNED GRANTOR(s) DECLARE(s) DOCUMENTARY TRANSFER TAX IS $**NONE**       and City $
[   X   ] Computed on full value of property conveyed, or
[       ] computed on full value less value of liens or encumbrances remaining at time of sale,
[       ] unincorporated area;   [   X   ] City of  Rowland Heights and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**JIN JUN  HWANG, a Single Woman**

Hereby GRANT(S) to: **SUNSHINE FIELDS LLC**

The following described real property in the City of Rowland Heights, County of Los Angeles, and State of **California**:

**SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF**     See Exhibit A Attached

Property commonly known as:  1916 LOS PADRES DRIVE, ROWLAND HEIGHTS, CA 91748

APN No.: 8253-006-004

**Date: 11/13/2009**

THIS INSTRUMENT IS RECORDED AT THE
REQUEST OF SECURITY UNION TITLE COMPANY
AS AN ACCOMMODATION ONLY. IT HAS NOT
BEEN EXAMINED AS TO ITS EXECUTION OR AS
TO ITS EFFECTS UPON TITLE.

JIN JUN, HWANG

STATE OF **CALIFORNIA**          )SS
COUNTY OF Los Angeles          )

On   11/13/2009          before me, Lucy G. Seh , Notary Public personally appeared **JIN JUN, HWANG**
_____ who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and proved to me acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

<u>**I certify under PENALTY OF PERJURY under the law of the state of California that foregoing paragraph in true
and correct.**</u>

WITNESS my hand and official seal.

Signature

LUCY G. SEH
Commission # 1724839
Notary Public - California
Los Angeles County
My Comm. Expires Feb 11, 2011

Seal of Notary



**EXHIBIT "A"**

Lot(s)  8  of Tract No. 25120, in the County of Los Angeles, State of California, as per map recorded in Book  652  Page(s) 15 to 17 inclusive of Maps, in the office of the County Recorder of said County.

EXCEPT therefrom an undivided one-half interest in all oil, gas, minerals, and other hydrocarbon substances lying below a depth of  500 feet, but with no right of surface entry, as provided in deed recorded  August 31, 1955, in Book 48821 Page 211, Official Records.

**Exhibit 2**

## ASSIGNMENT AGREEMENT

Sunshine Fields, LLC (the "Assignor"), hereby absolutely and unconditionally transfers and assigns to Liberty Asset Management Corporation ("Liberty") all rights, title and interest in and to the claim(s) and interests of the Assignor with respect to the real property located at **1916 Los Padres Dr., Rowland Heights, CA 91748** (the "Property") including, without limitation, all of Assignors, or any of their, right to receive equity, principal, interest, fees, expenses, damages, penalties and other amounts in respect to the Property and any party or entity that has wrongfully asserted an interest in such Property (the "Claims").

Assignor hereby irrevocably appoint Liberty as its true and lawful attorney-in-fact and authorizes Liberty to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such Claims. Assignor grants unto Liberty full authority to do all things necessary to enforce and prosecute the Claims and Assignor's rights thereunder or related thereto pursuant to this Agreement. Assignor agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be necessary or appropriate to effect assignment of the Claims and all interests therein to Liberty, to cooperate with and assist Liberty in enforcing the Claims and to otherwise effectuate the intent of this Agreement. Assignor agrees that Liberty may sell, transfer or assign the Claims together with all right, title and interest of Liberty in and to this Agreement.

IN WITNESS WHEREOF, the undersigned has duly executed this Sale of Claim by its duly authorized representative dated the 17th day of March, 2016.

**SUNSHINE FIELDS, LLC**, Assignor

By: _____
Benjamin Kirk
Its: Managing Member

**Exhibit 3**



**This page is part of your document - DO NOT DISCARD**



## 20141122270



**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**10/23/14 AT 12:42PM**

| | |
|---|---:|
| FEES: | 22.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 22.00 |



**L E A D S H E E T**



201410233320096

00009763931



006460339

**SEQ:**
**01**

**DAR - Courier (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

2

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Lucy Gao
136 N. Grand Avenue, #187
West Covina, CA 91791



10/23/2014

*20141122270*

THIS SPACE FOR RECORDER'S USE ONLY:

| Title Order No.: 4700244 | | Escrow No.: |
|---|---|---|
| | **GRANT DEED** | |

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $NONE**
[X] computed on full value of property conveyed, or
[ ] computed on full value of liens or encumbrances remaining at time of sale.
[x ] Unincorporated area   [] City of AND This conveyance changes the manner in which title is held, grantor and grantee remain the same and continue to hold the same interest.
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Sunshine Fields LLC

hereby GRANT(s) to:

**LUCY GAO, an unmarried woman**

the real property in the unincorporated area of the County of Los Angeles, State of California, described as:
Lot 8 of Tract No. 25120, in the county of Los Angeles, State of California, as per map recorded in Book 652 Page 15 to 17 inclusive of maps, in the office of the county recorder of said county.

