DAVID B. GOLUBCHIK (State Bar No. 185520)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.com; JSK@LNBYB.COM

Proposed Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 2:16-bk-13575 |
| LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LOWRIDGE PLACE, LLC, a California corporation; LUCY GAO, an individual,<br><br>　　　　　Defendant. | Adv. No. _____<br><br>**COMPLAINT FOR (1) DECLARATORY RELIEF; (2) UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST; (3) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 548(A)(1)(A), AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.*; (4) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 548(A)(1)(B), AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.*; AND (5) RECOVERY OF AVOIDED TRANSFER OR VALUE THEREOF PURSUANT TO 11 U.S.C. § 550** |

Plaintiff Liberty Asset Management Corporation ("<u>Plaintiff</u>" or "<u>Liberty</u>") complains as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), in that this is a civil proceeding arising in or related to cases under title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. This adversary proceeding is brought pursuant to Rule 7001, <u>et seq</u>. of the Federal Rules of Bankruptcy Procedure.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises in and relates to a case under the Bankruptcy Code that is pending in this District.

**THE PARTIES**

4. Liberty is, and at all times relevant to the allegations in this Complaint was, a corporation organized and existing under the laws of the State of California, qualified and authorized to do business under the laws of the State of California, with its principal place of business in the City of West Covina, California.

5. Benjamin Kirk ("<u>Kirk</u>"), who is not a party to this adversary proceeding, is the Managing Member of Liberty.

6. Liberty is informed and believes, and on that basis alleges, that Liberty CMC Corporation d/b/a Liberty Capital Management Corporation ("<u>Liberty CMC</u>"), who is not a party to this adversary proceeding, is a corporation organized and existing under the laws of the State of California, with a principal place of business located at 3218 E. Holt Avenue, West Covina CA 91791.

7. Liberty is informed and believes, and on that basis alleges, that Lowridge Place, LLC ("<u>Lowridge Place</u>") is, and at all times relevant to the allegations in this Complaint was, a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 136 N. Grand Avenue, West Covina CA 91791.

8.    Liberty is informed and believes, and on that basis alleges, that Lucy Gao ("Gao," and together with Lowridge Place, the "Defendants") is, and at all times relevant to the allegations in this Complaint was, an individual residing in the city of Claremont, California, who asserts an equity interest in and purports to be managing member of Lowridge Place.

## GENERAL ALLEGATIONS

9.    The true and sole owner of the membership interests of Lowridge Place is Liberty.

10.   Prior to the filing of the Petition, Gao and Kirk were former business partners that formed Liberty to pursue various business ventures and acquire certain properties for the benefit of Liberty. Gao and Kirk would: (1) use funds from Liberty to acquire investment properties; and (2) create special purpose entities to purchase, manage, and/or hold such investment properties for the benefit of Liberty.

11.   Although membership in these special purpose entities would be held by Gao and/or Kirk at various times, these entities were created solely to benefit Liberty, the central funding vehicle and, therefore, Liberty was the beneficial owner of such equity interests.

12.   Lowridge Place holds title to certain real property located at 23100 Lowridge Place, Santa Clarita, CA 91390 (the "Property"), and is one such special purpose entity formed to purchase, hold, and manage the Property for the benefit of Liberty.

13.   Liberty is informed and believes and thereon alleges that Gao falsely asserts an equity interest in Lowridge Place.

14.   On or around June 14, 2013, Liberty CMC purchased the Property, in-part, using funds that either originated from or were provided to it from Liberty. Specifically, Liberty contributed funds – either directly or indirectly from its other special purpose entities – so that Liberty CMC could acquire the Property for the benefit of Liberty. A true and correct copy of the grant deed transferring the Property from East West Bank to Liberty CMC recorded on June 28, 2013 (the "June 28, 2013 Grant Deed") is attached hereto as **Exhibit "1"** and incorporated herein by reference.

15.   On or around July 1, 2015, without the permission of Liberty, Gao transferred the Property from Liberty CMC to Lowridge Place, another special purpose entity created for the

1 benefit of Liberty, for no consideration (the "Transfer") via a grant deed recorded on July 29, 2015 (the "July 29, 2015 Grant Deed"). A true and correct copy of the "Transaction History" for the Property dated February 9, 2016 from First American Financial Corporation (the "Transaction History") is attached hereto as **Exhibit "2"** and incorporated herein by reference.

16. At all times relevant to the allegations in this Complaint, (1) Liberty owns a one-hundred percent (100%) equity interest in Lowridge Place; and (2) the Property was acquired for the benefit of Liberty, such that the Property and any proceeds obtained therefrom were intended to be used to benefit Liberty.

17. Aside from the Property, Liberty is informed and believes and thereon alleges that Gao has already liquidated several other properties held by certain other special purpose entities created for the benefit of Liberty, without paying any distributions to Liberty.

