Jeremy V. Richards (CA SBN 102300)
Gail S. Greenwood (CA SBN 169939)
Victoria A. Newmark (CA SBN 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   jrichards@pszjlaw.com
          ggreenwood@pszjlaw.com
          vnewmark@pszjlaw.com

Attorneys for Official Committee of Creditors
Holding Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LIBERTY ASSET MANAGEMENT CORPORATION,<br><br>        Debtor and<br>        Debtor in Possession | Case No.:  2:16-bk-13575-TD<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (A) ESTABLISHING THE PROCEDURES AND DEADLINES FOR FILING PROOFS OF CLAIM AND INTERESTS; AND (B) APPROVING FORM AND MANNER OF NOTICE OF BAR DATES; AND (C) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(q)] |

**TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND DEBTOR IN POSSESSION, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that the Official Committee of Creditors Holding Unsecured

Claims (the "Committee") appointed in the bankruptcy case of Liberty Asset Management

Corporation (the "Debtor") hereby moves the Court (the "Motion") for entry of an order: (a)

establishing the procedures and, pursuant to Rules 2002(a)(7) and 3003(c)(3) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), the deadlines for filing (the "Bar Dates") proofs of

claim or interest pursuant to section 501 of title 11 of the United States Code (the "Bankruptcy

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Code") and Rule 3003 of the Bankruptcy Rules; and (b) approving the form and manner of notice to

2   creditors and other interested parties of the established procedures and deadlines.  By the Motion, the

3   Committee requests, pursuant to Bankruptcy Rule 3003(c)(3), that the Court establish **September 2,**

4   **2016 (the "Bar Date")** as the deadline by which any person or other entity (except for governmental

5   entities) that wishes to assert a prepetition claim or interest pursuant to section 501 of the

6   Bankruptcy Code (collectively, a "Prepetition Claim") against the Debtor, must file and serve a

7   proof of claim or interest (a "Proof of Claim") or forever be barred from asserting such Prepetition

8   Claim.  The Committee also requests that the Court establish **September 19, 2016 as the**

9   **Governmental Units Bar Date** pursuant to section 502(b)(9) of the Bankruptcy Code, and that any

10  claims arising from the rejection of executory contracts or the avoidance of claims under chapter 5 of

11  the Bankruptcy Code be subject to the deadline of the general Bar Date or thirty days after the claim

12  arose.

13          As described below, setting the Bar Dates are necessary for the Debtor and the Committee to

14  determine the total amount, number, and types of claims or interests that are asserted against or in

15  this Estate so that it can expeditiously obtain confirmation of a Plan.  Setting the Bar Dates will

16  facilitate the wind-up and administration of the estate as efficiently and promptly as possible.

17          Further, pursuant to Local Rule 3003-1 and the mandatory form of order, the Committee

18  seeks the Court's approval of the order setting such Bar Dates (the "Order Setting Bar Dates") to be

19  mailed by first class mail to all of the Debtor's known creditors, and the form and manner of notice

20  to be published in The World Journal, an internationally circulated foreign newspaper, for notice to

21  the unknown creditors of the Debtor (the "English Form of Notice and Mandarin Publication Notice"

22  and together with the Order Setting Bar Date, the "Bar Date Notices").  Copies of the Committee's

23  proposed Order Setting Bar Date and the English Form of Notice and Mandarin Publication Notice

24  are attached hereto as **Exhibits A and B**, respectively; and a blank Proof of Claim form is attached

25  as **Exhibit C**.

26          **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9013-1(q)(9), the

27  Motion may be determined without a hearing and without additional notice.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WHEREFORE** the Committee respectfully requests that the Court enter an order (a) approving September 2, 2016, as the Bar Date; (b) approving September 19, 2016 as the Governmental Units Bar Date; (c) precluding any party that fails to file and serve a Proof of Claim in the manner described in the Bar Date Notices, attached as **Exhibits A and B** hereto, from asserting a right to payment of that claim anytime thereafter; (d) approving the form and manner of service of the Bar Date Notices; and (e) granting such other and further relief as the Court deems just and proper.

Dated:  July 7, 2016                    PACHULSKI STANG ZIEHL & JONES LLP


                                        By:    _/s/ Gail S. Greenwood_
                                               Jeremy V. Richards
                                               Gail S. Greenwood

                                               Attorneys for Official Committee of Unsecured
                                               Creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_SF:91213.4 52593/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2    By the Motion, the Committee requests that the Court establish a deadline by which all

3  persons must file and serve proofs of claim, or forever be barred from asserting any such claims

4  against the Debtor.  Provided the Motion is approved, creditors will receive approximately 35 days'

5  notice of the bar date sought by the motion.  Establishing the bar date promptly, therefore, will not

6  prejudice any creditor and will greatly assist the Debtor and the Committee in facilitating the

7  administration of this estate as efficiently and promptly as possible.

