1  JEREMY V. RICHARDS (CA SBN 102300)
   GAIL S. GREENWOOD (CA SBN 169939)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, CA  90067
   Telephone: 310/277-6910
4  Facsimile: 310/201-0760
   E-mail:  jrichards@pszjlaw.com
5          ggreenwood@pszjlaw.com

6  Attorneys for Bradley D. Sharp, Plan Administrator under
   the Confirmed First Amended Chapter 11 Plan of
7  Liquidation Dated January 31, 2018 for Liberty Asset
   Management Corporation

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        LOS ANGELES DIVISION

11

12  In re:                              Case No.:  2:16-bk-13575-ER

13  LIBERTY ASSET MANAGEMENT            Chapter 11
    CORPORATION,
14                                      **PLAN ADMINISTRATOR'S OBJECTION
                  Liquidating Debtor.   TO CLAIM NUMBER 30-2 FILED BY
15                                      GREAT VISTA REAL ESTATE
                                        CORPORATION; DECLARATION OF
16                                      GAIL GREENWOOD IN SUPPORT
                                        THEREOF**

17                                      Date:   September 5, 2018
                                        Time:   10:00 a.m.
18                                      Place:  Courtroom 1568
                                                255 E. Temple Street
19                                                Los Angeles, CA 90012
20                                      Judge:  Ernest Robles

21          Bradley D. Sharp, Plan Administrator under the confirmed *First Amended Chapter 11 Plan of*

22  *Liquidation Dated January 31, 2018 for Liberty Asset Management Corporation* (the "Plan

23  Administrator") objects to proof of claim number 30-2 (the "Claim") filed by Tsai Luan Ho ("Ho")

24  Shelby Ho ("Ho") on behalf of Great Vista Real Estate Corporation ("Great Vista") in the amount of

25  $650,000.  The Claim seeks recovery of "$450,000 advanced; $200,00 [sic] indemnity claim for

26  attorneys' fees."  A copy of the Claim is attached to the Declaration of Gail Greenwood as **Exhibit A**.

27  The Claim should be dismissed because Ho's recovery of an investment in 2010 is time-barred, and

28  Ho has no recollection of the circumstances of a purported promissory note by Liberty.

                                        1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# I.

## FACTUAL BACKGROUND

**The Debtor.** Liberty Asset Management Corporation ("Liberty") was a real estate investment company that bought and sold real property using a combination of its own cash, cash from investors, and bank loans.    At all relevant times, Benny Kirk was the President and CEO of Liberty.

**The Bankruptcy**.  Liberty filed a petition under chapter 11 of the Bankruptcy Code on March 21, 2016 (the "Petition Date").  On June 18, 2018, the Court confirmed the *Official Unsecured Creditors' Committee's First Amended Chapter 11 Plan of Liquidation Dated January 31, 2018* (the "Liberty Plan"), which went effective on July 2, 2018. [Docket Nos. 665, 678.]  The Plan Administrator is the sole representative of the Liberty Estate.  [Liberty Plan [Docket No. 609], at Article VII(D)(1).]  As such, the Plan Administrator has the power and authority to, among other things, "prosecute, compromise and/or settle claims and Causes of Action and objections to Claims on behalf of the Estate." [Liberty Plan, Article VII(D)(2)(p)].

**Ho and Great Vista's Relationship to Liberty.**  Ho is a licensed real estate broker who was first introduced to Kirk and Liberty through an employee working in Northern California.  Ho is the sole shareholder of Great Vista, which is her real estate brokerage company.  On or about October 17, 2009, Ho on behalf of Great Vista, and Kirk, on behalf of Liberty, entered a Profit Sharing Agreement.  The salient terms of the Profit Sharing Agreement are set forth in three paragraphs:

1. Liberty agrees to partner with Great Vista in marketing and selling of real estate properties.
2. Liberty agrees to share profit with Great Vista.  Profit will be determined by adding acquisition expenses [and] the purchase price as base of cost. Selling price less cost is profit.  Liberty agrees to share profit with Great Vista evenly as 50/50 percent.
3. The profit will be distributed at the close of the selling transaction.

Ho has testified that she did not market or sell properties, and only introduced investors to Liberty to purchase properties in exchange for her share of profits, sometimes referred to as her commission. Sometimes, Kirk and Ho orally agreed that Ho would earn a different percentage than the 50/50 specified in the Profit Sharing Agreement.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

**The Ho Adversary Proceeding and Ho Bankruptcy.**  The Official Committee Unsecured Creditors for Liberty commenced an adversary proceeding against Ho and Kirk in August 2016 for breach of fiduciary duty and avoidance and recovery of fraudulent transfers, Adv. Pro. 2:16-ap-01374-ER.  Trial of the Ho adversary proceeding was scheduled to begin on May 29, 2018.  On the eve of trial, on May 28, 2018, Ho filed a chapter 7 petition for bankruptcy in the Northern District of California, Case Number 3:18-bk-30581-DM.  The bankruptcy court denied the Committee's motion for relief from stay to prosecute the adversary proceeding, and the Committee thereafter filed a motion to determine that Ho's liability to Liberty is non-dischargeable under 11 U.S.C.§ 523(a)(4).  Based on parallel litigation, the Ho adversary proceeding will be dismissed without prejudice on or before August 7, 2018.  The Plan Administrator has filed a proof of claim against Ho for $11,011,304.00 (Claim 5-1) based on the damages sought in connection with the Ho adversary proceeding.

**The Great Vista Claim.**  Great Vista filed its Claim seeking $650,000 based on "$450,000 advanced; $200,00 [sic] indemnity claim for attorneys' fees."  The Claim attaches the first and last page of an investment contract and a Settlement Agreement dated September 2, 2011, and a promissory note payable to Great Vista for $200,000 dated September 22, 2014 ("Great Vista Note").  *See* Greenwood Declaration, **Exhibit A**.  Neither the former Committee nor the Plan Administrator has located any of the Claim attachments among Liberty's available records.

When asked at her deposition about the Claim, Ho initially questioned what it was and what the amounts were for.  Evidently, another creditor, Jean Hung made her sign the proof of claim form so she has very little recollection of the bases for the Claim.  She ultimately recalls that she paid $425,000 under an investment contract between Liberty, several other entities, and Great Vista to purchase property at 150 Middlefield Road.  A year later, Great Vista/Ho entered a purported Settlement Agreement with Liberty/Kirk to pay $450,000 as a release of all claims related to the investment, but the settlement was not paid.[1]  The Settlement Agreement was entered more than four

---

[1]  The investment contract at issue was between Liberty and insiders or preferred investors: Kirk/Sunshine Valley, Tsang/ELSV, and Ho/Great Vista.  The Plan Administrator has not identified any similar Settlement Agreements arising from a failed investment in the absence of litigation.  Instead, if Liberty could not close an investment, the parties typically entered a new investment contract and the investor's funds were rolled over to another investment.  If the investor desired a refund, the parties entered a cancellation contract that governed the refund, if any.

DOCS_SF:96289.4 52593/002

years prior to the Petition Date.  Ho has no information regarding the Great Vista Note, including whether any money was loaned by Great Vista or by friends of Ho.  Sometimes, she borrowed money from friends for Liberty and they wanted to see a promissory note.  She does not recall the circumstances of the Great Vista Note.  She never made any demands for repayment of the Great Vista Note.  She does not recall if the note was even attached to the claim form when she signed it.  *See* Greenwood Declaration, **Exhibit B** (deposition excerpts).

**The Great Vista Bankruptcy.**  Great Vista filed a chapter 11 petition for bankruptcy on January 10, 2018.  *See* USBC ND Cal., Case No. 18-bk-30032-DM.  Great Vista did not schedule Liberty as a creditor.  More significantly, Great Vista did not schedule the purported Claim among its assets.  *See* Greenwood Declaration, **Exhibit C** (bankruptcy petition).  Great Vista's only assets were property at 126 Atherton Avenue, which was the basis for the Committee's fraudulent transfer claims against Ho, and an alleged claim against Kirk for fraud and conversion.  *Id.* at pp. 12-13.  On March 5, 2018, the Committee filed a proof of claim against Great Vista (Claim 6-1).

## II.

## ARGUMENT

### A.    Great Vista's Claim for $450,000 Under the Settlement Agreement is Time-Barred.

The statute of limitations for breach of a written contract in California is four years.  Code of Civ. Proc. § 337(1).  Great Vista seeks recovery of $450,000 under a purported investment agreement dated September 2, 2010,[2] which was subject to a written Settlement Agreement dated September 2, 2011.

The Settlement Agreement required payment more than four years prior to the Petition Date.  Greenwood Declaration, **Exhibit A** (payment due October 2, 2011).  Accordingly, recovery under the agreement is time-barred.

//

//

---

[2]  Great Vista has failed to produce a complete copy of the investment agreement, despite requests.  The Plan Administrator questions whether there was an actual investment of cash, as opposed to an oral commitment among insiders based on alleged commission or other alleged obligations.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

**B.**    **Great Vista's Claim for $200,000 "Indemnity for Attorneys' Fees" Should Be Disallowed Because Ho Lacks Any Knowledge to Support a Valid Claim.**

Great Vista also seeks to recover $200,000 from Liberty based on what is described as "indemnity for attorneys' fees."  Great Vista simultaneously attaches the Great Vista Note for $200,000 by Liberty payable to Great Vista, dated September 22, 2014.  This portion of the Claim should be disallowed because Ho has no recollection of the Great Vista Note or whether value was given to Liberty by Great Vista.

Ho testified that she doesn't remember the Great Vista Note, and that it may have been money loaned by her or her friend.  She says nothing about attorneys' fees.

> Q: Do you have any recollection of the circumstances surrounding this promissory note, dated September 22, 2014?
>
> (Translation by translator.)
>
> A: Sometimes, like, I need to borrow money from my friend, and they are really serious.  They want to see [a] promissory note.  Then, I will tell Benny, "You need to make one."  Yeah.
>
> \* \* \*
>
> Q: **Was it loaned by Great Vista?**
>
> A: Yeah, because we used the business to do the transaction, you know.
>
> Q: **But this was not money that was loaned by your friend, right?**
>
> A: **Maybe me or maybe my friend.  I don't remember.**

Greenwood Declaration, **Exhibit B** at pp. 273-74 (emphasis added).  Ho has no recollection of whether the Great Vista Note was attached to the Claim when she signed it (*id.* at pp. 275-76), and she never demanded payment of the Great Vista Note (*id.* at p. 277).

In sum, Ho has no information regarding the purported Great Vista Note.  She cannot demonstrate that there was an actual loan from Great Vista, as opposed to any number of friends, to Liberty or that Liberty has any obligation to Great Vista.  Moreover, Ho's identification of the assets of Great Vista under penalty of perjury in the recent bankruptcy petition does not include the alleged settlement agreement or promissory note.  The Claim should be disallowed because Great Vista lacks the critical information to support a valid obligation and Ho herself has not identified any obligation owed by Liberty to Great Vista.

