# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, September 12, 2018**                                                                 **Hearing Room    1568**

<u>11:00 AM</u>
**2:16-13575    Liberty Asset Management Corporation                                                 Chapter 11**

   **#204.00**   HearingRE: [726] Application for Compensation Third and Final Application of
               Pachulski Stang Ziehl & Jones LLP for Approval of Compensation and Reimbursement
               of Expenses; Declaration of Jeremy V. Richards in Support Thereof for Pachulski Stang
               Ziehl & Jones LLP, Creditor Comm. Aty, Period: 11/1/2017 to 7/1/2018, Fee:
               $878,723.50, Expenses: $65,758.78.

                                      Docket        726

**Matter Notes:**

   9/12/2018


   <span style="color:red">The tentative ruling will be the order.
   Party to lodge order: Movant</span>


   <span style="color:red">**POST PDF OF TENTATIVE RULING TO CIAO**</span>

**Tentative Ruling:**

   9/11/2018

   **Tentative Ruling:**

      For the reasons set forth below, PSZJ's Fee Application is GRANTED in PART
   and DENIED in PART. Specifically, the Court is prepared to award the fees and
   expenses requested by PSZJ, except that the Court disallows any fees incurred by
   PSZJ in unnecessary litigation to set aside the entry of default in the adversary
   proceeding *Official Unsecured Creditors Committee for Liberty Asset Management
   Corp. v. Blue Sky Communications, Inc. et al.*, Adv. No. 2:17-ap-01477-ER.

   **Pleadings Filed and Reviewed:**
   1) Third and Final Application of Pachulski Stang Ziehl & Jones LLP for Approval
      of Compensation and Reimbursement of Expenses [Doc. No. 726] (the "Fee

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, September 12, 2018**　　　　　　　　　　　　　　　　　　　　　　Hearing Room　　1568

<u>11:00 AM</u>
**CONT...**　　　　**Liberty Asset Management Corporation**　　　　　　　　　　　　　　　**Chapter 11**

　　　　Application")
   a) Notice of Hearing on Final Applications of Professionals for Compensation and Reimbursement of Expenses [Doc. No. 727]
   b) Declaration of C. Alex Naegele in Support of the Third and Final Application of Pachulski Stang Ziehl & Jones LLP for Approval of Compensation and Reimbursement of Expenses [Doc. No. 732]
   c) Declaration of Lawrence R. Perkins in Support of Final Applications for Approval of Fees and Reimbursement of Expenses [Doc. No. 748]
2) Objection of Benjamin Kirk to the Third and Final Application of Pachulski Stang Ziehl & Jones LLP for Approval of Compensation and Reimbursement of Expenses [Doc. No. 746] (the "Objection")
3) Reply to Objection of Benjamin Kirk to the Third and Final Application of Pachulski Stang Ziehl & Jones LLP for Approval of Compensation and Reimbursement of Expenses [Doc. No. 751] (the "Reply")

## I. Facts and Summary of Pleadings

　　In connection with this *Third and Final Application ... for Approval of Compensation and Reimbursement of Expenses* [Doc. No. 726] (the "Fee Application"), Pachulski Stang Ziehl & Jones LLP ("PSZJ") applies for allowance of fees in the amount of $3,055,998.50 and expenses in the amount of $180,134.45. The Court has previously allowed, on an interim basis, fees in the amount of $2,177,275.00 and expenses in the amount of $114,375.67. In addition to seeking allowance, on a final basis, of the amounts previously awarded on an interim basis, PSZJ seeks allowance, on a final basis, of fees in the amount of $879,826 and expenses in the amount of $65,758.78 for work performed during the period covered by the instant Fee Application. The $879,826 in fees sought in connection with the instant Fee Application includes $35,102.50 in fees for (a) preparing and litigating the Fee Application and for (b) reviewing the fee applications submitted by other professionals.  The Court finds that notice was consistent with FRBP 2002(i).
　　Benjamin Kirk objects to the Fee Application. No other objections to the Fee Application have been filed.

### *A. Benjamin Kirk's Objection to the Fee Application*
　　Benjamin Kirk makes the following arguments and representations in support of his objection to the Fee Application:

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, September 12, 2018**                                                                 **Hearing Room    1568**

11:00 AM
**CONT...**        **Liberty Asset Management Corporation**                                              **Chapter 11**

    PSZJ has not demonstrated that the fees it has requested are reasonable, as required by §330(a). Although Mr. Kirk takes issue with the work performed by PSZJ in this case, that argument is not made today. Similarly, although Mr. Kirk believes PSZJ's hourly rates push the upper limits of hourly rates in Southern California, he does not challenge PSZJ's rates.