Except therefrom an undivided one-half interest in all oil, gas, minerals, and other hydrocarbon substances lying below a depth of 500 feet, but with no right of surface entry, as provided in deed recorded August 31, 1955, in book 48821, page 211, official records.
Also known as: 1916 Los Padres Drive, Rowland Heights, CA 91748
APN: 8253-006-004

DATED August 31, 2014
STATE OF CALIFORNIA
COUNTY OF _Los Angeles_
On _September 9, 2014_
before me, _Margaret Chiu_,
A Notary Public personally appeared
_Lucy Gao_ Seet

Sunshine Fields LLC

By:

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity( ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature_____

MARGARET CHIU
COMM. #2042304
Notary Public-California
LOS ANGELES COUNTY
My Comm. Exp. OCT. 18, 2017

(Seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

**Exhibit 4**



**This page is part of your document - DO NOT DISCARD**





## 20141399042



**Pages:**
**0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/23/14 AT 08:00AM**

| | |
|---|---|
| FEES: | 22.00 |
| TAXES: | 473.00 |
| OTHER: | 0.00 |
| PAID: | 495.00 |



**L E A D S H E E T**



201412230280001

00009987350



006561294

**SEQ:**
**01**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

t60

RECORDING REQUESTED BY:
First American Title Company

AND WHEN RECORDED MAIL TO:

RH INVESTMENT, LLC
1916 LOS PADRES DRIVE
ROWLAND HEIGHTS, CA 91748

12/23/2014



*20141399042*

THIS SPACE FOR RECORDER'S USE ONLY:

| Title Order No.: 4700244 | | Escrow No.: 014200-MC |
|---|---|---|
| | **GRANT DEED** | |

THE UNDERSIGNED GRANTOR(S) DECLARE(S)      
**DOCUMENTARY TRANSFER TAX is $473.00**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area    [X] City of Rowland Heights **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**LUCY GAO, an unmarried woman**

hereby GRANT(s) to:

**RH INVESTMENT, LLC, a California Limited Liability Company**

the real property in the City of Rowland Heights, County of Los Angeles, State of California, described as:
**Lot 8 of Tract No. 25120, in the county of Los Angeles, State of California, as per map recorded in Book 652 Page 15 to 17 inclusive of maps, in the office of the county recorder of said county.**
Also Known as:  1916 Los Padres Drive, Rowland Heights, CA  91748
AP#: 8253-006-004

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**DATED December 12, 2014**
STATE OF CALIFORNIA
COUNTY OF _Los Angeles_
On _December 19 2014_
before me, _Margaret Chiu_
A Notary Public personally appeared
_Lucy Gao_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.
Signature _____

LUCY GAO

MARGARET CHIU
COMM. #2042304
Notary Public-California
LOS ANGELES COUNTY
My Comm. Exp. OCT. 18, 2017
(Seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFF(S)**<br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation | **DEFENDANT(S)**<br>RH INVESTMENT LLC, a California corporation; LUCY GAO, an individual, |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DAVID B. GOLUBCHIK (State Bar No. 185520)<br>JEFFREY S. KWONG (State Bar No. 288239)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone:  (310) 229-1234<br>Facsimile:  (310) 229-1244<br>Email: DBG@LNBYB.com; JSK@LNBYB.COM<br>Proposed Attorneys for Debtor and Debtor in Possession | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only)<br>☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☒ Other<br>☐ Trustee |
|---|---|

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) |
|---|
| (1) DECLARATORY RELIEF; (2) UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST; (3) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 548(A)(1)(A), AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.*; (4) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 548(A)(1)(B), AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.*; AND (5) RECOVERY OF AVOIDED TRANSFER OR VALUE THEREOF PURSUANT TO 11 U.S.C. § 550 |

| NATURE OF SUIT |
|---|
| **(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)** |

| **FRBP 7001(1) – Recovery of Money/Property** | **FRBP 7001(6) – Dischargeability (continued)** |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☒ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | ☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | |
| ☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(8) Subordination of Claim or Interest** |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | ☐ 81-Subordination of claim or interest |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment** |
| **FRBP 7001(5) – Revocation of Confirmation** | ☒ 91-Declaratory judgment |
| ☐ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action** |
| **FRBP 7001(6) – Dischargeability** | ☐ 01-Determination of removed claim or cause |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☒ 02-Other (Unjust Enrichment and Imposition of Constructive Trust) (Recovery Of Avoided Transfer Or Value Thereof Pursuant to 11 U.S.C. § 550) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation | BANKRUPTCY CASE NO.<br>Case No. 2:16-bk-13575 | |
| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL** | DIVISIONAL OFFICE<br>**LOS ANGELES DIVISION** | NAME OF JUDGE<br>THE HONORABLE THOMAS DONOVAN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Jeffrey S. Kwong* | | |
| DATE<br>March 22, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Jeffrey S. Kwong* | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties** and **Defendants.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys if known.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.