18. Accordingly, this Complaint was brought to protect Liberty, its creditors, and its equity interests. Through this Complaint, Liberty seeks a judicial determination that Gao does not have any equity interest in Lowridge Place, and that Liberty is the true and sole equity holder in Lowridge Place. Liberty also seeks a judicial determination that the proceeds obtained from the Property, net of payment of debts, are held by Lowridge Place in a constructive trust for the benefit of Liberty. Further, Liberty seeks a judicial determination that the Transfer of the Property to Lowridge Place constituted a fraudulent transfer that is avoidable and recoverable by Liberty for the benefit of its bankruptcy estate.

## FIRST CLAIM FOR RELIEF

**(Declaratory Relief)**

19. Liberty incorporates the allegations in paragraphs 1 through 18 above as if fully set forth herein.

20. A present and actual controversy exists between and among Liberty, on the one hand, and the Defendants, on the other hand, as to the ownership of the equity interests in Lowridge Place. Liberty and Gao each asserts equity interests in Lowridge Place.

21. Specifically, Liberty seeks a declaration that Gao is not an equity interest holder in Lowridge Place, and that Liberty is the sole equity interest holder in Lowridge Place.

22.     Accordingly, an actual, justiciable controversy exists between Liberty, on the one hand, and the Defendants, on the other, relating to the ownership of the equity interests in Lowridge Place. This Court has the power to adjudicate the rights of the parties with respect to this controversy and should grant the declaratory relief requested in this Complaint.

## SECOND CLAIM FOR RELIEF

**(Unjust Enrichment and Imposition of Constructive Trust)**

23.     Liberty incorporates the allegations in paragraphs 1 through 22 above as if fully set forth herein.

24.     An actual controversy has arisen between Liberty, on the one hand, and the Defendants, on the other hand, as to whether Lowridge Place has now become the constructive trustee of the Property for Liberty.

25.     Liberty holds a one-hundred percent (100%) interest in Lowridge Place, and the Property was acquired by Liberty CMC: (1) using Liberty funds; and (2) solely for the benefit of Liberty. Accordingly, the Property equitably belongs to Liberty; and it is currently being held and managed by Lowridge Place for the benefit of Liberty.

26.     The Defendants improperly, mistakenly, and/or fraudulently purportedly appears to deny that Liberty has an equity interest in Lowridge Place or the Property.

27.     For the reasons alleged herein, and based on the Defendants' mistaken and/or fraudulent misrepresentations, allowing the Defendants to keep the Property and/or to receive an equity distribution related to the Property would unjustly enrich them.

28.     Accordingly, Lowridge Place should be deemed to hold the Property in constructive trust for the benefit of Liberty.

## THIRD CLAIM FOR RELIEF

**(Avoidance Of Fraudulent Transfer Pursuant To 11 U.S.C. §§ 544 and 548(a)(1)(A), and California Civil Code §§ 3439, *et seq.*)**

29.     Liberty incorporates the allegations in paragraphs 1 through 28 above as if fully set forth herein.

5

30. Liberty is the rightful and beneficial owner of the Property, such that the Property and any proceeds obtained therefrom were intended by the parties of this Complaint to benefit Liberty.

31. On or around July 1, 2015, without the permission of Liberty, Gao transferred the Property from Liberty CMC to Lowridge Place via the July 29, 2015 Grant Deed. The Property transferred was property to which Liberty is legally entitled, and the Property has not been transferred back to Liberty.

32. The Transfer was made during the course of and in furtherance of a fraudulent scheme by Gao to deprive Liberty of its beneficial interest in the Property, with the intent to hinder, delay, and/or defraud Liberty's creditors.

33. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 544 and 548(a)(1)(A), and California Civil Code §§ 3439 *et seq.*, and therefore is avoidable by Liberty.

34. At the time the Transfer was made, a creditor existed who held an unsecured claim allowable under 11 U.S.C. § 502.

## FOURTH CLAIM FOR RELIEF

**(Avoidance Of Fraudulent Transfer Pursuant To 11 U.S.C. §§ 544 and 548(a)(1)(B), and California Civil Code §§ 3439, *et seq.*)**

35. Liberty incorporates the allegations in paragraphs 1 through 34 above as if fully set forth herein.

36. Liberty is the rightful and beneficial owner of the Property, such that the Property and any proceeds obtained therefrom were intended by the parties of this Complaint to benefit Liberty.

37. On or around July 1, 2015, without the permission of Liberty, Gao transferred the Property from Liberty CMC to Lowridge Place via the July 29, 2015 Grant Deed. The Property transferred was property to which Liberty is legally entitled, and the Property has not been transferred back to Liberty.

38. Gao transferred the Property from Liberty CMC to Lowridge Place without giving Liberty anything in exchange for the Transfer. Accordingly, Liberty did not receive reasonably equivalent value in exchange for the Property.