8
### I.

9
### JURISDICTION

10    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This proceeding is

11  a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

12    Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C.

13  §§ 1408 and 1409.

14    The statutory predicates for the relief sought herein are sections 501 and 502(b)(9) of the

15  Bankruptcy Code, Bankruptcy Rules 2002(a)(7) and 3003, and Local Rules 3003-1 and 9013-1(q).

16
### II.

17
### STATEMENT OF FACTS

18    On March 21, 2016 (the "Petition Date"), the Debtor commenced its case under chapter 11 of

19  the Bankruptcy Code, which is Case No. 2:16-bk-13575-TD before this Court.

20    On April 27, 2016, the United States Trustee appointed the Committee to represent the

21  interests of all unsecured creditors for the Debtor pursuant to section 1102 of the Bankruptcy Code.

22  The members appointed to the Committee are: (i) JD Brothers LLC; (ii) Faith Hope International

23  Ltd.; and (iii) Richbest Holding LLC.

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# III.

## RELIEF REQUESTED

**A.    The Bar Dates**

The Committee requests that the Court fix **September 2, 2016**, as the Bar Date.  The Bar Date will serve as the deadline by which parties that assert claims or interests against the Debtor that arose prior to the Petition Date must file proofs of claim.

The Committee further requests that the Court establish deadlines for filing claims held by (a) non-debtor parties to rejected leases and executory contracts, (b) parties against which the Debtor has obtained a judgment avoiding a transfer pursuant to the avoidance powers set forth in chapter 5 of the Bankruptcy Code, and (c) a Governmental Unit, as that term is defined in section 101(27) of the Bankruptcy Code, each as follows:

(a)    for claims arising from the rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, the last day to file a Proof of Claim will be the later of thirty (30) days after the date of entry of the order authorizing the rejection, or the Bar Date of September 2, 2016;

(b)    for claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a Proof of Claim will be the later of thirty (30) days after the entry of judgment avoiding the transfer or the Bar Date of September 2, 2016; and

(c)    for claims of governmental units that arose before the Petition Date, the last day to file a Proof of Claim will be **September 19, 2016**, 180 days after the date of the Order for Relief in this case (the "Governmental Units Bar Date").[1]

**B.    Notice of the Bar Dates**

Pursuant to Local Rule 3003-1, notice of a claims bar date in a chapter 11 case must be made using the mandatory court-approved form.  Rule 3003-1 provides:

> No later than 7 days after the court orders a bar date for the filing of proofs of claim in a chapter 11 case, whether on its own initiative or on a motion filed pursuant to LBR 9013-1(q), the debtor in possession or the chapter 11 trustee must file and serve on all creditors, and all other parties entitled to

---

[1]  The 180th day after the Petition Date is September 17, 2016 (Saturday).  Pursuant to Bankruptcy Rule 9006, the date is automatically extended to the next business day, September 19, 2016.

DOCS_SF:91213.4 52593/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

notice, a notice of the claims bar date using mandatory court approved form F 3003-1.NOTICE.BARDATE.

The Committee submits a proposed Order Setting Bar Dates as **Exhibit A** hereto, using the mandatory court-approved form, which it proposes to serve along with the English Form of Notice, attached hereto as **Exhibit B.1**, and a blank Proof of Claim form, attached hereto as **Exhibit C**.[2] Pursuant to Local Rule 3003-1, within seven days after entry of the order or no later than July 15, 2016, the Committee will promptly serve the bar date package (Exhibits A, B, and C) by first class mail on all known creditors and equity holders and all parties requesting special notice. The Bar Date Notices will give the known creditors and parties in interest at least 35 days' notice of the proposed Bar Date of September 2, 2016. The Committee believes that the proposed form and manner of service of the Bar Date Notices gives all known creditors and other parties in interest good and sufficient notice of the Bar Dates required to properly file a Proof of Claim and is tailored to meet the needs of the Estate.

The Committee proposes to provide notice of the Bar Dates to unknown creditors and potential creditors of the Debtor by publishing a notice, substantially in the form of the Mandarin Publication Notice attached hereto as **Exhibit B.2**, as translated from the English Form of Notice, one time in The World Journal at least 30 days before the Bar Date. The Mandarin Publication Notice will be published in both simple and traditional characters to reach as many potential claimants as possible. The Mandarin Publication Notice is certified as a true and accurate translation as to both translations. *See* Exhibit B.2. The Committee is informed that The World Journal is a Chinese language newspaper of general circulation that has one of the largest readerships among the Chinese community in Los Angeles County and San Francisco County. The Committee believes that a single publication in The World Journal will provide adequate notice of the Bar Dates to unknown and potential holders of claims and requests the Court's approval of the form and manner of the Mandarin Publication Notice.