//

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**C.**  **Great Vista Bears the Burden of Proof As to Its Alleged Claim.**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth the facts necessary to establish a claim, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  Bankr. Code §502(a); Fed. R. Bankr. P. 3001(f).  However, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  Bankr. Code §502(b)(1).  Further, if an objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as to the validity and amount of the claim.  *In re Holm*, 931 F.2d 620, 623 (9ᵗʰ Cir. 1991); *see also, In re Pugh,* 157 B.R. 898, 901 (BAP 9ᵗʰ Cir. 1993); *In re Fidelity Mortgage Holding Co., Ltd.,* 837 F.2d 696, 698 (5th Cir. 1988) ("[T]he claimant must ... 'prove the validity of the claim by a preponderance of the evidence.'  The ultimate burden of proof always rests upon the claimant.").

As set forth above, Great Vista has not demonstrated a valid claim against Liberty.  The Plan Administrator has no record of any alleged liability of Liberty to Great Vista.

**D.**  **Reservation of Rights.**

The Plan Administrator reserves the right to amend, modify or supplement this Objection and to file additional objections to the Claim, or any other proofs of claim (filed or not) which may be asserted against the estate.  Should the grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Plan Administrator reserves the right to object to the Claim on any other grounds which it may discover or deem appropriate.

**III.**

**NOTICE OF THIS OBJECTION**

Notice of this Objection and supporting documents will be served on Great Vista's counsel at the address specified in its Claim, Ho's former litigation counsel, and those parties that have requested special notice in the bankruptcy.

**IV.**

**CONCLUSION**

The Plan Administrator requests that the Court enter an order disallowing the Great Vista's Claim on the grounds that (1) recovery under the purported Settlement Agreement is time-barred,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_SF:96289.4 52593/002

and (2) Ho on behalf of Great Vista lacks any information to support payment under the purported

Great Vista Note, and Liberty's records do not support any alleged obligation to Great Vista.


Dated:  August 1, 2018                    PACHULSKI STANG ZIEHL & JONES LLP


                                          By:  _____/s/ Gail S. Greenwood_____
                                               Jeremy V. Richards
                                               Gail S. Greenwood
                                               Attorneys for Bradley D. Sharp, Plan
                                               Administrator under the Confirmed First Amended
                                               Chapter 11 Plan of Liquidation Dated January 31,
                                               2018 for Liberty Asset Management Corporation

DOCS_SF:96289.4 52593/002

## DECLARATION OF GAIL S. GREENWOOD

I, Gail S. Greenwood, declare as follows:

1.      I am an attorney at law duly licensed to practice in the state and federal courts in the State of California, and admitted to practice before this Court.  I am an attorney with the law firm of Pachulski Stang Ziehl & Jones LLP, counsel to the Plan Administrator and former counsel to the Official Committee of Unsecured Creditors (the "Committee")[1] of Liberty Asset Management Corporation.

2.      I make this declaration in support of the Plan Administrator's *Objection to Claim Number 30-2 Filed by Great Vista Real Estate Corporation.*  The facts stated herein are of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

3.      A true and correct copy of the Claim is attached hereto as **Exhibit A**.

4.      A true and correct copy of excerpts from Ho's deposition taken on May 26, 2017, is attached hereto as **Exhibit B**.

5.      A true and correct copy of Great Vista's petition for bankruptcy, including its schedules of assets and liabilities, is attached hereto as **Exhibit C**.

6.      I have searched available files of Liberty for transactions between Great Vista, Ho, and Liberty.  I have not located any of the Claim attachments among Liberty's files.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of August, 2018, at San Francisco, California.

*/s/ Gail S. Greenwood*
Gail S. Greenwood

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1]  Capitalized terms not otherwise defined have the meanings set forth in the accompanying Opposition.

# EXHIBIT A

# EXHIBIT A

Fill in this information to identify the case:

Debtor 1    LIBERTY ASSET MANAGEMENT CORPORATION

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: CENTRAL _____ District of CALIF. _____
                                                         (State)

Case number 2:16-bk-13575-TD _____

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | |
| --- | --- |
| 1. **Who is the current creditor?** | GREAT VISTA REAL ESTATE INVESTMENT CORPORATION <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | [X] No <br> [ ] Yes. From whom? _____ |

| 3. **Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| --- | --- | --- |
| | Daniel J. McCarthy <br> Name <br> 300 S. Grand Ave., 37th Floor <br> Number    Street <br> Los Angeles, CA 90071 <br> City    State    ZIP Code <br><br> Contact phone (213) 621-0802 <br> Contact email dmccarthy@hfbllp.com <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> _ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _ | Great Vista Real Estate Investment Corp. <br> Name <br> 126 Atherton Ave. <br> Number    Street <br> Atherton, CA 94027 <br> City    State    ZIP Code <br><br> Contact phone _____ <br> Contact email shelby88@gmail.com |

| | |
| --- | --- |
| 4. **Does this claim amend one already filed?** | [ ] No <br> [X] Yes. Claim number on court claims registry (if known) 30 _____     Filed on 10/29/2016 _____ <br>                                                                 MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | [X] No <br> [ ] Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

[ X ] No

[ ] Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $ 650,000_____ . **Does this amount include interest or other charges?**

[ X ] No

[ ] Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

$450,000 advanced; $200,00 indemnity claim for attorneys' fees_____
and costs incurred in two lawsuits.

**9. Is all or part of the claim secured?**

[ X ] No

[ ] Yes.   The claim is secured by a lien on property.

**Nature of property:**

[ ] Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

[ ] Motor vehicle

[ ] Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____ %

[ ] Fixed

[ ] Variable

**10. Is this claim based on a lease?**

[ X ] No

[ ] Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

[ X ] No

[ ] Yes. Identify the property: _____

2 of 11                                    Exh. A to Decl. of Greenwood

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

[X] No

[ ] Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| [ ] Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| [ ] Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| [ ] Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| [ ] Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| [ ] Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| [ ] Other. Specify subsection of 11 U.S.C. § 507(a)( ____ ) that applies. | $ _____ |

*  Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

[X] I am the creditor.

[ ] I am the creditor's attorney or authorized agent.

[ ] I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

[ ] I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  <u>10/28/2016</u>
                        MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Tsai-Luan                          Ho |
|---|---|
| | First name          Middle name          Last name |
| Title | Officer |
| Company | Great Vista Real Estate Investment Corporation |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 126 Atherton Avenue |
| | Number          Street |
| | Atherton, CA 94027 |
| | City                    State          ZIP Code |
| Contact phone | Atty: (213) 621-0802 | Email | shelby88@gmail.com- |

# EXHIBIT A



# LIBERTY ASSET MANAGEMENT CORPORATION

## REAL ESTATE OWNED/NON-PERFORMING NOTES
## PURCHASE AND SALE AGREEMENT

Between

**Liberty Asset Management Corporation**
("*Seller*")

and

**ELSV, LLC as to an undivided 54.06% interest and Great Vista Real
Estate Corporation as to an undivided 22.97% interest and Sunshine
Valley, LLC as to an undivided 22.97% interest as Tenants In
Common**
("*Purchaser*")

Effective
**September 2, 2010**

*I paid $ 425000 -
Never pay me back*

*Claim $ 450.000?
$ 25000 for 5 Years
interest ?*

9.10  **Governing Law.** The validity, interpretation, and performance of this Agreement shall be governed by and construed and interpreted in accordance with the laws of the State of California.

9.11  **Waiver of Jury Trial.** EACH OF THE PARTIES HERETO WAIVES ITS RESPECTIVE RIGHTS TO A TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE TRANSACTION(S) CONTEMPLATED HEREBY OR THEREBY IN ANY ACTION, PROCEEDING OR OTHER LITIGATION OF ANY TYPE BROUGHT BY ANY PARTY AGAINST THE OTHER PARTY, WHETHER WITH RESPECT TO CONTRACT CLAIMS, TORT CLAIMS, OR OTHERWISE. EACH OF THE PARTIES HERETO AGREES THAT ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE TRIED BY A COURT TRIAL WITHOUT A JURY. WITHOUT LIMITING THE FOREGOING, THE PARTIES FURTHER AGREE THAT THEIR RESPECTIVE RIGHT TO A TRIAL BY JURY IS WAIVED BY OPERATION OF THIS PARAGRAPH AS TO ANY ACTION, COUNTERCLAIM OR OTHER PROCEEDING WHICH SEEKS, IN WHOLE OR IN PART, TO CHALLENGE THE VALIDITY OR ENFORCEABILITY OF THIS AGREEMENT OR ANY PROVISION HEREOF OR THEREOF. THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, SUPPLEMENTS OR MODIFICATIONS TO THIS AGREEMENT.

9.12  **Attorney's Fees.** If either party becomes involved in litigation (including bankruptcy proceedings) or other proceedings arising out of or relating to this Agreement, the court will award legal expenses (including reasonable attorney's fees, court costs and other legal expenses) to the prevailing party. The award for legal expenses will not be computed in accordance with any court schedule, but will be as necessary to fully reimburse all reasonable attorney's fees and other legal expenses paid or incurred in good faith, regardless of the size of the judgment or award, it being the intention of the parties to fully compensate for all the reasonable attorney's fees and other legal expenses paid or incurred in good faith.

9.12.1  For the purpose of this Agreement, the terms **"attorney's fees"** or **"attorney's fees and costs"** mean the fees and expenses of counsel, printing, duplicating and other expenses, air freight charges, and fees billed for law clerks, paralegals, librarians and other not admitted to the bar but performing services under the supervision of any attorney.

9.12.2  The terms **"attorney's fees"** or **"attorney's fees and costs"** also include all reasonable fees and expenses incurred with respect to appeals, bankruptcy and other proceedings, and whether or not any action or proceeding is brought with respect to the matter for which said fees and expenses were incurred.

9.13  **Successors and Assigns.** This Agreement is binding upon the parties hereto and their respective successors and assigns and shall inure to the benefit of the parties hereto and their respective permitted successors and assigns.

9.14  **Time is of the Essence.** The parties to this Agreement acknowledge and understand that time is of the essence.

**IN WITNESS WHEREOF,** each of the undersigned parties to this Agreement has caused this Agreement to be duly executed by one of its duly authorized officers or members, all as of the date first written above.

**SELLER**
Liberty Asset Management Corporation

| | |
|---|---|
| Asset Manager | Date |
| Portfolio Operation Manager | Date 9.2.10 |

**PURCHASER**
ELSV, LLC

| | |
|---|---|
| Title | Date |

Great Vista Real Estate Corporation

| | |
|---|---|
| Title | Date 8/2/10 |

Sunshine Valley LLC

| | |
|---|---|
| Title | Date |

# EXHIBIT B

Exh. A to Decl. of Greenwood

## SETTLEMENT AGREEMENT

This Agreement ("Agreement"), entered into as of September 2, 2011 (the "Effective Date") is by and between Liberty Asset Management Corporation, a California Corporation and Great Vista Real Estate Corporation, a California Corporation, and is intended by the Parties hereto to settle fully and finally any and all claims, obligations, disputes and/or differences between them including, without limitation, those claims and/or differences described hereinafter.