    Mr. Kirk's objection lies with the disproportionate use of partner and senior level attorneys to bill on this case. PSZJ did not bill a single hour of associate time to this case. Of the 4,009.4 hours billed through June 2018, only 110.5 hours (or 2.75%) were billed by attorneys with less than twenty years of experience.

    It was not reasonable for PSZJ to staff this case almost exclusively with partner or partner-level attorneys. This is not the first time a court has been asked to examine the reasonableness of PSZJ's top-heavy staffing decisions. In *In re Fleming Companies, Inc.*, 304 B.R. 85, 93 (Bankr. D. Del. 2003), the court required PSZJ to submit evidence responding to the United States Trustee's allegation that it had "staffed the case with a disproportionate number of senior personnel." *Fleming Companies*, 304 B.R. at 93.

    PSZJ's use of senior attorneys resulted in a higher than necessary blended fee rate. Here, PSZJ's blended fee rate was $753 per hour. Had PSZJ used more junior personnel, and billed at a blended rate of $600, the savings to the estate and creditors would have been more than $600,000.

    Finally, PSZJ's request for compensation in the amount of approximately $35,000 for work performed in connection with this Fee Application is not reasonable.

### *B. PSZJ's Reply to Benjamin Kirk's Objection*
    PSZJ makes the following arguments and representations in its Reply to Mr. Kirk's Objection to the Fee Application:

    There is no precedent supporting Mr. Kirk's position that staffing a case with experienced attorneys is cause for the denial of fees. In *In re Powerine Oil Co.*, 71 B.R. 767 (BAP 9th Cir. 1986), the Ninth Circuit BAP rejected similar arguments:
> David Gould, a senior partner, was accountable for 166.2 hours, or 83 percent of the total time…. Because the Bank Group does not object to the number of hours, its argument boils down to the assertion that Gould unwarrantedly performed most of the work. Many areas of legal analysis and negotiations described in the application for compensation are such as would reasonably require effort of a senior-level partner. An appellate court is in no position to

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, September 12, 2018**                                                                       Hearing Room    **1568**

<u>11:00 AM</u>
**CONT...        Liberty Asset Management Corporation                                                      Chapter 11**

second-guess the factors that may have caused a senior lawyer rather than a junior lawyer to perform the work required on a case.

*Powerine Oil*, 71 B.R. at 769–72.

In this case, the use of experienced attorneys was necessary given the complicated issues. Due to the breaches of fiduciary duty committed by Mr. Kirk and Ms. Gao, this case involved a hundred million dollars of claims by defrauded investors, litigation on multiple fronts to recover assets that were wrongfully in the hands of third parties, and counsel's involvement in numerous other related bankruptcy cases. It was necessary to staff the case with experienced attorneys who also, over time, built an institutional knowledge of the complicated facts and issues. In fact, to avoid billing for the inefficiencies and training of junior associates, PSZJ does not generally hire new graduates from law schools.

There is no merit to Mr. Kirk's contention that the fees incurred by PSZJ in the litigation and preparation of this Fee Application are not reasonable. PSZJ has spent 74.1 hours preparing and litigating this Fee Application and reviewing other professionals' fee applications. The fees of $35,102.50 which PSZJ seeks for this work are reasonable.

## II. Findings and Conclusions

Section 330(a)(1) allows the Court to award "reasonable compensation for actual, necessary services rendered" by a professional. In determining the amount of compensation to award, the Court considers the

> nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, September 12, 2018**                                                                 **Hearing Room    1568**

11:00 AM
**CONT...        Liberty Asset Management Corporation                                                  Chapter 11**

          compensation charged by comparably skilled practitioners in cases
          other than cases under this title.

§330(a)(3).

    "The statute does not require that the services result in a material benefit to the estate in order for the professional to be compensated; the applicant must demonstrate only that the services were 'reasonably likely' to benefit the estate at the time the services were rendered." *Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet)*, 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000).

    In determining the amount of allowable fees under §330(a), courts within the Ninth Circuit rely upon the lodestar approach. Under the lodestar approach, the "initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Adjustments to that fee then may be made as necessary in the particular case." *Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544, 79 L. Ed. 2d 891 (1984).