39. The Transfer was made when Liberty was engaged or about to engage in a business or a transaction or which Liberty's remaining assets were unreasonably small in relation to such business or transaction.

40. The Transfer was made at a time when Liberty was insolvent or became insolvent as a result of the Transfer.

41. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 544 and 548(a)(1)(B), and California Civil Code §§ 3439 *et seq.*, and therefore is avoidable by Liberty.

42. At the time the Transfer was made, a creditor existed who held an unsecured claim allowable under 11 U.S.C. § 502.

## FIFTH CLAIM FOR RELIEF

**(Recovery Of Avoided Transfer Or Value Thereof Pursuant to 11 U.S.C. § 550)**

43. Liberty incorporates the allegations in paragraphs 1 through 42 above as if fully set forth herein.

44. Upon avoidance of the Transfer as a fraudulent transfer under the Third and Fourth Claims For Relief alleged herein, Liberty is entitled to recover the Property transferred or the value thereof from Lowridge Place as an initial, immediate or mediate transferee, or an entity or person for whose benefit the Transfer was made pursuant to 11 U.S.C. § 550.

## PRAYER FOR RELIEF

**WHEREFORE**, Liberty respectfully prays for judgment as follows:

A. **ON THE FIRST CLAIM FOR RELIEF**: for a judicial determination that Liberty is the 100% member and holder of all of the membership interests in Lowridge Place.

B. **ON THE SECOND CLAIM FOR RELIEF**: for a judgment in favor of Liberty and against the Defendants for unjust enrichment, including a judicial declaration that Lowridge Place is holding the Property and its proceeds, net of payment of debts, in constructive trust for the benefit of Liberty.

    C.    **ON THE THIRD CLAIM FOR RELIEF**: for a determination that the Transfer was a fraudulent transfer within the meaning of 11 U.S.C. § 544 and 548(a)(1)(A), and/or California Civil Code §§ 3439, *et seq.*, and for a judgment avoiding the Transfer.

    D.    **ON THE FOURTH CLAIM FOR RELIEF**: for a determination that the Transfer was a fraudulent transfer within the meaning of 11 U.S.C. § 544 and 548(a)(1)(B), and/or California Civil Code §§ 3439, *et seq.*, and for a judgment avoiding the Transfer.

    E.    **ON THE FIFTH CLAIM FOR RELIEF**: for a judgment granting Liberty the right to recover from Lowridge Place, as an initial, immediate or mediate transferee, or an entity or person for whose benefit the Transfer was made, the Transfer avoided or the value of the Transfer avoided under the Third and/or Fourth Claims For Relief.

    F.    **ON ALL CLAIMS FOR RELIEF**: for such other and further relief as the Court deems just and proper.

Dated: March 22, 2016

LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.

By:   */s/ Jeffrey S. Kwong*
       DAVID B. GOLUBCHIK
       JEFFREY S. KWONG
       Proposed Attorneys for Debtor and Debtor in Possession

# Exhibit 1

**First American**

*my*FirstAm®    **Recorded Document**    **23100 Lowridge Pl, Santa Clarita, CA 91390**

The requested Recorded Document images are displayed in the subsequent pages for the following property:

**23100 Lowridge Pl
Santa Clarita, CA 91390**

**Document Number: 000000961128
Document Date: 06/28/2013**

Limitation of Liability for Informational Report

**IMPORTANT – READ CAREFULLY:** THIS REPORT IS NOT AN INSURED PRODUCT OR SERVICE OR A REPRESENTATION OF THE CONDITION OF TITLE TO REAL PROPERTY. IT IS NOT AN ABSTRACT, LEGAL OPINION, OPINION OF TITLE, TITLE INSURANCE COMMITMENT OR PRELIMINARY REPORT, OR ANY FORM OF TITLE INSURANCE OR GUARANTY. THIS REPORT IS ISSUED EXCLUSIVELY FOR THE BENEFIT OF THE APPLICANT THEREFOR, AND MAY NOT BE USED OR RELIED UPON BY ANY OTHER PERSON. THIS REPORT MAY NOT BE REPRODUCED IN ANY MANNER WITHOUT FIRST AMERICAN'S PRIOR WRITTEN CONSENT. FIRST AMERICAN DOES NOT REPRESENT OR WARRANT THAT THE INFORMATION HEREIN IS COMPLETE OR FREE FROM ERROR, AND THE INFORMATION HEREIN IS PROVIDED WITHOUT ANY WARRANTIES OF ANY KIND, AS-IS, AND WITH ALL FAULTS. AS A MATERIAL PART OF THE CONSIDERATION GIVEN IN EXCHANGE FOR THE ISSUANCE OF THIS REPORT, RECIPIENT AGREES THAT FIRST AMERICAN'S SOLE LIABILITY FOR ANY LOSS OR DAMAGE CAUSED BY AN ERROR OR OMISSION DUE TO INACCURATE INFORMATION OR NEGLIGENCE IN PREPARING THIS REPORT SHALL BE LIMITED TO THE FEE CHARGED FOR THE REPORT. RECIPIENT ACCEPTS THIS REPORT WITH THIS LIMITATION AND AGREES THAT FIRST AMERICAN WOULD NOT HAVE ISSUED THIS REPORT BUT FOR THE LIMITATION OF LIABILITY DESCRIBED ABOVE. FIRST AMERICAN MAKES NO REPRESENTATION OR WARRANTY AS TO THE LEGALITY OR PROPRIETY OF RECIPIENT'S USE OF THE INFORMATION HEREIN.