---

[2] The Proof of Claim form (Official Form 410) has been modified to permit a party to specify the investment property and/or special purpose entity that is the basis of the claim. *See* Item 8, Exhibit C.

3

# IV.

## ARGUMENT

Bankruptcy Rule 3003(c)(3) provides that the Court "shall fix . . . the time within which proofs of claim or interest may be filed."

Furthermore, Bankruptcy Rule 3002(a) provides that an unsecured creditor or an equity security holder must file a Proof of Claim, except as provided in Bankruptcy Rule 3003. Bankruptcy Rule 3003(b), which applies in chapter 11 cases, provides that the Schedules filed by a debtor shall constitute *prima facie* evidence of the validity and the amount of the claims of creditors, unless they are scheduled as disputed, contingent, unliquidated or unknown. In other words, no filing of a claim is necessary by a creditor for a claim that appears on the Schedules and which is not scheduled as disputed, contingent, unliquidated or unknown by the debtor and to which the debtor is in agreement.

Bankruptcy Rule 3003(c)(2), in turn, provides that any creditor or equity security holder whose claim or interest is not listed in the Schedules, or is listed as disputed, contingent, unliquidated or unknown, shall file a Proof of Claim within the time prescribed by subsection (c)(3) of that Bankruptcy Rule, and any such creditor who fails to file such a Proof of Claim shall not be treated as a creditor with respect to such claim or interest for the purpose of receiving any distribution from the estate.

Prior to the date hereof, creditors and equity security holders may have filed proofs of claim or interest with the Court Clerk in this case. In order to avoid the result that creditors file duplicative claims in response to the Bar Date Notice to be served by the Committee, the Committee hereby proposes that creditors who have already filed proofs of claim with the Court not be required to file a Proof of Claim a second time.

Upon information and belief, the list of creditors that is contained in the Debtor's Schedules (or as listed in any supplements or amendments thereto) and the original matrix of creditors filed at the inception of the case includes the names and addresses of all known creditors and potential creditors of the Debtor.

The Committee intends to serve the bar date package, including a copy of the Order Setting Bar Date, within seven days after entry of such order, by U.S. Postal Service first class mail, postage

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

prepaid, on the following parties: (i) all known creditors, (ii) all parties listed on the Debtor's master mailing matrix; (iii) all entities having filed a notice of appearance and demand for papers, (iv) the Debtor's equity security holders, and (v) the Office of the United States Trustee.  The Committee anticipates that parties shall have at least 35 days' notice of the earliest Bar Date and ample opportunity to prepare and submit a Proof of Claim.

For the reasons set forth above, the Committee requests approval of this Motion without notice and hearing pursuant to Local Rule 9013-1(q).

## V.

## <u>CONCLUSION</u>

For all the foregoing reasons, the Committee respectfully requests that the Court enter an order (a) fixing **September 2, 2016**, as the Bar Date by which any person or other entity (other than a governmental unit) that wishes to assert a Prepetition Claim against the Debtor must file and serve a Proof of Claim; and (b) establishing **September 19, 2016** as the Governmental Units Bar Date; (c) precluding any person or other entity that fails to file and serve a Proof of Claim in the manner described in the English and Mandarin Publication Notice on or before the relevant Bar Date from asserting a right to payment of such claim, anytime thereafter; (f) approving the method and manner of publication and service of the Order Setting Bar Dates, the English and Mandarin Publication Notice, and the Proof of Claim form; and (g) granting such other and further relief as is just and proper under the circumstances.

Dated:  July 7, 2016                          PACHULSKI STANG ZIEHL & JONES LLP


By:     */s/ Gail S. Greenwood* _____
        Jeremy V. Richards
        Gail S. Greenwood

        Attorneys for Official Committee of
        Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

**(Mandatory Court-Approved Form of Order F3003-1)**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeremy V. Richards (CA SBN 102300)<br>John D. Fiero (CA SBN 136557)<br>Gail S. Greenwood (CA SBN 169939)<br>Victoria A. Newmark (CA SBN 183581)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760<br>E-mail: jrichards@pszjlaw.com<br>    jfiero@pszjlaw.com<br>    ggreenwood@pszjlaw.com<br>    vnewmark@pszjlaw.com<br><br>☐ *Individual appearing without attorney*<br>        Official Committee of Creditors Holding<br>☒ *Attorney for:*  Unsecured Creditors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** LOS ANGELES _____ **DIVISION**

| In re:<br>LIBERTY ASSET MANAGEMENT CORPORATION,<br><br><br><br><br><br><br><br><br><br>Debtor(s) | CASE NO.: 16-13575-TD<br>CHAPTER: 11 |
|---|---|
| | **ORDER SETTING BAR DATE FOR FILING PROOFS OF CLAIM**<br>**[FRBP 3003(c)(3); LBR 3003-1]** |
| | ☒ **No hearing: LBR 9013-1(q)**<br>☐ **Hearing information**<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |

Based either on a filed motion to set a bar date or on this court's own motion, IT IS ORDERED THAT:

1.    The general bar date for creditors of the Debtor to file proofs of claim (Bar Date) is *(date)* September 2, 2016 , with the exceptions set forth in mandatory court form F 3001-1.NOTICE.BARDATE. With respect to governmental units, the person completing the notice is responsible for ensuring that it states the correct exception. If the stated deadline is incorrect, then the actual deadline is hereby set as the latter of (a) the incorrect date stated in the notice, (b) the statutory deadline (11 U.S.C. §§ 101(27) and 502(b)(9)), or (c) the general Bar Date.

//

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

2.    On or before (*date*) July 15, 2016____, the Debtor must serve written notice of the bar date, using mandatory court form F 3003-1.NOTICE.BARDATE, on all creditors and the United States trustee.

3.    ☒    Other (*specify*):

(a)    for claims arising from the rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, the last day to file a proof of claim will be the later of thirty (30) days after the date of entry of the order authorizing the rejection, or September 2, 2016;

(b)    for claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a proof of claim will be the later of thirty (30) days after the entry of judgment avoiding the transfer or September 2, 2016; and

(c)    for claims of governmental units that arose before the Petition Date, the last day to file a proof of claim will be September 19, 2016, 180 days after the date of the Order for Relief in this case.

###

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 2                                    **F 3003-1.ORDER.BARDATE**
DOCS_SF:91303.1 52593/002

## EXHIBIT B.1

**(Form of Notice – English Version)**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

In re:

LIBERTY ASSET MANAGEMENT
CORPORATION,

Debtor and
Debtor in Possession

Case No.:  2:16-bk-13575-TD

Chapter 11

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

### TO:  ALL CREDITORS AND OTHER PARTIES IN INTEREST WITH CLAIMS AGAINST THE ABOVE-CAPTIONED DEBTOR:

**PLEASE TAKE NOTICE** that:

The United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court") entered an Order (the "Bar Date Order") in the chapter 11 case (the "Case") of the above-captioned debtors and debtor in possession (the "Debtor") in accordance with Bankruptcy Rule 3003(c) fixing the deadlines for filing proofs of claim ("Proofs of Claim") in this Case as set forth below:

a.    **September 2, 2016** (the "Bar Date") as the **last day** for the filing of Proofs of Claim in this Case for all claims (except as set forth below) against the Debtor arising prior to the time on March 21, 2016 the petition was filed (the "Petition Date");

b.    **September 19, 2016** (the "Governmental Units Bar Date") as the **last day** for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to file Proofs of Claim against the Debtors arising before the Petition Date;

c.    The **later of (a) 30 days after the date of entry of the order authorizing the rejection, or (b) September 2, 2016** (the "Rejection Bar Date") as the **last day** for the filing of Proofs of Claim against the Debtor arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code; and

d.    The **later of (a) 30 days after the entry of judgment avoiding the transfer, or (b) September 2, 2016** (the "Avoided Transfer Bar Date") as the **last day** for the filing of Proofs of Claim against the Debtor arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code.

**All claims**, as defined in section 101(5) of title 11 of the United States Code (the "Bankruptcy Code"), **arising before the Petition Date,** except as otherwise provided for or specifically excepted herein, shall be in writing, together with supporting documentation, substantially conforming with Official Bankruptcy Form 410, or as otherwise prescribed or authorized under the Bankruptcy Rules, **so they are actually received** on or before the Bar Date, the Governmental Units Bar Date, the Rejection Bar Date or the Avoided Transfer Bar Date, as applicable, at the following address:

### By First-Class Mail, Overnight Mail, or Hand Delivery:

**Clerk of Court**
**United States Bankruptcy Court**
**Central District of California**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Room 940**
**Los Angeles, CA 90012**

Proofs of Claim should be mailed or hand delivered to the Court Clerk at the above address **so they are actually received** by the Bar Date, the Governmental Units Bar Date, the Rejection Bar Date or the Avoided Transfer Bar Date, as applicable, and Proofs of Claim and that are emailed or sent by facsimile or telecopy, or sent to any other location will not be accepted.