## RECITALS

WHEREAS Great Vista Real Estate Corporation. Invested $424,945.00 in real property located at 150 Middlefield Road, Menlo Park, CA 94025 ("Property") owned by Liberty Asset Management Corporation in or around September 2, 2010.

WHEREAS, Great Vista Real Estate Corporation now wishes to sell its entire interest in the property to Liberty Asset Management Corporation for a purchase price of $450,000.00;

WHEREAS, Liberty Asset Management Corporation Is willing to purchase Great Vista Real Estate Corporation's interest in the Property for $450,000.00.

WHEREAS, the Parties desire to release, waive, and forever discharge certain claims subject to the terms and conditions set forth below:

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants and obligations set forth herein, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

## SECTION 1 - DEFINITIONS

1.1   "Party" or "Parties" shall mean Liberty Asset Management Corporation, and Great Vista Real Estate Corporation either collectively or individually as indicated by the context, along with their legal successors and assigns in interest if applicable.

1.2   "Property" shall mean the real property located at 150 Middlefield Road, Menlo Park, CA 94025.

## SECTION 2 – PAYMENT

2.1   Liberty Asset Management Corporation shall pay the total sum of $450,000.00 ("Settlement Payment") for (i) All of Great Vista Real Estate Corporation's rights, title, and interest in and to the Property, (II) any and all of Great Vista Real Estate Corporataion's purported rights, title, and interest in and to Liberty Asset Management Corporation , and (iii) as full and complete settlement and release of all claims specified in Section 3 of this Agreement.  Liberty Asset Management Corporation is jointly and severally liable for payment of the entire Settlement Payment to Great Vista Real Estate Corporation.

Exh. A to Decl. of Greenwood

2.2    The Settlement Payment shall be paid in installments as follows:

(a)    Payment of $450,000 on October 2, 2011

## SECTION 3 – MUTUAL RELEASE

3.1    In consideration of payment of the Settlement Payment and promises set forth in this Agreement, upon the Effective Date, the Parties hereby forever release, remit, and discharge and acquit each other.

## SECTION 4 – ENTIRE AGREEMENT

4.1    This Agreement constitutes the entire agreement between the Parties hereto with respect to the subject matter hereof and supersedes all previous negotiations or agreements,, whether written or oral, with respect t the subject matter hereof.  Any modification of the Agreement shall be in writing and shall be signed by each Party or by a duly authorized representative of each Party.  There are no understandings, representations or warranties except as herein expressly set forth, and no rights are granted except set forth herein.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the dates indicated below:

**LIBERTY ASSET MANAGEMENT CORPORATION**

BY: _____    DATE _____

Name _Benny, Kirk_

**GREAT VISTA REAL ESTATE CORPORATINO**

BY: _____    DATE ___9/2/11___

Name _Tsai-Luan Ho_

Exh. A to Decl. of Greenwood

# EXHIBIT C

## PROMISSORY NOTE

$200,000.00                                        September 22, 2014

FOR VALUE RECEIVED, the undersigned, Liberty Asset Management Corporation (the "Maker"), hereby promises to pay to the order of Great Vista Real Estate Corporation ("Payee"), the principal sum of $200,000.00 pursuant to the terms and conditions set forth herein.

**PAYMENT OF PRINCIPAL.** The principal amount of this Promissory Note (the "Note") shall be due and payable on September 22, 2015. If not sooner paid, the entire remaining indebtedness shall be due and payable on September 22, 2015.

**REMEDIES.** No delay or omission on part of the holder of this Note in exercising any right hereunder shall operate as a waiver of any such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The rights and remedies of the Payee shall be cumulative and may be pursued singly, successively, or together, in the sole discretion of the Payee.

**WAIVERS BY MAKER.** All parties to this Note including Maker and any sureties, endorsers, and guarantors hereby waive protest, presentment, notice of dishonor, and notice of acceleration of maturity and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

**GOVERNING LAW.** This Note shall be governed by, and construed in accordance with, the laws of the State of California.

**SUCCESSORS.** All of the foregoing is the promise of Maker and shall bind Maker and Maker's successors, heirs and assigns; provided, however, that Maker may not assign any of its rights or delegate any of its obligations hereunder without the prior written consent of the holder of this Note.

IN WITNESS WHEREOF, Maker has executed this Promissory Note as of the day and year first above written.

LIBERTY ASSET MANAGEMENT CORPORATION

_____ (BORROWER SIGNATURE)

Benny Kirk (BORROWER NAME)

Exh. A to Decl. of Greenwood

# EXHIBIT B

# EXHIBIT B

1          UNITED STATES BANKRUPTCY COURT

           CENTRAL DISTRICT OF CALIFORNIA

2            LOS ANGELES DIVISION

3

   In re:

4  LIBERTY ASSET MANAGEMENT

   CORPORATION, a California

5  corporation,

6          Debtor and

          Debtor in Possession.

7  ——————————————————————————————————

   OFFICIAL UNSECURED CREDITORS

8  COMMITTEE FOR LIBERTY ASSET

   MANAGEMENT CORPORATION,

9

          Plaintiff,

10  vs.                  Case No.:

                       2:16-bk-13575-ER

11

   TSAI-LUAN HO, an individual, and    Adv. No.:

12  BENJAMIN KIRK, an individual,     2:16-ap-01374-ER

13          Defendants.

          Defendants.

14  ——————————————————————————————————

15

16

17      DEPOSITION OF TSAI-LUAN "SHELBY" HO

18        San Francisco, California

19         Friday, May 26, 2017

20

21

22

23

24  REPORTED BY:

   TAVIA MANNING, CSR No. 13294, CLR, CCRR, RPR

25  JOB NO. 123179

Page 264

1        But that's for payment of...

2        A.   Yeah, compared to the pile, that's small.

3    Yeah.

4            MS. GREENWOOD:   Does anyone need a break?

5            MR. CANTOR:   Yeah.

6            THE WITNESS:   No.   I'm okay.

7            MS. GREENWOOD:   Just five minutes.

8            (Recess taken.)

9            (Deposition Exhibit Number 20 was marked for

10           identification.)

11   BY MS. GREENWOOD:

12       Q.   I am going to mark as Exhibit 20 your Amended

13   Proof of Claim.   And my first question, and I'll give

14   you a chance to read it --

15       A.   I have so many of this stuff.

16       Q.   -- did you review and sign it?

17       A.   I don't even know what's this.   Proof of Claim;

18   what's that?

19           (Translation by translator.)

20       A.   (Through interpreter:)   So Proof of Claim to

21   whom?

22           (Witness in English:)   Daniel McCarthy, I don't

23   even know who is that.

24       Q.   This document was filed in the Liberty Asset

25   Management case as a claim against the estate.

1       A.   Estate?

2       Q.   So it's -- you're a creditor.

3       A.   Against my creditor?

4       Q.   No.  You're claiming money from the debtor,

5    Liberty.

6       A.   Oh, they have a lady take care of this, yeah.

7    This is from all the creditor together, right?  Yeah,

8    because so many small creditor.  They -- they form -- a

9    lady called Jean Hong, she put all these people

10   together.  I think totally we have 16 people.  She put

11   like a team there, and then everybody fill the form, try

12   to claim money.  I think that's the one, yeah.

13       Q.  So did you -- is this your claim against

14   Liberty?

15           Did you sign this?

16           THE WITNESS:  (Speaking Mandarin.)

17           (Translation by translator.)

18           THE WITNESS:  (Through Interpreter:)  But not

19   against Liberty, I don't think.

20   BY MS. GREENWOOD:

21       Q.  It was filed against Liberty.

22           MR. CANTOR:  Okay.  So hold on here.

23           Debtor is Liberty Asset Management Corporation.

24           This is on behalf of Great Vista Real Estate

25   Investment Corporation.

Page 266

1          Who is Daniel McCarthy?

2          MS. GREENWOOD:  An attorney.

3          THE WITNESS:  Oh, I remember.  That lady I told

4     you, Jean Hong.

5          MR. CANTOR:  Li?

6          THE WITNESS:  No.  No.  No.

7          Jean Hong, she hired attorney, this guy.  She

8     kept told me, "Dan.  Dan."  I think it's this one.  She

9     put 16 creditors together, tried to do something.

10    Because they thinking they are going to lose everything,

11    yeah.  So she made me fill this form, because I am --

12    Liberty in a small amount, not like my commissions, they

13    owed me $425,000.

14    BY MS. GREENWOOD:

15         Q.  So let's look at this.

16         First, I'll show you on the second page at Item

17    7 and 8.  That is the amount of the claim.

18         MR. CANTOR:  Page 2.

19         MS. GREENWOOD:  I thought this was going to be

20    a fast one.

21         MR. CANTOR:  You've got to be kidding me.

22         THE WITNESS:  (Through interpreter:)  So what

23    are these two numbers, $650,000 and $450,000?

24    BY MS. GREENWOOD:

25         Q.  Well, if you see, it says $450,000 advanced and

Page 267

1    then it says $200,000 indemnity claim for attorneys

2    fees.  So I believe those two numbers have been added?

3        A.   Yeah.   That Jean Ho, she prepared all this.

4    And she just sent the sign page to me and said we join

5    this to claim the money they owe me, yeah.

6            MR. CANTOR:  Go to page 3.

7            Is that your signature on page 3?

8            THE WITNESS:  Yeah, this is my signature.

9    BY MS. GREENWOOD:

10       Q.   The $450,000 is based on a settlement agreement

11   that's attached; is that right?

12       A.   No.   $450,000 is Liberty really owe me.

13           MR. CANTOR:  Go to -- Shelby, it's getting late

14   in the day.

15           THE WITNESS:  No more hyper anymore, huh?  No

16   more liked.

17           So like this, I can't read.

18           (Translation by translator.)

19           THE WITNESS:  Do you know what that's for?  I

20   don't know this.  I pay back 450.

21           MR. CANTOR:  Go to the next page.

22           Is that your signature?  Yeah, Jean Hong made

23   me sign.  I think I already testified.  Yeah.

24   BY MS. GREENWOOD:

25       Q.   No.  This is another signature.  This is not

Page 268

1    Jean.

2        A.   Yeah, Liberty agreed to pay me $400,000 back.

3    I think this is the one.   Oh, this is from a long time

4    ago.

5        Q.   So did Liberty agree to pay you $450,000 back

6    as repayment for your investment in --

7        A.   150 Middlefield Road.   150 Middlefield Road.

8    You know that property is a note.   And Benny bring me

9    and Cathy Tsang, say, "Okay, we can buy this building

10   for the future North America Capital office."   That's

11   the beginning.   We just partner.   We don't even have

12   1906 and Benny says this building we can, because

13   there's a note.   I remember it's one -- $1.8 million,

14   okay.   Benny say we buy this one because good location

15   and we can buy this for like North America Capital in

16   the future office.

17          So we, together, Cathy Tsang pay $1 million and

18   I pay -- so $1.9 million, I paid 450, and Benny say he

19   is going to pay 450, too, to buy this.   But Benny can

20   never pay me back.   David Tsang, when he back out, he

21   took his $1 million back.   But I never get my money

22   back.   This the one, yeah.