    Mr. Kirk's objections to the Fee Application are overruled. The Court does not agree with Mr. Kirk's contention that PSZJ's use of only senior attorneys in this case was unreasonable or was done for the purpose of inflating PSZJ's fees. This has not been a routine Chapter 11 case. A review of only a few of the decisions issued by the Court gives a sense of the complicated issues. *See, e.g.*, Memorandum of Decision Finding that Plaintiff is Entitled to Judgment Against Defendants in the Amount of $74,140,695.29 [Doc. No. 141, Adv. No. 2:16-ap-01337-ER]; Final Ruling Denying Motion to Convert Case from Chapter 11 to Chapter 7 [Doc. No. 580, Case No. 2:16-bk-13575-ER]; Memorandum of Decision Imposing Terminating Sanctions Against Lucy Gao [Doc. No. 54, Adv. No. 2:16-ap-01144-ER]; and Memorandum of Decision (1) Denying Benjamin Kirk's Motion for Reconsideration of Sale Order, (2) Denying Benjamin Kirk's Application for a Stay of the Sale Order, and (3) Denying Benjamin Kirk's Request for a Continuance of the October 18, 2017 Auctions [Doc. No. 480, Case No. 2:16-bk-13575-ER]. In view of the complicated issues, it was entirely proper and appropriate for PSZJ to staff the case with senior attorneys.

    Mr. Kirk's objection to the amount of fees incurred by PSZJ in the preparation and litigation of this Fee Application, and the review of the fee applications submitted by other professionals, is overruled. Reasonable fees incurred in the preparation and litigation of fee applications are compensable. *In re Nucorp Energy*, 764 F.2d 655 (9th Cir. 1985); 11 U.S.C. §330(a)(6). The Court finds that fees of $35,102.50 for spending 74.1 hours in connection with this Fee Application are reasonable.

    Exercising its independent obligation to review PSZJ's fees, the Court finds that

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, September 12, 2018**                                                                 **Hearing Room    1568**

<u>11:00 AM</u>
**CONT...        Liberty Asset Management Corporation                                         Chapter 11**

the fees sought by PSZJ for opposing a motion to set aside entry of default in the adversary proceeding *Official Unsecured Creditors Committee for Liberty Asset Management Corp. v. Blue Sky Communications, Inc. et al.*, Adv. No. 2:17-ap-01477-ER, are not reasonable and must be disallowed. In overruling PSZJ's opposition to the motion to set aside the entry of default, the Court found:

> [T]he Committee [represented by PSZJ] filed unduly lengthy papers in connection with what should have been a routine issue—whether a default that was entered only several months ago should be set aside. The resources the Committee devoted to this issue exceeded its importance.

Final Ruling Granting Motion to Set Aside Entry of Default at 4 [Doc. No. 55, Adv. No. 2:17-ap-01477-ER].

   PSZJ is not entitled to any fees in connection with time spent in litigation (a) seeking to prevent certain defendants in the *Blue Sky* litigation from setting aside the entry of default and (b) seeking the entry of default judgment with respect to those same defendants. PSZJ devoted extensive resources to aggressively opposing a routine motion to set aside the entry of default, even though attorneys of PSZJ's caliber and experience should have been aware that PSZJ's likelihood of prevailing upon this issue was minimal.

   Because the hearings in the *Blue Sky* litigation took place on the same day as several other hearings in the case, and because PSZJ's billing records contain several entries with headings such as "[p]repare for 1/18/18 hearings," the Court cannot determine the exact amount of time PSZJ billed in connection with litigation pertaining to the default issue. By no later than **September 19, 2018**, PSZJ shall submit a declaration, citing to specific line entries in its billing records, showing exactly how much PSZJ billed the estate in litigation on this issue. PSZJ shall not be entitled to compensation for time spent preparing such declaration. Any opposition to the declaration must be submitted by no later than **September 26, 2018.** As of September 26, 2018, this matter shall stand submitted and the Court will determine the exact amount of the fee deduction warranted as a result of PSZJ's unnecessary litigation on the default issue.

   Aside from fees incurred litigating the default issue, PSZJ's remaining fees and expenses were reasonable and necessary. Subject to the deductions for the unnecessary *Blue Sky* litigation, the Court is prepared confirm as final the fees and expenses previously awarded on an interim basis. The Court is further prepared to award, on a final basis, fees incurred during the time covered by this Fee Application in the amount of $879,826 and expenses in the amount of $65,758.78 (again subject to

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, September 12, 2018**                                                            Hearing Room    1568

11:00 AM
**CONT...    Liberty Asset Management Corporation**                                          Chapter 11
a deduction for fees incurred in the unnecessary *Blue Sky* litigation).

   No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Jessica Vogel or Daniel Koontz at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

|                         Party Information                          |

**Debtor(s):**

   Liberty Asset Management                    Represented By
                                                        David B Golubchik
                                                        Jeffrey S Kwong
                                                        John-Patrick M Fritz
                                                        Eve H Karasik
                                                        Sandford L. Frey
                                                        Raphael  Cung