**This page is part of your document - DO NOT DISCARD**





**20130961128**

**Pages: 0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/28/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | NFPR |
| OTHER: | 0.00 |
| PAID: | NFPR |



**LEADSHEET**



201306280210017

00007934352

004965215

**SEQ:**
**14**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**    T60

TITLE COMPANY LOS ANGELES

RECORDING REQUESTED BY:
Central Escrow, Inc.
Order No.
Escrow No. 3027181-EL
Parcel No. 3244-133-019

AND WHEN RECORDED MAIL TO:

LIBERTY CAPITAL MANAGEMENT
CORPORATION
3218 E. HOLT AVENUE
WEST COVINA, CA 91791


06/28/2013
*20130961128*

SPACE ABOVE THIS LINE FOR RECORDER'S USE
*DOCUMENTARY TRANSFER TAX NOT DISCLOSED AS PUBLIC RECORD*

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS $XXXXX and CITY $
- [ ] computed on full value of property conveyed, or
- [ ] computed on full value less liens or encumbrances remaining at the time of sale.
- [ ] unincorporated area:   [ ] Santa Clarita Area, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**East West Bank, a California Corporation**

hereby GRANT(S) to   Liberty Capital Management Corporation, a California Corporation

the following described real property in the County of , State of California:

Legal description per Exhibit "A", attached hereto and made a part hereof
Property commonly known as: 23100 Lowridge Place, Santa Clarita Area, CA 91390

Date   June 14, 2013

East West Bank

By: Michelle Ly, FVP/REO Manager

STATE OF CALIFORNIA        } S.S.
COUNTY OF __SAN FRANCISCO__  }

On __JUNE 18, 2013__, before me, __JOHN LEE__
a notary public in and for said state, personally appeared __MICHELLE LY__
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

JOHN LEE
Commission No. 2009007
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm Expires FEBRUARY 28, 2017

Mail Tax Statement to: SAME AS ABOVE or Address Noted Below

EXHIBIT A

**LEGAL DESCRIPTION**

Real property in the unincorporated area of the County of Los Angeles, State of California, described as follows:

LOT 5 OF TRACT NO 43171, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 1074, PAGE(S) 40 TO 43, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, TOGETHER WITH LOT 2 OF TRACT NO 46564-04, IN SAID COUNTY AND STATE, AS PER MAP FILED IN BOOK 1248 PAGES 16 TO 23, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THAT PORTION OF SAID LOT 2 DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT 2, THENCE ALONG THE NORTHEASTERLY LINE OF SAID LOT 2, NORTH 74° 25' 38" WEST 261.29 FEET TO NORTHEASTERLY LINE OF RESTRICTED USE AREA WITHIN SAID LOT 2, AS SHOWN ON SAID MAP OF TRACT NO 46564-04, THENCE LEAVING SAID NORTHEASTERLY LINE OF SAID LOT 2 AND ALONG THE NORTHEASTERLY LINES OF SAID RESTRICTED USE AREA, SOUTH 25° 52' 36" EAST 73.43 FEET TO AN ANGLE POINT THEREIN, THENCE CONTINUING ALONG THE NORTHEASTERLY LINE OF SAID RESTRICTED USE AREA, THE FOLLOWING COURSES, SOUTH 63° 26' 44" EAST 27.03 FEET, THENCE SOUTH 27° 50' 06" EAST 30.91 FEET, THENCE SOUTH 73° 33' 31" EAST 20.86 FEET, THENCE LEAVING SAID LAST MENTIONED NORTHEASTERLY LINE, SOUTH 39° 00' 37" WEST 67.32 FEET, THENCE NORTH 82° 30' 03" WEST 44.61 FEET, THENCE NORTH 53° 48' 17" WEST 14.97 FEET, THENCE NORTH 82° 27' 22" WEST 59.93 FEET, THENCE SOUTH 73° 41' 39" WEST 7.33 FEET, THENCE SOUTH 52° 58' 07" WEST 22.35 FEET, THENCE SOUTH 82° 42' 13" WEST 2.16 FEET, THENCE NORTH 63° 26' 49" WEST 7.04 FEET, THENCE NORTH 84° 55' 23" WEST 4.74 FEET, THENCE SOUTH 68° 49' 43" WEST 9.01 FEET, THENCE NORTH 70° 31' 43" WEST 16.37 FEET, THENCE NORTH 69° 08' 18" WEST 15.62 FEET, THENCE NORTH 48° 08' 48" WEST 31.06 FEET, THENCE NORTH 90° 00' 00" WEST 3.18 FEET, THENCE SOUTH 55° 10' 34" WEST 10.99 FEET, THENCE SOUTH 37° 57' 24" WEST 16.20 FEET, THENCE SOUTH 03° 02' 14" EAST 9.54 FEET, THENCE SOUTH 56° 39' 26" EAST 17.20 FEET, THENCE SOUTH 71° 12' 23" EAST 35.76 FEET, THENCE SOUTH 48° 55' 09" EAST 22.84 FEET, THENCE SOUTH 27° 58' 33" EAST 67.67 FEET, THENCE SOUTH 41° 50' 06" EAST 10.52 FEET, THENCE SOUTH 22° 16' 51" EAST 46.79 FEET, THENCE SOUTH 36° 53' 03" EAST 14.43 FEET, THENCE SOUTH 06° 29' 49" WEST 51.05 FEET, THENCE SOUTH 07° 40' 59" EAST 37.03 FEET, THENCE SOUTH 33° 02' 09" WEST 41.53 FEET, THENCE SOUTH 05° 06' 17" EAST 34.35 FEET, THENCE SOUTH 38° 40' 28" EAST 27.39 FEET, THENCE SOUTH 28° 57' 24" WEST 92.18 FEET, THENCE SOUTH 25° 12' 45" EAST 22.96 FEET, THENCE SOUTH 22° 23' 26" WEST 40.26 FEET, THENCE SOUTH 53° 41' 15" WEST 42.99 FEET, THENCE SOUTH 29° 21' 51" WEST 86.89 FEET, THENCE SOUTH 20° 35' 26" WEST 84.90 FEET TO THE SOUTHERLY LINE OF SAID LOT 2, THENCE ALONG THE BOUNDARY LINES OF SAID LOT 2 THE FOLLOWING COURSES NORTH 80° 22' 00" EAST 77.50 FEET, THENCE NORTH 10° 52' 30" WEST 11.80 FEET, THENCE NORTH 35° 46' 46" EAST 49.24 FEET, THENCE NORTH 03° 20' 17" WEST 10.63 FEET, THENCE NORTH 35° 23' 12" EAST 50.47 FEET, THENCE NORTH 09° 27' 26" WEST 7.99 FEET, THENCE NORTH 35° 53' 49" EAST 49.21 FEET, THENCE NORTH 11° 40' 26" WEST 6.58 FEET, THENCE NORTH 35° 39' 34" EAST 49.39 FEET, THENCE NORTH 04° 52' 27" WEST 5.55 FEET, THENCE NORTH 30° 43' 06" EAST 50.81 FEET, THENCE NORTH 28° 49' 43" EAST 49.14 FEET, THENCE NORTH 23° 59' 07" EAST 52.15 FEET, THENCE NORTH 17° 26' 33" EAST 48.83 FEET, THENCE NORTH 14° 55' 42" EAST 48.97 FEET, THENCE NORTH 14° 41' 31" EAST 50.01 FEET, THENCE NORTH 15° 41' 09" EAST 53.58 FEET, THENCE NORTH 11° 41' 52" EAST 52.77 FEET, THENCE NORTH 02° 54' 40" WEST 57.26 FEET, THENCE NORTH 15° 34' 22" EAST 64.87 FEET, THENCE 74° 25' 38" EAST 122.67 FEET TO THE NORTHEASTERLY LINE OF RAINTREE LANE, 64.00 FEET WIDE, AS SHOWN ON SAID MAP OF TRACT NO 46564-04, THENCE ALONG SAID NORTHEASTERLY LINE

NORTH 15° 34' 22" EAST 58.00 FEET TO THE POINT OF BEGINNING, AS DESCRIBED IN THAT CERTAIN CERTIFICATE OF COMPLIANCE AS PARCEL 1, RECORDED OCTOBER 15, 2001 AS INSTRUMENT NO 01-1958429, OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 5, ALL MINERALS, OIL AND GAS IN OR UNDER SAID LAND.

THE OWNERSHIP OF ALL MINERALS, OIL AND GAS INTEREST IN THE LAND DESCRIBED ABOVE HAS NO RIGHT TO ENTER UPON THE SURFACE OR TO THE SUBSURFACE OF SAID LAND TO A DEPTH OF 500 FEET MEASURED VERTICALLY FROM THE LOWEST POINT OF THE SURFACE OF SAID LAND, SUCH RIGHT OF ENTRY HAVING BEEN WAIVED BY THE DEED FROM H B DE LONG, A WIDOWER, AND OTHERS, RECORDED JANUARY 27, 1964 IN BOOK D-2336 PAGE 462, OFFICIAL RECORDS AND MESNE INSTRUMENTS OF RECORD.