The following claims, administrative requests, and interests are excepted from the provisions of the Bar Date Order (the "Excepted Claims/Interests") and are not required to be filed on or before the Bar Date, the Governmental Units Bar Date, the Rejection Bar Date or the Avoided Transfer Bar Date: (a) claims already received by the Court Clerk; (b) claims listed in the Debtor's Schedules, if the claimant does not dispute the amount or manner in which its claim is listed in the Schedules or the nature of the claim and if such claim is not designated therein as "contingent," "unliquidated," "disputed" or "unknown;" (c) claims arising on or after the Petition Date; (d) claims of professionals retained by the Debtor or any official committee appointed in this Case pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 328, 330, and 331 of the Bankruptcy Code; (e) claims by any person or entity whose claim has been paid by the Debtor or has been otherwise satisfied; (f) any claim for fees relating to this Case under 28 U.S.C. § 1930, and (g) equity interests in the Debtor. Should the Court, in the future, fix a date by which the Excepted Claims/Interest must be filed, you will be notified.

Any Proof of Claim required to be filed pursuant to the provisions of the Bar Date Order and not filed on or before the Bar Date, the Governmental Units Bar Date, the Rejection Bar Date or the Avoided Transfer Bar Date, as applicable, shall **not be treated as a valid claim** for the purposes of voting and distribution in this Case.

The Debtor's Schedules and/or the Bar Date Order may be (i) examined and inspected by interested parties during regular business hours at the office of the Clerk of the Court, 255 East Temple Street, Room 940, Los Angeles, California 90012; (ii) for a fee, on the Court's website, www.canb.uscourts.gov (a PACER account is required); or (iii) by contacting counsel for the Committee as set forth below.

Any questions concerning this notice should be directed to counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, Attn: Gail S. Greenwood at ggreenwood@pszjlaw.com or (415) 263-7000.

DOCS_SF:91213.4 52593/002

**<u>EXHIBIT B.2</u>**

**(Form of Publication Notice – Certified Translations in Simplified and**

**Traditional Chinese Characters)**

PACHULSKI STANG ZIEHL & JONES LLP
律师

美国破产法院加州中央区洛杉矶分部

案件编号：2:16-bk-13575-TD

关于：

LIBERTY ASSET MANAGEMENT
CORPORATION,

第11章

债务人和
拥有控制权的债务人

### 索赔证明提交截止日期通知

**收件人：所有债权人和其他向上述债务人索赔
的利益方**

**请注意：**

美国破产法院加州中央区洛杉矶分部（以下简称本"<u>法庭</u>"）已根据破产规则3003（c），为上述债务人和其他拥有控制权的债务人（以下简称"<u>债务人</u>"）的第11章案例（以下简称本"<u>案例</u>"）做出一个命令（以下简称"<u>截止日期命令</u>"），确定了在本案例中提交索赔证据（以下简称"<u>索赔证据</u>"）的期限，规定如下：

a.  <u>2016年9月2日</u>（以下简称"<u>截止日期</u>"）是为在提交呈请书日期2016年3月21日（以下简称"<u>呈请书日期</u>"）以前对债务人提出的所有索赔要求（除以下所列）为本案例提交索赔证据的**<u>最后一天</u>**。

b.  <u>2016年9月19日</u>（以下简称"<u>政府单位截止日期</u>"）是如《破产法》第101（27）节所定义，向所有政府单位提交在呈请书日期之前产生的对债务人的索赔证据的**<u>最后一天</u>**；

c.  （a）在判决授权反对日期后的30天，或（b）<u>2016年9月2日</u>，以后者为准，（以下简称"<u>反对截止日期</u>"），是依据《破产法》第365节，由于反对待履行合同或未到期租约而产生的对债务人提出的索赔证据提交的**<u>最后一天</u>**；及

d.  （a）在判决避免转移30天之后，或（b）<u>2016年9月2日</u>，以后者为准，（以下简称"<u>避免转帐日期</u>"），是依据《破产法》第5章，对于针对债务人避免转帐提出的索赔证据提交的**<u>最后一天</u>**。

**所有索赔要求**，按《美国法典》第11部分第101（5）节（以下简称"**《破产法》**"）中所定义，**在呈请书日期之前所产生的，**除本文中另有规定或特别例外，须以书面形式，连同证明文件，严格符合《正式破产表格410》，或依据破产规则另有规定或授权，以便在截止日期、政府单位截止日期、反对截止日期或避免转帐日期（适用日期）之前，

**通过普通邮件、隔夜快递、或亲自送达至以下地址，<u>以便能够实际收到他们</u>：**

法庭书记员（Clerk of Court）
美国破产法院加州中央区
（United States Bankruptcy Court
Central District of Califo
rnia）