23       Q.   You never got $450,000?

24       A.   No, and I am in the creditor, too.

25       Q.   So let me remind you:   You've got to wait until

Page 269

1    I finish my question.

2         My next question:  Exhibit A is the first page

3    and then the last page of the investment agreement.  I

4    am looking at -- it's actually way before...

5         Can you give me a complete copy of this

6    investment agreement?

7       A.  Which one?  Which one?

8         MR. CANTOR:  Wait.  Wait.  There's no four.

9         MS. GREENWOOD:  Exhibit A.

10        MR. CANTOR:  There's no four.

11        MS. GREENWOOD:  Did you not -- no.  No.

12        MR. CANTOR:  You got one, two, three, five.

13        THE WITNESS:  No four.

14        MR. CANTOR:  No four.

15        MS. GREENWOOD:  Oh, you didn't get...

16        MR. CANTOR:  I have no four.

17        MS. GREENWOOD:  We'll change the exhibit.  That

18   one has it complete.

19        (Deposition Exhibit Number 20 was remarked for

20        identification.)

21   BY MS. GREENWOOD:

22      Q.  So my only question is --

23        MR. CANTOR:  Look it.  Here.  Go to here.

24   "Real estate purchase nonperforming"... "Liberty Asset

25   Management"...

1        THE WITNESS:  Oh, this is my handwriting.

2        MR. CANTOR:  On page 4?

3        THE WITNESS:  Mm-hmm.

4        MR. CANTOR:  Identify what's your handwriting.

5   Read into the record what's your handwriting.

6        THE WITNESS:  Okay.  "I pay $425,000 and they

7   never pay me back.  Claim $450,000.  $25,000 for year's

8   interest."  That's we buy 150 Middlefield.  This is the

9   contract.

10  BY MS. GREENWOOD:

11       Q.  I understand.

12       Do you have a complete copy of this investment

13  agreement?

14       A.  This one?  I do.  This one I do, yeah.

15       Q.  Can you give that to your lawyers and they'll

16  give me a copy?

17       THE WITNESS:  You already have.  You remember I

18  sent to you?

19       MR. CANTOR:  I don't.

20       THE WITNESS:  Yeah.

21       MR. CANTOR:  You think I am sitting here I can

22  remember all the paper?

23       THE WITNESS:  Yeah.  Me cannot even remember.

24  Every time, which year?  Which year?  I just don't

25  remember which year.

Page 271

1  BY MS. GREENWOOD:

2      Q.  And then I would like you to turn to the very

3  last page of the Proof of Claim.

4          In addition to the $450,000 claimed for

5  Middlefield Road, you've claimed $200,000 that's owed to

6  you based on this promissory note; is that correct?

7      A.  This is Benny's same sign.  I didn't sign this

8  one.

9      Q.  I understand.

10         THE WITNESS:  What does this mean?  I don't

11 remember what this is.

12         (Translation by translator.)

13         THE WITNESS:  (Through interpreter:)  It was

14 too long ago.

15         (Witness in English:)  I don't remember.

16 BY MS. GREENWOOD:

17     Q.  Does Liberty --

18         MR. CANTOR:  Then if you don't remember, you

19 don't remember.

20 BY MS. GREENWOOD:

21     Q.  -- owe you $200,000?

22     A.  What?

23         Does Liberty owe you $200,000?

24         MR. CANTOR:  Other than what she's testified to

25 today, over $3 million, is this part of it?

1          MS. GREENWOOD:  I am asking under this

2     promissory note.

3          MR. CANTOR:  Okay.  That's fine.

4     BY MS. GREENWOOD:

5       Q.  Under this promissory note, that we have in

6     front of us, does Liberty owe you $200,000 based on this

7     promissory note?

8          MR. CANTOR:  Okay.  Well...

9          THE WITNESS:  This is special to Great Vista?

10    Oh, okay.

11         My understanding, it was many years ago.  I

12    don't remember.

13         We have this agreement under certain

14    circumstance, but I don't remember.  It was 2014.

15    BY MS. GREENWOOD:

16      Q.  Do you believe that this was the first

17    promissory note that you entered with Liberty and Benny?

18      A.  No.  The first time he borrowed $300,000 from

19    me, I have a promissory note.

20      Q.  And what year was that?

21      A.  Year, I don't remember.  When he is in Liberty.

22    Liberty always borrow money from me.  The notes I showed

23    you, always borrowed.  Actually, I only maybe owe

24    $1 million in/out, in/out, in/out all the time.

25         But this not for Benny personal; right?

1          MR. CANTOR:  Well, we don't -- I mean, it says

2    "Liberty Asset Management."

3          MS. GREENWOOD:  It says "Liberty Asset

4    Management."

5          THE WITNESS:  Liberty Asset Manager [sic].

6          MR. CANTOR:  And it's 2014, so it's after

7    Lucy --

8          THE WITNESS:  Maybe at the time I owe them

9    money -- I loan them money, so he just write me this

10   one.

11   BY MS. GREENWOOD:

12       Q.  Do you have any recollection of the

13   circumstances surrounding this promissory note, dated

14   September 22nd, 2014?

15          (Translation by translator.)

16       A.  Sometimes, like, I need to borrow money from my

17   friend, and they are really serious.  They want to see

18   promissory note.  Then I will told Benny, "You need to

19   make one."  Yeah.

20       Q.  But in this case --

21       A.  Then I need to show my friend, say, "See, this

22   note is here," yeah.

23       Q.  Do you believe that the $200,000 loan to

24   Liberty and Benny was loaned by Great Vista?

25       A.  To buy Great Vista?

Page 274



1    Q.  Was it loaned by Great Vista?

2    A.  Yeah, because we used the business to do the

3    transaction, you know.

4    Q.  But this was not money that was loaned by your

5    friend; right?

6    A.  Maybe me or maybe my friend.  I don't remember.

7    Q.  Did you ever prepare a promissory note that had

8    Great Vista as the payee, even though your friend was

9    loaning the money?

10   A.  I have a few like, okay, I put a promissory

11   note to my friend, and then I am the payee.  But I very

12   clearly say, "Okay, $200,000 principal is a loan for

13   Liberty."  And then I sign, say, "I help Liberty borrow

14   this money."  I have those, few of those paper.

15   Q.  Can you provide those to your attorney as well?

16   A.  Yeah, I go to find -- I go to find from my

17   computer.

18   Q.  Okay.  Do you know who prepared this promissory

19   note?

20   A.  If this is Benny, I don't know.  You know, my

21   English is not that good to do this.

22        MR. CANTOR:  Have you seen this document before

23   today?

24        MS. GREENWOOD:  She signed the Proof of Claim.

25        THE WITNESS:  No, I didn't sign.  This is Benny

1   signed this one.

2           MS. GREENWOOD:  It's attached to your Proof of

3   Claim.

4           MR. CANTOR:  I know.  But the question is we

5   don't know if it was attached at the time she signed it.

6   I don't know.  I mean, look, I wasn't there.  You

7   weren't there.

8           THE WITNESS:  But this is he owed me money;

9   right?

10          MR. CANTOR:  Right.

11          THE WITNESS:  If he doesn't owe, he won't do

12  this, you know.  I think it's like $200,000 loan, yeah.

13          Did he say when he's going to pay back?

14  MR. CANTOR:  Yeah.

15          THE WITNESS:  Very short time; right?

16  MR. CANTOR:  Right.

17          THE WITNESS:  Oh, see.  Only like how long?

18          MS. GREENWOOD:  One year.

19          MR. CANTOR:  One year.

20          THE WITNESS:  Yeah, this is short-term loan.

21  Like one-year loan is not short-term.  So maybe one

22  year, ask him to do this.

23          MR. CANTOR:  Okay.  Was this attached to your

24  claim when you signed it?

25          THE WITNESS:  I don't remember.  I really don't

1   remember.

2          MR. CANTOR:  Okay.

3   BY MS. GREENWOOD:

4      Q.  Well, do you believe that you're owed this

5   money as we sit here today?

6      A.  Yeah.  If he doesn't owe me, why did he do

7   this?  He should owe me.  He owe me tons, not only this.

8   Yeah.

9      Q.  And you believe that you were not repaid this

10  money?

11     A.  Repaid?

12     Q.  He didn't -- Liberty has not paid this money to

13  you?

14     A.  This one?

15         MR. CANTOR:  Yes.

16         MS. GREENWOOD:  This $200,000.

17         THE WITNESS:  It's 2014.  2014 he didn't show

18  if he paid me any money.  No.

19  BY MS. GREENWOOD:

20     Q.  But you've seen Benny and you've dealt with

21  Benny as part of Liberty Asset Management since

22  September 2014; right?

23     A.  Two-thousand- --- what?

24         (Translation by translator.)

25     A.  Oh, that time he almost killed me because of

Page 277

1   Sonia, yeah.  Lucy call me every day and ask me all the

2   question about Sonia, and then I told Lucy she go to

3   fight with Benny.  Benny almost kill me every day.

4        Q.  But you said you saw Benny even this past

5   month, did you not?

6        A.  I saw him one time.  Like one situation is like

7   just 20 minutes, yeah, I meet him.  We don't talk about

8   business as something, yeah.

9        Q.  Have you ever, since the end of 2015 -- so I am

10  saying after the money was due to be paid back to you,

11  have you ever asked him -- asked someone at Liberty

12  Asset Management to pay you back this money?

13       A.  I didn't ask, because they owe me too much.

14  They never can pay me back, yeah.

15       Q.  Have you ever sent any kind of demands for

16  payment to them that they already owe you too much?

17       A.  I never do that.  Even before, people borrow me

18  money, I don't do that.  Not only Liberty.

19       Q.  Okay.

20       A.  You know, last month --

21       MR. CANTOR:  Enough.

22       THE WITNESS:  Well, not this --

23       MR. CANTOR:  No.  No.  No.  The court reporter.

24       THE WITNESS:  Oh, recording, yeah.

25       MR. CANTOR:  Seriously, I'm getting really

Page 278

1    tired.

2            (Discussion off the record.)

3            MS. GREENWOOD:  We've agreed that we're going

4    to continue the deposition on June 5th, Monday, at

5    9:00 a.m. and we'll have all the same participants.