ALSO EXCEPT FROM LOT 2, ALL MINERALS OF EVERY KIND AND NATURE WHATSOEVER INCLUDING WITH LIMITING THE GENERALITY OF THE FOREGOING, PETROLEUM, OIL, ASPHALTUM, GAS AND ALL OTHER HYDROCARBON SUBSTANCES, CARBON DIOXIDE NITROGEN, SULPHUR DIOXIDE, HELIUM AND ALL OTHER NATURAL GASES LYING BELOW A DEPTH 500 FEET FROM THE SURFACE OF SAID LAND, BUT WITHOUT THE RIGHT OF ENTRY ON THE SURFACE OF SAID LAND, TOGETHER WITH THE EXCLUSIVE RIGHT TO PROSPECT, BORE, DRILL OR AND PRODUCE THE SAME BY MEANS OF FACILITIES LOCATED ON ADJOINING OR NEARBY LANDS AND DIRECTIONALLY DRILLED OR BORED INTO SAID PROPERTY BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID LAND, AND FURTHER RESERVING UNTO GRANTOR, ITS SUCCESSORS AND ASSIGNS, THE EXCLUSIVE EASEMENTS AND RIGHT TO BORE OR DRILL IN AND THROUGH THE ABOVE DESCRIBED PROPERTY BELOW A DEPTH OF 500 FEET FROM THE SURFACE TO EXPLORE FOR AND TO EXTRACT PETROLEUM, OIL, ASPHALTUM, GAS AND OTHER HYDROCARBON SUBSTANCES, NITROGEN, CARBON DIOXIDE, SULPHUR DIOXIDE, HELIUM AND ALL OTHER NATURAL GASES AND MINERALS OF EVERY KIND AND NATURE WHATSOEVER FROM ADJOINING OR NEARBY LANDS, AS RESERVED BY SOCONY MOBIL OIL COMPANY, INC., A NEW YORK CORPORATION, SUCCESSOR IN INTEREST TO GENERAL PETROLEUM CORPORATION, IN DEED RECORDED DECEMBER 28, 1962, AS INSTRUMENT NO 1674 IN BOOK 1867 PAGE 857, OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 2, THAT PORTION OF SAID LAND LYING WITHIN THOSE PORTIONS OF LOTS 322 AND 323 OF TRACT NO 45137, AS PER MAP RECORDED IN BOOK 1094 PAGES 9 TO 69 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ONE-HALF UNDIVIDED INTEREST IN ALL OIL, GAS AND OTHER HYDROCARBONS IN AND UNDER THE REAL PROPERTY DESCRIBED BELOW, TOGETHER WITH THE RIGHTS TO EXPLORE, DEVELOP, EXTRACT, AND REMOVE THE SAME THEREFROM, BY SLANT DRILLING OR THE "WHIPSTOCK" METHOD OF OPERATION, WITH DERRICKS OR DRILLINGS LOCATED OUTSIDE OF THE BOUNDARIES OF THE LAND DESCRIBED BELOW, PROVIDED, HOWEVER, THAT THERE IS NO RIGHT OF ENTRY ON THE SURFACE AND/OR SUBSURFACE OF SAID DESCRIBED PROPERTY TO A DEPTH OF 500 FEET BELOW THE SURFACE OF SAID DESCRIBED PROPERTY AS GRANTED TO SECO CANYON ASSOCIATES, A GENERAL PARTNERSHIP, CONSISTING OF B G ENTERPRISES, INC, A CALIFORNIA CORPORATION AND BRIAN CATALDE DEVELOPMENT, INC, A CALIFORNIA CORPORATION, BY DEED RECORDED JANUARY 15, 1988 AS INSTRUMENT NO. 88-60258, OFFICIAL RECORDS.

APN: 3244-133-019

*First American Title*

# Exhibit 2



**myFirstAm®**   Transaction History                          23100 Lowridge Pl, Santa Clarita, CA  91390

Transaction History provides records for the past ten years. To request additional information, please contact your local Sales Representative, Customer Service Department, or for an additional fee you may *click here* .