DOCS_SF:91213.4 52593/002

1

Edward R. Roybal Federal Building and Courth
ouse 255 E. Temple Street, Room 940
Los Angeles, CA 90012

2

3

应按以上地址将索赔证据邮寄或亲自送达到法庭书记员，以便在截止日期、政府单位截止日期、反对截止日期或避免转帐日期（适用日期）之前，**实际收到他们。** 通过电子邮件发送或通过传真或发送至任何其它地址的索赔证据将**不**被接受。

5

以下索赔要求、管理要求和利益不受截止日期命令（以下简称"除外索赔/利益"）条文限制，并**不**需要在截止日期、政府单位截止日期、反对截止日期或避免转帐日期之前提交：（a）法庭书记员已经收到的索赔；（b）在债务人目录中所列出的索赔，如果索赔人没有争议金额或在目录中列出的索赔方式或索赔性质，**并且**如果该类索赔要求没有指定为"有条件的"、"未清偿的"、"有争议的"或"未知的"；（c）在呈请书日期或之后产生的索赔；（d）由债务人或任何官方委员会依据本法院命令为本案例任命专业人员，其声称依据《破产法》第328、330、和331节，应受法院批准的行政索赔费用和开支、由专业人员提出的索赔；（e）由任何个人或实体提出的索赔，其索赔要求已由债务人支付或已以其他方式满足；（f）依据1930年《美国法典》第28节与本案例有关的费用的任何索赔，和（g）债务人的股本利息。如果法院在未来确定一个必须提交除外索赔/利益的日期，您将收到通知。

6

为本案例表决和分配目的，任何依据截止日期命令的条文要求提交的索赔证据，如果未在截止日期、政府单位截止日期、反对截止日期或避免转帐日期（适用日期）或之前提交，将**不被视为有效的索赔。**

15

可能（i）在正常的工作时间在法庭书记员办公室，地址：255 East Temple Street, Room 940, Los   Angeles, California 90012；（ii）收费在该法院的网站 www.canb.uscourts.gov（需要一个 PACER 帐户）；或（iii）通过联系如下所述的律师委员会，由相关当事各方对债务人目录和/或截止日期命令审查和检查。

18

如对这一通知有任何问题，应直接联系律师委员会，Pachulski Stang Ziehl & Jones LLP, 联系人 Gail S. Greenwood: ggreenwood@pszjlaw.com 或（415）263-7000。

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
律师

DOCS_SF:91213.4 52593/002

1

美國破產法院加州中央區洛杉磯分部

2

個案編號：2:16-bk-13575-TD

3

關於：

4

LIBERTY ASSET MANAGEMENT    第11章
CORPORATION，

5

6

債務人和<br>持有控制權的債務人

7

索償證明提交截止日期通知

8

致：所有債權人及其他向上述債務人索償<br>的利益方

9

10

**請注意：**

11

美國破產法院中央區加州洛杉磯分部（以下簡稱本「<u>法院</u>」）已根據破產保護規則 3003 （ｃ），爲上述債務人和其他持有控制權的債務人（以下簡稱「<u>債務人</u>」）的第 11 章個案 （以下簡稱本「<u>個案</u>」）做出一個命令（以下簡稱「<u>截止日期命令</u>」），確定了在本個案中 提交索償證據（以下簡稱「<u>索償證據</u>」）的期限，規定如下：

12

a.  <u>**2016年9月2日**</u>（以下簡稱「<u>截止日期</u>」）為在提交呈請書日期2016年3月21日（以下簡 稱「<u>呈請書日期</u>」）之前對債務人提出的所有索償要求（以下所列除外）爲本個案提 交索償證據的**<u>最後一天；</u>**

13

b.  <u>**2016年9月19日**</u>（以下簡稱「<u>政府單位截止日期</u>」）為如破產法第101（27）所定義， 向所有政府單位提交在呈請書日期之前產生的對債務人的索償證據的**<u>最後一天；</u>**

·

c.  **（a）在判決授權反對日期後的30天，或（b）<u>2016年9月 2 日，以後者爲準，</u>**（以下簡 稱「<u>反對截止日期</u>」），為依據破產法第365節，由於反對待履行合同或未到期租約而 對債務人提出的索償證據提交的**<u>最後一天</u>；及**

20

d.  **（a）在判決避免轉移日期後的30天，或（b）<u>2016年9月2日，以後者爲準，</u>**（以下簡 稱「<u>避免轉帳日期</u>」），爲依據破產法第5章，對由於債務人避免轉帳提出的索償證據提 交的**<u>最後一天</u>。**