6            (Time noted:  4:33 p.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT C

# EXHIBIT C

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF CALIFORNIA

Case number *(if known)* _____ Chapter __11__

☐ Check if this an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **Great Vista Real Estate Investment Corporation** | |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **DBA  Shelby Luxury Properties, Inc.** | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **27-2133866** | |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **126 Atherton Avenue**<br>**Atherton, CA 94027**<br>Number, Street, City, State & ZIP Code | |
| | P.O. Box, Number, Street, City, State & ZIP Code |
| **San Mateo**<br>County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

5. Debtor's website (URL) _____

6. Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Great Vista Real Estate Investment Corporation**

_____
Name

Case number (if known) _____

---

**7.  Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

■ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

■ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | | | |
|---|---|---|---|
| District _____ | When _____ | Case number _____ | |
| District _____ | When _____ | Case number _____ | |

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| | | | |
|---|---|---|---|
| Debtor _____ | | Relationship _____ | |
| District _____ | When _____ | Case number, if known _____ | |

---

2 of 39    Exh. C to Decl. of Greenwood

Case: 18-30032    Doc# 1    Filed: 01/10/18    Entered: 01/10/18 17:51:28    Page 2 of 39

Debtor    **Great Vista Real Estate Investment Corporation**
    Name
                          Case number (*if known*)

**11. Why is the case filed in this district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
              Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____
                 Contact name _____
                 Phone _____

---

■   **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☑ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☑ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor    Great Vista Real Estate Investment Corporation                         Case number (if known) _____
           Name

▅▅  **Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    January 10, 2018
                MM / DD / YYYY

X _____          Tsai Luan Ho (aka Shelby Ho)
Signature of authorized representative of debtor    Printed name

Title    CEO

**18. Signature of attorney**

X _____  Date    January 10, 2018
Signature of attorney for debtor                MM / DD / YYYY

James Andrew Hinds, Jr. 71222
Printed name

HINDS & SHANKMAN, LLP
Firm name

_____
Number, Street, City, State & ZIP Code

Contact phone _____    Email address _____

71222
Bar number and State

4 of 39                                    Exh. C to Decl. of Greenwood

## United States Bankruptcy Court
### Northern District of California

| In re | Great Vista Real Estate Investment Corporation | | Case No. | |
|---|---|---|---|---|
| | | Debtor(s) | Chapter | 11 |

## STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, Tsai Luan Ho (aka Shelby Ho), declare under penalty of perjury that I am the CEO of Great Vista Real Estate Investment Corporation, and that the following is a true and correct copy of the resolutions adopted by the Board of Directors of said corporation at a special meeting duly called and held on the 10th day of January, 2018.

"Whereas, it is in the best interest of this corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that Tsai Luan Ho (aka Shelby Ho), CEO of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 11 voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that Tsai Luan Ho (aka Shelby Ho), CEO of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that Tsai Luan Ho (aka Shelby Ho), CEO of this Corporation is authorized and directed to employ James Andrew Hinds, Paul R. Shankman, and Rachel M. Sposato, attorneys and the law firm of HINDS & SHANKMAN, LLP to represent the corporation in such bankruptcy case."

Date  January 10, 2018                    Signed    _____
                                                    Tsai Luan Ho (aka Shelby Ho), CEO

Resolution of Board of Directors
of
Great Vista Real Estate Investment Corporation

Whereas, it is in the best interest of this corporation to file a voluntary petition in the the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that Tsai Luan Ho (aka Shelby Ho), CEO of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 11 voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that Tsai Luan Ho (aka Shelby Ho), CEO of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that Tsai Luan Ho (aka Shelby Ho), CEO of this Corporation is authorized and directed to employ James Andrew Hinds, Paul R. Shankman, and Rachel M. Sposato, attorneys, and the law firm of HINDS & SHANKMAN, LLP to represent the corporation in such bankruptcy case.

Date  January 10, 2018 _____       Signed _____
                                                      Tsai Luan Ho (aka, Shelby Ho), CEO

Date _____               Signed _____

**Fill in this information to identify the case:**

Debtor name __Great Vista Real Estate Investment Corporation__

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ *Other document that requires a declaration*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __January 10, 2018__         X _____
                                          Signature of individual signing on behalf of debtor

                                          __Tsai Luan Ho (aka Shelby Ho)__
                                          Printed name

                                          __CEO__
                                          Position or relationship to debtor

Official Form 202              Declaration Under Penalty of Perjury for Non-Individual Debtors

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Great Vista Real Estate Investment Corporation** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF CALIFORNIA** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Burke, Williams & Sorensen, LLP Elizabeth M. Pappy, Esq. 1503 Grant Road, Suite 200 Mountain View, CA 94040 | | Legal Fees and Costs | Unliquidated | | | $1.00 |
| DFI Technologies, LLC P.O. Box 340759 Sacramento, CA 95834 | | Residential Single Family Residence 126 Atherton Avenue Atherton, CA 94027  Escrow for Sale Pending subject to Bankruptcy Court Approval and Over | | $100,000.00 | $9,500,000.00 | $100,000.00 |
| DFI Technologies, LLC P.O. Box 340759 Sacramento, CA 95834 | | Residential Single Family Residence 126 Atherton Avenue Atherton, CA 94027  Escrow for Sale Pending subject to Bankruptcy Court Approval and Over | | $57,000.00 | $9,500,000.00 | $57,000.00 |
| Dykema Gossett LLP 333 S. Grand Ave., #2100 Los Angeles, CA 90071 | | Attorney's Fees | | | | $359,000.00 |

Debtor __Great Vista Real Estate Investment Corporation__    Case number *(if known)* _____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Law Office of Richard Wahng 152 Anza Street, #201 Fremont, CA 94539 | | Attorney's Fees | Contingent Unliquidated Disputed Subject to Setoff | | | $1.00 |
| Law Offices of George Eshoo 702 Marshall Street, #500 Redwood City, CA 94063 | | | | | | $271,623.93 |
| Mercedes Benz Financial Services P.O. Box 685 Roanoke, TX 76262 | | Early Termination of Lease - Vehicle Surrendered - Mercedes Benz 2016-S63V4 | Contingent Unliquidated Disputed Subject to Setoff | | | $1.00 |
| YCJS 2012 LLC 13566 Toni Anne Place Saratoga, CA 95070 | | Residential Single Family Residence 126 Atherton Avenue Atherton, CA 94027<br><br>Escrow for Sale Pending subject to Bankruptcy Court Approval and Over | Contingent Unliquidated Disputed | $1,230,000.00 | $9,500,000.00 | $630,792.40 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Exh. C to Decl. of Greenwood
                                                                         Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name   **Great Vista Real Estate Investment Corporation**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF CALIFORNIA

Case number (if known)   _____

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*...................................................................   $        9,500,000.00

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*................................................................   $        2,714,225.48

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*.................................................................   $       12,214,225.48

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................................   $       10,287,792.40

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................   $                0.00

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................   +$          630,626.93

4. **Total liabilities** ...................................................................................
   Lines 2 + 3a + 3b                                                                                          $       10,918,419.33

**10 of 39**                                                    **Exh. C to Decl. of Greenwood**

**Fill in this information to identify the case:**

Debtor name    **Great Vista Real Estate Investment Corporation**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF CALIFORNIA

Case number (if known)    _____

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property     12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**        Current value of debtor's interest

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
     Name of institution (bank or brokerage firm)      Type of account      Last 4 digits of account number

| | Name of institution | Type of account | Last 4 digits | Current value |
| --- | --- | --- | --- | --- |
| 3.1. | Chase Bank<br>2977 Woodside Road<br>Woodside, CA 94062 | Checking | 0598 | $95.00 |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**                    $95.00
     Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
| --- | --- |

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

**10. Does the debtor have any accounts receivable?**

■ No. Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

Case: 18-30032    Doc# 1    Filed: 01/10/18    Entered: 01/10/18 17:51:28    Page 11 of 39

| Debtor | **Great Vista Real Estate Investment Corporation** | Case number *(if known)* | _____ |
|---|---|---|---|
| | Name | | |

---

<span style="background:black;color:white">Part 5:</span>  **Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

---

<span style="background:black;color:white">Part 6:</span>  **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

---

<span style="background:black;color:white">Part 7:</span>  **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

---

<span style="background:black;color:white">Part 8:</span>  **Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

---

<span style="background:black;color:white">Part 9:</span>  **Real property**

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

**55.    Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.  **Residential Single Family Residence 126 Atherton Avenue Atherton, CA 94027**<br><br>**Escrow for Sale Pending subject to Bankruptcy Court Approval and Overbid Procedures.** | Fee simple | $9,500,000.00 | N/A | $9,500,000.00 |

---

**56.    Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

| $9,500,000.00 |
|---|

**12 of 39**        *Exh. C to Decl. of Greenwood*

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property          page 2

Debtor    **Great Vista Real Estate Investment Corporation**                    Case number *(If known)* _____
      Name

57.    Is a depreciation schedule available for any of the property listed in Part 9?
      ■ No
      ☐ Yes

58.    Has any of the property listed in Part 9 been appraised by a professional within the last year?
      ■ No
      ☐ Yes

**Part 10:   Intangibles and intellectual property**

**59. Does the debtor have any interests in intangibles or intellectual property?**

    ■ No.  Go to Part 11.
    ☐ Yes Fill in the information below.

**Part 11:   All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

    ☐ No.  Go to Part 12.
    ■ Yes Fill in the information below.

                                                       Current value of
                                                       debtor's interest

71.    **Notes receivable**
      Description (include name of obligor)

72.    **Tax refunds and unused net operating losses (NOLs)**
      Description (for example, federal, state, local)

73.    **Interests in insurance policies or annuities**

74.    **Causes of action against third parties (whether or not a lawsuit
      has been filed)**
      **Claims for fraud and conversion of over $2,714,130.48
      from Benny James Kirk, 24040 CAMINO DEL AVION STE
      A156, DANA POINT, CA 92629-4005 from a refinance of
      the real property of the Debtor.  Damages incurred
      between 2014 and 2016.**                              **$2,714,130.48**

| Nature of claim | Fraud and Conversion |
|---|---|
| Amount requested | $2,714,130.48 |

75.    **Other contingent and unliquidated claims or causes of action of
      every nature, including counterclaims of the debtor and rights to
      set off claims**

76.    **Trusts, equitable or future interests in property**

77.    **Other property of any kind not already listed** *Examples:* Season tickets,
      country club membership

78.    **Total of Part 11.**                                     | $2,714,130.48 |
      Add lines 71 through 77. Copy the total to line 90.

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
      ■ No
      ☐ Yes

Debtor    **Great Vista Real Estate Investment Corporation**                    Case number *(if known)* _____
                    Name

| Part 12: | Summary |
| --- | --- |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $95.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*..........................................................> | | $9,500,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $2,714,130.48 | |
| 91. **Total.** Add lines 80 through 90 for each column | $2,714,225.48 | + 91b. $9,500,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $12,214,225.48 |

**Fill in this information to identify the case:**

Debtor name __Great Vista Real Estate Investment Corporation__

United States Bankruptcy Court for the: __NORTHERN DISTRICT OF CALIFORNIA__

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:      List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br><br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1  County of San Mateo Tax Collector**<br>Creditor's Name | Describe debtor's property that is subject to a lien<br>**Residential Single Family Residence**<br>**126 Atherton Avenue**<br>**Atherton, CA 94027** | $190,705.10 | $9,500,000.00 |
| **555 County Center**<br>**Redwood City, CA 94063**<br>Creditor's mailing address | **Escrow for Sale Pending subject to Bankruptcy Court Approval and Overbid Procedures.**<br><br>Describe the lien<br>__Tax lien__<br>Is the creditor an insider or related party? | | |
| **taxmaster@co.sanmateo.c**<br>**a.us**<br>Creditor's email address, if known | ■ No<br>☐ Yes<br>Is anyone else liable on this claim? | | |
| **Date debt was incurred**<br>**2016-2018**<br>Last 4 digits of account number<br>**Great Vista Real Estate** | ■ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H) | | |
| **Do multiple creditors have an interest in the same property?**<br>☐ No<br>■ Yes. Specify each creditor, including this creditor and its relative priority.<br>**1. County of San Mateo Tax Collector**<br>**2. DFI Technologies, LLC**<br>**3. Hsing -Chieh Shih**<br>**4. Phyllis Shih**<br>**5. Redwood Mortgage PLM**<br>**6. YCJS 2012 LLC**<br>**7. DFI Technologies, LLC**<br>**8. DFI Technologies, LLC** | As of the petition filing date, the claim is:<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| **2.2  DFI Technologies, LLC** | Describe debtor's property that is subject to a lien | $250,000.00 | $9,500,000.00 |

Debtor    **Great Vista Real Estate Investment Corporation**    Case number (if known) _____
          Name

Creditor's Name

Residential Single Family Residence
126 Atherton Avenue
Atherton, CA 94027

Escrow for Sale Pending subject to
Bankruptcy Court Approval and Overbid
Procedures.