| History Record # 1 : | SALE/TRANSFER | | |
|---|---|---|---|
| Buyer: | Lowridge Place Llc | Seller: | Liberty Capital Management Cor |
| Transaction Date: | 07/01/2015 | Sale Price: | $190,000 |
| Recording Date: | 07/29/2015 | Sale Price Type: | Full Value |
| Recorded Doc #: | 000000921877 | Title Company: | First American Title/Los Angel |
| Document Type: | Deed Transfer | Vesting Type: | N/A |

| History Record # 2 : | SALE/TRANSFER | | |
|---|---|---|---|
| Buyer: | Liberty Capital Mgmt Corp | Seller: | East West Bk |
| Transaction Date: | 06/14/2013 | Sale Price: | |
| Recording Date: | 06/28/2013 | Sale Price Type: | Not Disclosed |
| Recorded Doc #: | 000000961128 | Title Company: | First American Title/Los Angel |
| Document Type: | Deed Transfer | Vesting Type: | N/A |

| History Record # 3 : | SALE/TRANSFER | | |
|---|---|---|---|
| Buyer: | East West Bk | Seller: | East-West Investment Inc |
| Transaction Date: | 04/05/2012 | Sale Price: | $610,692 |
| Recording Date: | 04/09/2012 | Sale Price Type: | Confirmed |
| Recorded Doc #: | 530823 | Title Company: | Service Link |
| Document Type: | Deed Transfer | Vesting Type: | N/A |

Continued on next page...

All information contained herein is subject to the Limitation of Liability for Informational Report set forth on the last page hereof. ©2005-2016 First American Financial Corporation and/or its affiliates. All rights reserved.

myFirstAm® Transaction History                                        23100 Lowridge Pl, Santa Clarita, CA  91390

| History Record # 4 : | FORECLOSURE | | |
|---|---|---|---|
| Recording Date: | 03/01/2012 | | |
| Recorded Doc #: | 2012  328344 | | |
| Document Type: | Notice of Sale | Vesting Type: | |

| History Record # 5 : | FORECLOSURE | | |
|---|---|---|---|
| Recording Date: | 02/02/2011 | | |
| Recorded Doc #: | 2011  181716 | | |
| Document Type: | Notice of Default | Vesting Type: | |

| History Record # 6 : | SALE/TRANSFER | | |
|---|---|---|---|
| Buyer: | Hardoon Investments Llc | Seller: | Tapley W Michael |
| Transaction Date: | 08/06/2008 | Sale Price: | $25,000 |
| Recording Date: | 08/18/2008 | Sale Price Type: | Partial |
| Recorded Doc #: | 1478863 | Title Company: | |
| Document Type: | Deed Transfer | Vesting Type: | N/A |

| History Record # 7 : | SALE/TRANSFER | | |
|---|---|---|---|
| Buyer: | Hardoon Investments Llc | Seller: | Chen Elaine L |
| Transaction Date: | 10/12/2006 | Sale Price: | |
| Recording Date: | 10/17/2006 | Sale Price Type: | |
| Recorded Doc #: | 2303113 | Title Company: | Chicago Title |
| Document Type: | Deed Transfer | Vesting Type: | N/A |

| | FINANCE | | |
|---|---|---|---|
| Mortgage Recording Date: | 10/17/2006 | Mortgage Transfer Type: | Resale |
| Mortgage Document #: | 2303114 | Mortgage Rate Type: | Var |
| Lender: | East West Bank | Mortgage Term: | |
| Document Type | Trust Deed/Mortgage | Vesting Type: | N/A |
| Loan Amount: | $950,000 | Mortgage Rate: | |
| Borrower 1: | Hardoon Investments Llc | Borrower 2: | |
| Borrower 3: | | Borrower 4: | |

Continued on next page...

All information contained herein is subject to the Limitation of Liability for Informational Report set forth on the last page hereof. ©2005-2016 First American Financial Corporation and/or its affiliates. All rights reserved.

| History Record # 8 : | SALE/TRANSFER | | |
|---|---|---|---|
| Buyer: | Cola | Seller: | Gilmartin,J H & M A |
| Transaction Date: | | Sale Price: | |
| Recording Date: | 05/16/2001 | Sale Price Type: | |
| Recorded Doc #: | 0842382 | Title Company: | |
| Document Type: | Deed Transfer | Vesting Type: | N/A |

| History Record # 9 : | SALE/TRANSFER | | |
|---|---|---|---|
| Buyer: | Cola | Seller: | Gilmartin,J H & M A |
| Transaction Date: | | Sale Price: | |
| Recording Date: | 05/16/2001 | Sale Price Type: | |
| Recorded Doc #: | 0842379 | Title Company: | |
| Document Type: | Deed Transfer | Vesting Type: | N/A |