21

**所有索償**，按美國法典第11部分第101(5)節（以下簡稱「<u>破產法</u>」）所定義，在呈請書日期 之前所產生的，除本文中另有規定或特別例外，須以書面形式，連同證明文件，嚴格符合正 是破產表格410，或依據破產規則另有規定或授權，以便在截止日期、政府單位截止日期、 反對截止日期或避免轉帳日期（適用日期）之前，

26

**由普通郵件、隔夜快遞郵件、或手動傳送至以下地址，<u>以便能夠實際收到他們：</u>**

27

法庭書記員（Clerk of Court）

28

美國破產法院加州中央區  （U<br>nited States Bankruptcy Court Ce<br>ntral District of California）

PACHULSKI STANG ZIEHL & JONES LLP<br>律師

001 91213.4 52593 002

1    Edward R. Roybal Federal Building and Courthouse 255 E.
Temple Street，Room 940
2    Los Angeles，CA 90012

3    應按照上述地址將索賠證據郵寄或者親自送達給法庭書記員，以便在截止日期、政府單位截
止日期、反對截止日期或避免轉帳日期（適用日期）之前，**實際收到他們。**通過電子郵件或
傳送傳真或傳送至任何其他地址的索償證據**將不被接受。**

5
6    下列索償、行政要求、和利益可免受截止日期命令（以下簡稱「除外索償/利益」）條款限制，
並**不**需要在截止日期、政府單位截止日期、反對截止日期或避免轉帳日期（適用日期）之前
提交：（a）法庭書記員已收到的索償；（b）在債務人目錄中所列索償，**若**索償人不會爭議其
金額或在目錄中列出的索償方式或索償性質，**及**如該類索償並未指定為「有條件性」、
「未清償」、「有爭議」、或「未知」；（c）在呈請書日期或之後產生的索償；（d）由債務
人或任何官方委員會依據本法院命令為本個案按任命專業人員，并聲稱依據破產法第328、330
及331節，應受法院批準的行政索賠費用和開支、由專業人員提出的索償;（e）由任何個人
或實體提出的索償，其索償要求已由債務人支付或已以其他方式滿足；（f）依據1930年美
國法典第28節与本個案相關的費用的任何索償及（g）債務人的淨值利益。如果法院在未來
確定一個必須提交除外索償/利益的日期，您將會收到通知。

7    為本個案表決和分配目的，任何須依據截止日期命令條文要求提交的索償證據，在截止日期、
政府單位截止日期、反對截止日期或避免轉帳日期（適用日期）或之前提交，不應**被視為一
種有效索償。**

15
可能（i）在正常上班時間在法庭書記員辦公室，地址：255 East Temple Street，Room 940，Lo
sAngeles，California 90012；（II）收費在該法庭的網站 www.canb.uscourts.gov（需要一個 PACER
帳戶）；或（iii）通過聯係如下所述法律顧問委員會，由相關當事雙方對債務人目錄和/或截止
18   日期命令予以審查及檢查。

若關於此項通知有任何問題，應直接聯係法律顧問委員會、Pachulski
19   Stang Ziehl & Jones LLP，受文者：Gail S. Greenwood 於 ggreenwood@pszjlaw.com 或（415）263-
7000。

20

21

22

23

24

25

26

27

28

2

**EXHIBIT C**

**(Proof of Claim Form)**

DOCS_SF:91213.4 52593/002

**Fill in this information to identify the case:**

Debtor 1    Liberty Asset Management Corporation

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number    16-13575-TD

Official Form 410

# Proof of Claim

12/15

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. | **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor |
| 2. | **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes.  From whom? |
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name<br><br>Number      Street<br><br>City            State         ZIP Code<br><br>Contact phone<br><br>Contact email<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | **Where should payments to the creditor be sent?** (if different)<br><br>Name<br><br>Number      Street<br><br>City            State         ZIP Code<br><br>Contact phone<br><br>Contact email |
| 4. | **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known) _____     Filed on _____<br>                                                                             MM / DD / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes.  Who made the earlier filing? _____ |

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |

| | |
|---|---|
| 7. **How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>    ☐ No<br>    ☐ Yes. Attach statement itemizing interest, fees, expenses, or other<br>             charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Specify any investment property and/or any special purpose entity (LLC) that is the basis of your claim.<br><br>_____ |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br>☐ Yes.  The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                      $_____<br>**Amount of the claim that is secured:**     $_____<br><br>**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured<br>                                                              amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**   $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

❑ No

❑ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ❑ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ❑ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ❑ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

---

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

❑ I am the creditor.

❑ I am the creditor's attorney or authorized agent.

❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | _____ |
|---|---|
| | First name          Middle name          Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number          Street |
| | _____ |
| | City          State     ZIP Code |
| Contact phone | _____          Email _____ |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (A) ESTABLISHING THE PROCEDURES AND DEADLINES FOR FILING PROOFS OF CLAIM AND INTERESTS; AND (B) APPROVING FORM AND MANNER OF NOTICE OF BAR DATES; AND (C) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 7, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 7, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 7 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS**
Honorable Thomas B. Donovan
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352
Los Angeles, CA  90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 7, 2016 | SOPHIA L. LEE | /s/ Sophia L. Lee |
|---|---|---|
| | *Printed Name* | *Signature* |

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Kyra E Andrassy    kandrassy@swelawfirm.com,
  csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
  csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- John D Fiero    jfiero@pszjlaw.com, ocarpio@pszjlaw.com
- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Gail S Greenwood    ggreenwood@pszjlaw.com, efitzgerald@pszjlaw.com
- David S Henshaw    david@henshawlaw.com, info@henshawlaw.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Ian Landsberg    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- David W. Meadows    david@davidwmeadowslaw.com
- Charles Alex Naegele    alex@canlawcorp.com, alexnaegelelaw@gmail.com
- Victoria Newmark    vnewmark@pszjlaw.com
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Laura Palazzolo    laura.palazzolo@berliner.com, sabina.hall@berliner.com
- Jeremy V Richards    jrichards@pszjlaw.com,
  bdassa@pszjlaw.com;imorris@pszjlaw.com
- Mark Romeo    romeolaw@msn.com
- Robert M Saunders    rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- James S Yan    jsyan@msn.com
- 

2. <u>**SERVED BY UNITED STATES MAIL**</u>:

| AA 166 Geary LLC<br>Attn: Reuben Robin<br>449 S. Beverly Drive<br>Beverly Hills, CA  90212 | Alan D. and Julianne F. Nolet<br>2400 Grove Blvd.<br>Austin, TX  78741 | Benjamin Kirk<br>c/o David Meadows, Esq.<br>1801 Century Park East, Suite 1235<br>Los Angeles, CA  90067 |
| --- | --- | --- |
| Block 3 Development Partners LLC<br>4 Embarcadero Center, Ste. 3300<br>San Francisco, CA  94111 | David Trinh<br>Trinh Law<br>99 N 1st St, Ste 200<br>San Jose, CA  95113 | East West Bank<br>Attn:  Risk Operations Dept.<br>9500 Flair Drive, 4th Floor<br>El Monte, CA  91731 |
| First American Title Company<br>Attn:  Corporate Service Co.<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA  95833 | Helena Chang Cosman<br>3579 E. Foothill Blvd., Ste. 621<br>Pasadena, CA  91107 | Lucy Gao<br>Attn:  Robert Lisnow, Esq.<br>10866 Wilshire Blvd., Suite 400<br>Los Angeles, CA  95833 |

2

| | | |
|---|---|---|
| Margaret Chiu<br>935 S. San Gabriel Blvd.<br>San Gabriel, CA  91776 | Mega Bank<br>Attn:  Elsie Chow<br>Senior Vice President<br>245 West Valley Blvd.<br>San Gabriel, CA  91776-3737 | Northern California Mortgage<br>Fund VII<br>Attn: Mark Romeo, Esq.<br>Law Offices of Mark J. Romeo<br>235 Montgomery St., Ste. 400<br>San Francisco, CA  94104 |
| Samantha Galapin<br>4708 Merced Ave.<br>Baldwin Park, CA  91706 | Scott Whitman<br>Scott L. Whitman, Inc.<br>5670 Wilshire Blvd., Ste. 2170<br>Los Angeles, CA  90036 | Sincere Escrow<br>Attn:  Margaret Chiu<br>935 S. San Gabriel Blvd.<br>San Gabriel, CA  91776 |
| SJ 10177 LLC<br>5150 El Camino Real #B-23<br>Los Altos, CA  94022 | Tsai Luan Ho<br>126 Atherton Ave.<br>Atherton, CA  94027 | Tsai Luan Ho<br>Attn:  George Eshoo<br>Law Offices of George P. Eshoo<br>702 Marshall St., Suite 500<br>Redwood City, CA  94063 |
| Vanessa Lavendera<br>f/k/a Vanessa Van Holland<br>6984 Vining Street<br>Chino, CA  91710 | | |

3. **SERVED BY EMAIL:**

   Liberty Asset Management Corporation
   400 S. Hope Street, Suite 1050
   Los Angeles, CA  90071
   Attn:  Lawrence Perkins, Chief Restructuring Officer
   lperkins@scpllc.com

DOCS_SF:91213.4 52593/002