P.O. Box 340759
Sacramento, CA 95834
Creditor's mailing address

Describe the lien
2nd Trust Deed
Is the creditor an insider or related party?
■ No
☐ Yes

david@dfitech.com
Creditor's email address, if known

Is anyone else liable on this claim?
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred
6/2/2016
Last 4 digits of account number
Great Vista Real Estate

Do multiple creditors have an
interest in the same property?
☐ No
■ Yes. Specify each creditor,
including this creditor and its relative
priority.
Specified on line 2.1

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

| | | | |
|---|---|---|---|
| 2.3 | **DFI Technologies, LLC** | Describe debtor's property that is subject to a lien | $100,000.00 | $9,500,000.00 |

Creditor's Name

Residential Single Family Residence
126 Atherton Avenue
Atherton, CA 94027

Escrow for Sale Pending subject to
Bankruptcy Court Approval and Overbid
Procedures.

P.O. Box 340759
Sacramento, CA 95834
Creditor's mailing address

Describe the lien
Fifth Deed of Trust
Is the creditor an insider or related party?
■ No
☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred
06/02/2016
Last 4 digits of account number
Great Vista Real Estate

Do multiple creditors have an
interest in the same property?
☐ No
■ Yes. Specify each creditor,
including this creditor and its relative
priority.
Specified on line 2.1

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

| | | | |
|---|---|---|---|
| 2.4 | **DFI Technologies, LLC** | Describe debtor's property that is subject to a lien | $57,000.00 | $9,500,000.00 |

Creditor's Name

Residential Single Family Residence
126 Atherton Avenue
Atherton, CA 94027

Escrow for Sale Pending subject to
Bankruptcy Court Approval and Overbid
Procedures.

P.O. Box 340759
Sacramento, CA 95834

Debtor    **Great Vista Real Estate Investment Corporation**
Name

Case number (if known) _____

| | |
|---|---|
| Creditor's mailing address | **Describe the lien**<br>**Sixth Deed of Trust**<br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) |

Creditor's email address, if known

Date debt was incurred
**06/30/2017**
Last 4 digits of account number
**Great Vista Real Estate**

Do multiple creditors have an
**interest in the same property?**
☐ No
■ Yes. Specify each creditor,
including this creditor and its relative
priority.
**Specified on line 2.1**

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.5 | **Hsing -Chieh Shih** | Describe debtor's property that is subject to a lien | $400,000.00 | $9,500,000.00 |
|---|---|---|---|---|
| | Creditor's Name | **Residential Single Family Residence**<br>**126 Atherton Avenue**<br>**Atherton, CA 94027** | | |

**27865 FAWN CREEK CT.**
**Los Altos Hills, CA**
**94022-2446**
Creditor's mailing address

**Escrow for Sale Pending subject to**
**Bankruptcy Court Approval and Overbid**
**Procedures.**

**Describe the lien**
**3rd Trust Deed**
**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**jackshih28@gmail.com**
Creditor's email address, if known

Date debt was incurred
**10/21/2016**
Last 4 digits of account number
**Great Vista Real Estate**

Do multiple creditors have an
**interest in the same property?**
☐ No
■ Yes. Specify each creditor,
including this creditor and its relative
priority.
**Specified on line 2.1**

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.6 | **Phyllis Shih** | Describe debtor's property that is subject to a lien | $200,000.00 | $9,500,000.00 |
|---|---|---|---|---|
| | Creditor's Name | **Residential Single Family Residence**<br>**126 Atherton Avenue**<br>**Atherton, CA 94027** | | |

**48900 Millmont Drive**
**Fremont, CA 94538**
Creditor's mailing address

**Escrow for Sale Pending subject to**
**Bankruptcy Court Approval and Overbid**
**Procedures.**

**Describe the lien**
**Fourth Deed of Trust**
**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**
☐ No

**phyllisshih@gmail.com**
Creditor's email address, if known

Date debt was incurred

Official Form 206D    Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**    page 3 of 5

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor    **Great Vista Real Estate Investment Corporation** _____    Case number (if know) _____
      Name

---

**5/25/17**
Last 4 digits of account number
**Great Vista Real Estate**

Do multiple creditors have an interest in the same property?
☐ No
■ Yes. Specify each creditor, including this creditor and its relative priority.
**Specified on line 2.1**

■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.7 | **Redwood Mortgage PLM** | | $7,860,087.30 | $9,500,000.00 |
|---|---|---|---|---|
| | Creditor's Name | | | |

Describe debtor's property that is subject to a lien
**Residential Single Family Residence**
**126 Atherton Avenue**
**Atherton, CA 94027**

**Loan Management Services Inc.**
**46 N. Second Street**
**Campbell, CA 95008**
Creditor's mailing address

**Escrow for Sale Pending subject to Bankruptcy Court Approval and Overbid Procedures.**

Describe the lien
**1st Trust Deed**
Is the creditor an insider or related party?
■ No
☐ Yes

_____
Creditor's email address, if known

Is anyone else liable on this claim?
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred
**5/20/2016**
Last 4 digits of account number
**2885**

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Do multiple creditors have an interest in the same property?
☐ No
■ Yes. Specify each creditor, including this creditor and its relative priority.
**Specified on line 2.1**

---

| 2.8 | **YCJS 2012 LLC** | | $1,230,000.00 | $9,500,000.00 |
|---|---|---|---|---|
| | Creditor's Name | | | |

Describe debtor's property that is subject to a lien
**Residential Single Family Residence**
**126 Atherton Avenue**
**Atherton, CA 94027**

**13566 Toni Anne Place**
**Saratoga, CA 95070**
Creditor's mailing address

**Escrow for Sale Pending subject to Bankruptcy Court Approval and Overbid Procedures.**

Describe the lien
**2nd Trust Deed-Lis Pendens Recorded 09/15/2016**
Is the creditor an insider or related party?
☐ No
■ Yes

_____
Creditor's email address, if known

Is anyone else liable on this claim?
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred
**09/15/2016**
Last 4 digits of account number
**Great Vista Real Estate**

Do multiple creditors have an interest in the same property?

As of the petition filing date, the claim is:
Check all that apply

---

Official Form 206D    Additional Page of Schedule D: Creditors Who Have Claims Secured by Property    18 of 39    Exh. C to Decl. of Greenwood    page 4 of 5

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case: 18-30032    Doc# 1    Filed: 01/10/18    Entered: 01/10/18 17:51:28    Page 18 of 39

Debtor    **Great Vista Real Estate Investment Corporation**                     Case number (if known) _____
           Name

- ☐ No
- ■ Yes. Specify each creditor,
  including this creditor and its relative
  priority.
  **Specified on line 2.1**

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.    | $10,287,792. 40 |

## Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Benjamin R. Levinson, Esq.<br>46 N. 2nd Street, Suite A<br>Campbell, CA 95008 | Line 2.7 | |
| Law Offices of Richard Wahng<br>152 Anza Street, Ste. 201<br>Fremont, CA 94539 | Line 2.8 | |
| PLM Lender Services-Elizabeth Godbey<br>46 North Second Street<br>Campbell, CA 95008 | Line 2.7 | |

**Fill in this information to identify the case:**

Debtor name    **Great Vista Real Estate Investment Corporation**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets – Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:  List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☒ No. Go to Part 2.

   ☐ Yes. Go to line 2.

### Part 2:  List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| **3.1** | Nonpriority creditor's name and mailing address<br>**Burke, Williams & Sorensen, LLP**<br>**Elizabeth M. Pappy, Esq.**<br>**1503 Grant Road, Suite 200**<br>**Mountain View, CA 94040**<br>Date(s) debt was incurred __2017__<br>Last 4 digits of account number __Great Vista Real Estate__ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☒ Unliquidated<br>☐ Disputed<br>Basis for the claim: __Legal Fees and Costs__<br>Is the claim subject to offset? ☒ No ☐ Yes | $1.00 |
| **3.2** | Nonpriority creditor's name and mailing address<br>**Dykema Gossett LLP**<br>**333 S. Grand Ave., #2100**<br>**Los Angeles, CA 90071**<br>Date(s) debt was incurred __2016-2017__<br>Last 4 digits of account number __Great Vista__ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __Attorney's Fees__<br>Is the claim subject to offset? ☒ No ☐ Yes | $359,000.00 |
| **3.3** | Nonpriority creditor's name and mailing address<br>**Law Office of Richard Wahng**<br>**152 Anza Street, #201**<br>**Fremont, CA 94539**<br>Date(s) debt was incurred __2016-2017__<br>Last 4 digits of account number __Great Vista__ | As of the petition filing date, the claim is: *Check all that apply.*<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed<br>Basis for the claim: __Attorney's Fees__<br>Is the claim subject to offset? ☐ No ☒ Yes | $1.00 |
| **3.4** | Nonpriority creditor's name and mailing address<br>**Law Offices of George Eshoo**<br>**702 Marshall Street, #500**<br>**Redwood City, CA 94063**<br>Date(s) debt was incurred ___<br>Last 4 digits of account number __Great Vista Real Estate__ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __<br>Is the claim subject to offset? ☒ No ☐ Yes | $271,623.93 |

Official Form 206E/F      Schedule E/F: Creditors Who Have Unsecured Claims      page 1 of 2

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      20599      Best Case Bankruptcy

| Debtor | Great Vista Real Estate Investment Corporation | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1.00 |
|---|---|---|---|

**Mercedes Benz Financial Services**
P.O. Box 685
Roanoke, TX 76262

Date(s) debt was incurred  __2017__

Last 4 digits of account
number  __Great Vista Real Estate__

■ Contingent

■ Unliquidated

■ Disputed

Basis for the claim:  **Early Termination of Lease - Vehicle Surrendered - Mercedes Benz 2016-S63V4**

Is the claim subject to offset?  ☐ No  ■ Yes

---

**Part 3:**    List Others to Be Notified About Unsecured Claims

**4.** List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Dykema Gossett LLP**<br>**400 Renaissance Center**<br>**Detroit, MI 48243** | Line  **3.2**<br><br>☐ Not listed. Explain ____ | __ |

---

**Part 4:**    Total Amounts of the Priority and Nonpriority Unsecured Claims

**5.** Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 630,626.93 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ | 630,626.93 |

Exh. C to Decl. of Greenwood

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Great Vista Real Estate Investment Corporation**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF CALIFORNIA

Case number (if known)    _____

☐ Check if this is an
    amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases     12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
    - ☑ **No.** Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
    - ☐ **Yes.** Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*   *Property* (Official Form 206A/B).