Limitation of Liability for Informational Report

IMPORTANT – READ CAREFULLY: THIS REPORT IS NOT AN INSURED PRODUCT OR SERVICE OR A REPRESENTATION OF THE CONDITION OF TITLE TO REAL PROPERTY.  IT IS NOT AN ABSTRACT, LEGAL OPINION, OPINION OF TITLE, TITLE INSURANCE COMMITMENT OR PRELIMINARY REPORT, OR ANY FORM OF TITLE INSURANCE OR GUARANTY. THIS REPORT IS ISSUED EXCLUSIVELY FOR THE BENEFIT OF THE APPLICANT THEREFOR, AND MAY NOT BE USED OR RELIED UPON BY ANY OTHER PERSON. THIS REPORT MAY NOT BE REPRODUCED IN ANY MANNER WITHOUT FIRST AMERICAN'S PRIOR WRITTEN CONSENT.  FIRST AMERICAN DOES NOT REPRESENT OR WARRANT THAT THE INFORMATION HEREIN IS COMPLETE OR FREE FROM ERROR, AND THE INFORMATION HEREIN IS PROVIDED WITHOUT ANY WARRANTIES OF ANY KIND, AS-IS, AND WITH ALL FAULTS.  AS A MATERIAL PART OF THE CONSIDERATION GIVEN IN EXCHANGE FOR THE ISSUANCE OF THIS REPORT, RECIPIENT AGREES THAT FIRST AMERICAN'S SOLE LIABILITY FOR ANY LOSS OR DAMAGE CAUSED BY AN ERROR OR OMISSION DUE TO INACCURATE INFORMATION OR NEGLIGENCE IN PREPARING THIS REPORT SHALL BE LIMITED TO THE FEE CHARGED FOR THE REPORT.  RECIPIENT ACCEPTS THIS REPORT WITH THIS LIMITATION AND AGREES THAT FIRST AMERICAN  WOULD NOT HAVE ISSUED THIS REPORT BUT FOR THE LIMITATION OF LIABILITY DESCRIBED ABOVE.  FIRST AMERICAN MAKES NO REPRESENTATION OR WARRANTY AS TO THE LEGALITY OR PROPRIETY OF RECIPIENT'S USE OF THE INFORMATION HEREIN.

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFF(S)** <br> LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation | **DEFENDANT(S)** <br> LOWRIDGE PLACE, LLC, a California corporation; LUCY GAO, an individual, |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> DAVID B. GOLUBCHIK (State Bar No. 185520) <br> JEFFREY S. KWONG (State Bar No. 288239) <br> LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. <br> 10250 Constellation Boulevard, Suite 1700 <br> Los Angeles, California 90067 <br> Telephone: (310) 229-1234 <br> Facsimile: (310) 229-1244 <br> Email: DBG@LNBYB.com; JSK@LNBYB.COM <br> Proposed Attorneys for Debtor and Debtor in Possession | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor         ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor       ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor       ☒ Other <br> ☐ Trustee |
| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br>  (1) DECLARATORY RELIEF; (2) UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST; (3) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 548(A)(1)(A), AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.*; (4) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 548(A)(1)(B), AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.*; AND (5) RECOVERY OF AVOIDED TRANSFER OR VALUE THEREOF PURSUANT TO 11 U.S.C. § 550 ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property** <br> ☐ 11-Recovery of money/property - §542 turnover of property <br> ☐ 12-Recovery of money/property - §547 preference <br> ☒ 13-Recovery of money/property - §548 fraudulent transfer <br> ☐ 14-Recovery of money/property - other <br><br> **FRBP 7001(2) – Validity, Priority or Extent of Lien** <br> ☐ 21-Validity, priority or extent of lien or other interest in property <br><br> **FRBP 7001(3) – Approval of Sale of Property** <br> ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) <br><br> **FRBP 7001(4) – Objection/Revocation of Discharge** <br> ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) <br><br> **FRBP 7001(5) – Revocation of Confirmation** <br> ☐ 51-Revocation of confirmation <br><br> **FRBP 7001(6) – Dischargeability** <br> ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims <br> ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud <br> ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny <br><br> **(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)** <br> ☐ 61-Dischargeability - §523(a)(5), domestic support <br> ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury <br> ☐ 63-Dischargeability - §523(a)(8), student loan <br> ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) <br> ☐ 65-Dischargeability - other <br><br> **FRBP 7001(7) – Injunctive Relief** <br> ☐ 71-Injunctive relief – imposition of stay <br> ☐ 72-Injunctive relief – other <br><br> **FRBP 7001(8) Subordination of Claim or Interest** <br> ☐ 81-Subordination of claim or interest <br><br> **FRBP 7001(9) Declaratory Judgment** <br> ☒ 91-Declaratory judgment <br><br> **FRBP 7001(10) Determination of Removed Action** <br> ☐ 01-Determination of removed claim or cause <br><br> **Other** <br> ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.* <br> ☒ 02-Other (Unjust Enrichment and Imposition of Constructive Trust) (Recovery Of Avoided Transfer Or Value Thereof Pursuant to 11 U.S.C. § 550) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand |
| Other Relief Sought ||

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation ||| BANKRUPTCY CASE NO.<br>Case No. 2:16-bk-13575 |
| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL** || DIVISIONAL OFFICE<br>**LOS ANGELES DIVISION** | NAME OF JUDGE<br>THE HON. THOMAS DONOVAN |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Jeffrey S. Kwong* ||||
| DATE<br>March 22, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Jeffrey S. Kwong* |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties** and **Defendants.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys if known.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.