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | |
|---|---|---|
| | State the term remaining | |
| | List the contract number of any government contract | _____ |

| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | |
|---|---|---|
| | State the term remaining | |
| | List the contract number of any government contract | _____ |

| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | |
|---|---|---|
| | State the term remaining | |
| | List the contract number of any government contract | _____ |

| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | |
|---|---|---|
| | State the term remaining | |
| | List the contract number of any government contract | _____ |

**Fill in this information to identify the case:**

Debtor name      **Great Vista Real Estate Investment Corporation**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF CALIFORNIA

Case number (if known)  _____

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors
12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**

*Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | Tsai-Luan Ho | 126 Atherton Avenue<br>Atherton, CA 94027 | Burke, Williams &<br>Sorensen, LLP | ☐ D _____<br>☑ E/F ___3.1___<br>☐ G _____ |
| 2.2 | Tsai-Luan Ho | 126 Atherton Avenue<br>Atherton, CA 94027 | Dykema Gossett LLP | ☐ D _____<br>☑ E/F ___3.2___<br>☐ G _____ |
| 2.3 | Tsai-Luan Ho | 126 Atherton Avenue<br>Atherton, CA 94027 | Law Office of Richard<br>Wahng | ☐ D _____<br>☑ E/F ___3.3___<br>☐ G _____ |
| 2.4 | Tsai-Luan Ho | 126 Atherton Avenue<br>Atherton, CA 94027 | Law Offices of<br>George Eshoo | ☐ D _____<br>☑ E/F ___3.4___<br>☐ G _____ |
| 2.5 | Tsai-Luan Ho | 126 Atherton Avenue<br>Atherton, CA 94027 | Mercedes Benz<br>Financial Services | ☐ D _____<br>☑ E/F ___3.5___<br>☐ G _____ |

| Debtor | **Great Vista Real Estate Investment Corporation** | | Case number *(if known)* | |

**Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

*Column 1:* **Codebtor**             *Column 2:* **Creditor**

| | Codebtor | Address | Creditor | |
|---|---|---|---|---|
| 2.6 | Tsai-Luan Ho | 126 Atherton Avenue<br>Atherton, CA 94027 | DFI Technologies, LLC | ■ D __2.2__<br>☐ E/F _____<br>☐ G _____ |
| 2.7 | Tsai-Luan Ho | 126 Atherton Avenue<br>Atherton, CA 94027 | DFI Technologies, LLC | ■ D __2.3__<br>☐ E/F _____<br>☐ G _____ |
| 2.8 | Tsai-Luan Ho | 126 Atherton Avenue<br>Atherton, CA 94027 | DFI Technologies, LLC | ■ D __2.4__<br>☐ E/F _____<br>☐ G _____ |
| 2.9 | Tsai-Luan Ho | 126 Atherton Avenue<br>Atherton, CA 94027 | Hsing -Chieh Shih | ■ D __2.5__<br>☐ E/F _____<br>☐ G _____ |
| 2.10 | Tsai-Luan Ho | 126 Atherton Avenue<br>Atherton, CA 94027 | Phyllis Shih | ■ D __2.6__<br>☐ E/F _____<br>☐ G _____ |
| 2.11 | Tsai-Luan Ho | 126 Atherton Avenue<br>Atherton, CA 94027 | Redwood Mortgage PLM | ■ D __2.7__<br>☐ E/F _____<br>☐ G _____ |
| 2.12 | Tsai-Luan Ho | 126 Atherton Avenue<br>Atherton, CA 94027 | YCJS 2012 LLC | ■ D __2.8__<br>☐ E/F _____<br>☐ G _____ |

Official Form 206H                    Schedule H: Your Codebtors                    Page 2 of 2
Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Great Vista Real Estate Investment Corporation**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF CALIFORNIA

Case number (if known)    _____

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                   04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1. **Gross revenue from business**

   ■ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

   | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   |---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

Debtor   **Great Vista Real Estate Investment Corporation**       Case number *(if known)* _____

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

---

**Part 3:**    **Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ■ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ■ None

---

**Part 4:**    **Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

**Part 5:**    **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

   □ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | | |
| **Claims for fraud and conversion of over $2,714,130.48 from Benny James Kirk, 24040 CAMINO DEL AVION STE A156, DANA POINT, CA 92629-4005 from a refinance of the real property of the Debtor.** | None. | 2014-2016 | $2,714,130.48 |

---

**Part 6:**    **Certain Payments or Transfers**

11. **Payments related to bankruptcy**

Debtor   **Great Vista Real Estate Investment Corporation**          Case number *(if known)* _____

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | | | **2017:** **$20,000.00 - Pre-Filing Consultation and Planning** **$25,000.00 - Chapter 11 Retainer** **$1,717.00 - Chapter 11 Filing Fee** | |
| | **Hinds & Shankman, LLP** **21257 Hawthorne Blvd., Second Floor** **Torrance, CA 90503** | | | **$46,717.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☐ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| **SJ 10177 LLC to Great Vista Real Estate Investment Corp.** | **126 Atherton Ave.** **Atherton, CA 94027** | **10/8/2013** | **$9,500,000.00** |
| Trustee | | | |
| **Great Vista Real Estate Investment Corp. to TFKM Family Trust** | **126 Atherton Ave.** **Atherton, CA 94027** | **10/29/2014** | **$9,500,000.00** |
| Trustee | | | |
| **TFKM Family Trust to Great Vist Investment Corp.** | **126 Atherton Ave.** **Atherton, CA 94027** | **3/2//2016** | **$9,500,000.00** |
| Trustee | | | |

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

Case: 18-30032   Doc# 1   Filed: 01/10/18   Entered: 01/10/18 17:51:28   Page 27 of 39

| Debtor | **Great Vista Real Estate Investment Corporation** | Case number *(if known)* | |

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |

**Part 7:    Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |

**Part 8:    Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |

**Part 9:    Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17.** Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None
| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

Case: 18-30032     Doc# 1     Filed: 01/10/18     Entered: 01/10/18 17:51:28     Page 28 of 39

Debtor    **Great Vista Real Estate Investment Corporation**          Case number *(if known)* _____

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.   Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

Debtor   **Great Vista Real Estate Investment Corporation** _____   Case number *(if known)* _____

25. **Other businesses in which the debtor has or has had an interest**
   List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
   Include this information even if already listed in the Schedules.

   ■ None

   **Business name address**          **Describe the nature of the business**          **Employer Identification number**
                                                                                    Do not include Social Security number or ITIN.

                                                                                    **Dates business existed**

26. **Books, records, and financial statements**
   26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
      ☐ None

      **Name and address**                                                          **Date of service**
                                                                                    **From-To**

      26a.1.  **Samuel Biggs, CPA**                                                 **12/2017-now**
              **SingerLewak**
              **10960 Wilshire Blvd., Suite 700**
              **Los Angeles, CA 90024**

      26a.2.  **Judy Tseng**                                                        **2009-2016**
              **Super Lab Tax & Accounting Firm**
              **3683 Enochs St**
              **Sunnyvale, CA 94085**

   26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement
       within 2 years before filing this case.

       ☐ None

       **Name and address**                                                         **Date of service**
                                                                                    **From-To**

       26b.1.  **Samuel Biggs**                                                     **12/2017 -  now**
               **SingerLewak**
               **10960 Wilshire Blvd., Suite 700**
               **Los Angeles, CA 90024**

       **Name and address**                                                         **Date of service**
                                                                                    **From-To**

       26b.2.  **Judy Tseng**                                                       **2009-2016**
               **Super Lab Tax & Accounting Firm**
               **3683 Enochs St.**
               **Santa Clara, CA 95051**

   26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

       ■ None

       **Name and address**                                                         **If any books of account and records are**
                                                                                    **unavailable, explain why**

   26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial
       statement within 2 years before filing this case.

       ☐ None

       **Name and address**

       26d.1.  **Strategic Emerging Economics Inc.**
               **1769 Hidden Valley**
               **Westlake Village, CA 91361**

Official Form 207                Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                page 6

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

Debtor    **Great Vista Real Estate Investment Corporation**    Case number (if known) _____

---

**Name and address**

26d.2.    **Redwood Mortgage PLM
Loan Management Services Inc.
46 N. Second Street
Campbell, CA 95008**

---

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Tsai Luan Ho (aka) Shelby Ho | 126 Atherton Ave. Atherton, CA 94027 | CEO | 100 |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No
☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31.** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32.** Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

---

**Part 14:    Signature and Declaration**

---

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true

Case: 18-30032    Doc# 1    Filed: 01/10/18    Entered: 01/10/18 17:51:28    Page 31 of 39

Debtor    Great Vista Real Estate Investment Corporation _____    Case number *(if known)* _____

and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 10, 2018**

_____    Tsai Luan Ho (aka Shelby Ho)
Signature of individual signing on behalf of the debtor    Printed name

Position or relationship to debtor    **CEO**    _____

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
■ No
☐ Yes

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re                                          Case No.

**Great Vista Real Estate Investment
Corporation**

_____ Debtor(s)._____ /

### CREDITOR MATRIX COVER SHEET

I declare that the attached Creditor Mailing Matrix, consisting of **2** sheets, contains the correct, complete and current names and addresses of all priority, secured and unsecured creditors listed in debtor's filing and that this matrix conforms with the Clerk's promulgated requirements.

DATED: **January 10, 2018**

_____
Signature of Debtor's Attorney or Pro Per Debtor

Benjamin R. Levinson, Esq.
46 N. 2nd Street, Suite A
Campbell, CA 95008


Burke, Williams & Sorensen, LLP
Elizabeth M. Pappy, Esq.
1503 Grant Road, Suite 200
Mountain View, CA 94040


County of San Mateo Tax Collector
555 County Center
Redwood City, CA 94063


DFI Technologies, LLC
P.O. Box 340759
Sacramento, CA 95834


Dykema Gossett LLP
333 S. Grand Ave., #2100
Los Angeles, CA 90071


Dykema Gossett LLP
400 Renaissance Center
Detroit, MI 48243


Hsing -Chieh Shih
27865 FAWN CREEK CT.
Los Altos Hills, CA 94022-2446


Law Office of Richard Wahng
152 Anza Street, #201
Fremont, CA 94539

Law Offices of George Eshoo
702 Marshall Street, #500
Redwood City, CA 94063


Law Offices of Richard Wahng
152 Anza Street, Ste. 201
Fremont, CA 94539


Mercedes Benz Financial Services
P.O. Box 685
Roanoke, TX 76262


Phyllis Shih
48900 Millmont Drive
Fremont, CA 94538


PLM Lender Services-Elizabeth Godbey
46 North Second Street
Campbell, CA 95008


Redwood Mortgage PLM
Loan Management Services Inc.
46 N. Second Street
Campbell, CA 95008


Tsai-Luan Ho
126 Atherton Avenue
Atherton, CA 94027


YCJS 2012 LLC
13566 Toni Anne Place
Saratoga, CA 95070

Exh. C to Decl. of Greenwood

## United States Bankruptcy Court
### Northern District of California

In re    **Great Vista Real Estate Investment Corporation**                Case No. _____
                                                            _____
                              Debtor(s)                      Chapter    **11**

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
    a)  For legal services rendered or to be rendered in contemplation of and in                $          **25,000.00**
        connection with this case
    b)  Prior to the filing of this statement, debtor(s) have paid                               $          **25,000.00**
    c)  The unpaid balance due and payable is                                                    $               **0.00**

3.  $ **1,717.00**   of the filing fee in this case has been paid.

4.  The Services rendered or to be rendered include the following:
    a.  Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining
        whether to file a petition under title 11 of the United States Code.
    b.  Preparation and filing of the petition, schedules, statement of affairs and other documents required by the
        court.
    c.  Representation of the debtor(s) at the meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
    services performed, and

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any,
    will be from earnings, wages and compensation for services performed, and

7.  The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following
    for the value stated:

8.  The undersigned has not shared or agreed to share with any other entity, other than with members of
    undersigned's law firm, any compensation paid or to be paid except as follows:

Dated: **January 10, 2018**                          Respectfully submitted,

                                                    _____
                                                    *James Andrew Hinds Jr.*
                                                    Attorney for Debtor: **James Andrew Hinds, Jr. 71222**
                                                    **HINDS & SHANKMAN, LLP**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

**United States Bankruptcy Court**
**Northern District of California**

In re   Great Vista Real Estate Investment Corporation                     Case No.
                                        Debtor(s)          Chapter     11

### LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Tsai-Luan Ho (aka Shelby Ho) 126 Atherton Avenue Atherton, CA 94027 | Common Stock | 100 Shares | Common Stock |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the CEO of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   January 10, 2018                     Signature  _____
                                                  Tsai Luan Ho (aka Shelby Ho)

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Northern District of California

In re  <u>**Great Vista Real Estate Investment Corporation**</u>

Debtor(s)

Case No. _____

Chapter    <u>11</u>    _____

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for  <u>**Great Vista Real Estate Investment Corporation**</u>  in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**January 10, 2018** _____
Date

_James Andrew Hinds Jr._

James Andrew Hinds, Jr. 71222
Signature of Attorney or Litigant
Counsel for   Great Vista Real Estate Investment Corporation
**HINDS & SHANKMAN, LLP**

38 of 39

Exh. C to Decl. of Greenwood

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

## United States Bankruptcy Court
### Northern District of California

In re  **Great Vista Real Estate Investment Corporation** _____    Case No. _____

_____    Chapter    **11** _____
Debtor(s)

# BUSINESS INCOME AND EXPENSES

<u>FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS</u>   (NOTE: <u>ONLY INCLUDE</u> information directly related to the business operation.)

**PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:**

1. Gross Income For 12 Months Prior to Filing:                                                   $ _____ 0.00

**PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:**

2. Gross Monthly Income                                                                        $ _____ 0.00

**PART C - ESTIMATED FUTURE MONTHLY EXPENSES:**

3. Net Employee Payroll (Other Than Debtor)                                     $ _____ 0.00
4. Payroll Taxes                                                                          _____ 0.00
5. Unemployment Taxes                                                                     _____ 0.00
6. Worker's Compensation                                                                  _____ 0.00
7. Other Taxes                                                                            _____ 0.00
8. Inventory Purchases (Including raw materials)                                           _____ 0.00
9. Purchase of Feed/Fertilizer/Seed/Spray                                                  _____ 0.00
10. Rent (Other than debtor's principal residence)                                        _____ 0.00
11. Utilities                                                                             _____ 0.00
12. Office Expenses and Supplies                                                          _____ 0.00
13. Repairs and Maintenance                                                               _____ 0.00
14. Vehicle Expenses                                                                       _____ 0.00
15. Travel and Entertainment                                                               _____ 0.00
16. Equipment Rental and Leases                                                            _____ 0.00
17. Legal/Accounting/Other Professional Fees                                               _____ 0.00
18. Insurance                                                                             _____ 0.00
19. Employee Benefits (e.g., pension, medical, etc.)                                       _____ 0.00

20. Payments to Be Made Directly By Debtor to Secured Creditors For Pre-Petition Business Debts (Specify):

DESCRIPTION                                              TOTAL

21. Other (Specify):

DESCRIPTION                                              TOTAL

22. Total Monthly Expenses (Add items 3-21)                                          $ _____ 0.00

**PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:**

23. AVERAGE NET MONTHLY INCOME (Subtract item 22 from item 2)                        $ _____ 0.00

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 150 California Street, 15th Floor, San Francisco, CA 94111.

A true and correct copy of the document(s) entitled (*specify*):  ***PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NUMBER 30 FILED BY GREAT VISTA REAL ESTATE CORPORATION; DECLARATION OF GAIL GREENWOOD IN SUPPORT THEREOF*** will be served or was served in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 1, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **August 1, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Daniel J. McCarthy
300 S. Grand Ave., 37th Floor
Los Angeles, CA  90071

Great Vista Real Estate Investment Corp.
126 Atherton Avenue
Atherton, CA  94027

SLBiggs
10960 Wilshire Boulevard
7th Floor
Los Angeles, CA 90024

Alfred E Valladares
10246 Newville Ave
Downey, CA 90241

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July  27, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL**
Honorable Ernest M. Robles
U.S. Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and
Courthouse
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

Andrea A. Wirum    trustee@wirum.com
Charles P. Maher    cmaher@rinconlawllp.com
Lynn Schoenmann    lschoenmann@ecf.epiqsystems.com
Thomas Koegel    TKoegel@crowell.com

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 1, 2018 | Hung Phan | /s/ Hung Phan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
**F 9013-3.1.PROOF.SERVICE**

DOCS_SF:96289.4 52593/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- *Robert S Altagen     rsaink @earthlink.net*
- *Kyra E Andrassy kandrassy @swelawfirm.com,csheets @swelawfirm.com;gcruz @swelawfirm.com;jchung @swelawfirm.com*
- *Sara Chenetz schenetz @perkinscoie.com,dlax @perkinscoie.com;cmallahi @perkinscoie.com mduncan @perkinscoie.com*
- *John H Choi     johnchoi @kpcylaw.com, christinewong @kpcylaw.com; aleeshim @kpcylaw.com*
- *Alexandre I Cornelius     aicornelius @costell-law.com, ssaad @costell-law.com;mharris @costell-law.com;jstambaugh @costell-law.com;ladelson @costell-law.com; jlcostell @costell-law.com*
- *Jeffrey Lee Costell     jlcostell @costell-law.com, aicornelius @costell-law.com;ssaad @costell-law.com;mharris @costell-law.com;smcduffie @costell-law.com;jstambaugh @costell-law.com*
- *William Crockett     wec @weclaw.com, ksa @weclaw.com*
- *Raphael Cung     rcung @callahan-law.com, jeggleston @callahan-law.com;deisenbrey @callahan-law.com;mmartinez @callahan-law.com*
- *Lei Lei Wang Ekvall lekvall @swelawfirm.com,csheets @swelawfirm.com;gcruz @swelawfirm.com;jchung @swelawfirm.com*
- *Julie A Esposito     cesarjuliem @yahoo.com, sensberg @aol.com*
- *John D Fiero     jfiero @pszjlaw.com, ocarpio @pszjlaw.com*
- *Sandford L. Frey     sfrey @leechtishman.com, jabrams @leechtishman.com;skoenig @leechtishman.com*
- *John-Patrick M Fritz     jpf @lnbyb.com, JPF.LNBYB @ecf.inforuptcy.com*
- *Cynthia Futter     cfutter @futterwells.com*
- *Barry S Glaser     bglaser @swesq.com, erhee @swesq.com*
- *David B Golubchik     dbg @lnbyb.com, dbg @ecf.inforuptcy.com*
- *Irving M Gross     img @lnbyb.com, john @lnbyb.com*
- *David S Henshaw     david @henshawlaw.com, info @henshawlaw.com*
- *James Andrew Hinds     jhinds @jhindslaw.com, mduran @jhindslaw.com*
- *Eve H Karasik     ehk @lnbyb.com*
- *Linda Kim     lkim @t-nlaw.com, lkim @t-nlaw.com*
- *Jeffrey S Kwong     jsk @lnbyb.com, jsk @ecf.inforuptcy.com*
- *Ian Landsberg     ian @landsberg-law.com, casey @landsberg-law.com;lisa @landsberg-law.com; diana @landsberg-law.com;yesi @landsberg-law.com;ilandsberg @ecf.inforuptcy.com*
- *Robert S Lawrence     rlawrence @callahan-law.com, mwalters @callahan-law.com*
- *Patricia H Lyon     phlyon @frenchlyontang.com, mwoodward @frenchlyontang.com*
- *Daniel J McCarthy     dmccarthy @hillfarrer.com, spadilla @hillfarrer.com;docket @hillfarrer.com*
- *David W. Meadows     david @davidwmeadowslaw.com*
- *Charles Alex Naegele     alexcr @canlawcorp.com, alexcr74753 @notify.bestcase.com*
- *Victoria Newmark     vnewmark @pszjlaw.com*
- *Laura Palazzolo     laura.palazzolo @berliner.com, sabina.hall @berliner.com*
- *Kimberly A Posin     kim.posin @lw.com*
- *Uzzi O Raanan     uor @dgdk.com, DanningGill @gmail.com;uraanan @ecf.inforuptcy.com*
- *Kelly M Raftery     bknotice @mccarthyholthus.com, kraftery @ecf.courtdrive.com*
- *Jeremy V Richards     jrichards @pszjlaw.com, bdassa @pszjlaw.com;imorris @pszjlaw.com*
- *Mark Romeo     romeolaw @msn.com*
- *Robert M Saunders     rsaunders @pszjlaw.com, rsaunders @pszjlaw.com*
- *Paul R Shankman     pshankman @jhindslaw.com, mduran @jhindslaw.com*
- *Timothy J Silverman     tsilverman @scheerlawgroup.com*
- *Lindsey L Smith     lls @lnbyb.com, lls @ecf.inforuptcy.com*
- *Rachel M Sposato     rsposato @jhindslaw.com, mduran @jhindslaw.com*
- *Michael Stein     mdstein91104 @gmail.com*
- *Ralph J Swanson     , sabina.hall @berliner.com*
- *Derrick Talerico     dtalerico @ztlegal.com, maraki @ztlegal.com*
- *David A Trinh     dtrinh @trinhlawfirm.com, kim @trinhlawfirm.com*
- *United States Trustee (LA)     ustpregion16.la.ecf @usdoj.gov*
- *Stephen R Wade     srw @srwadelaw.com, reception @srwadelaw.com*
- *Scott L Whitman     slw @mwlegal.com, holly @mwlegal.com*
- *Douglas Wolfe     dwolfe @asmcapital.com*
- *James S Yan     jsyan @msn.com*
- *Hatty K Yip     hatty.yip @usdoj.gov*